```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
                                                           :
IOWA PUBLIC EMPLOYEES' RETIREMENT                          :
SYSTEM, et al.                                             :
                                                           :
                                    Plaintiffs,            :      17 Civ. 6221 (KPF)
                                                           :
v.                                                         :
                                                           :      AMENDED CIVIL CASE
                                                           :      MANAGEMENT PLAN
BANK OF AMERICA CORPORATION, et al.                        :      AND SCHEDULING
                                                           :            ORDER
                                    Defendants.            :
                                                           :
-----------------------------------------------------------X
```

**MEMO ENDORSED**

This Civil Case Management Plan (the "Plan") is submitted by the parties in accordance with Fed. R. Civ. P. 26(f)(3).

1. All parties [consent _____ / do not consent __**X**__] to conducting all further proceedings before a United States Magistrate Judge, including motions and trial. 28 U.S.C. § 636(c). The parties are free to withhold consent without adverse substantive consequences. [*If all parties consent, the remaining paragraphs need not be completed. Instead, the parties shall submit to the Court a fully executed SDNY Form Consenting to Proceed for All Purposes Before a Magistrate Judge, available at the Court's website, http://nysd.uscourts.gov/judge/Failla, within three (3) days of submitting this Proposed Civil Case Management Plan and Scheduling Order.*]

2. Settlement discussions [have _____ / have not __**X**__] taken place.

3. The parties [have __**X**__ / have not _____] conferred pursuant to Fed. R. Civ. P. 26(f).

4. Amended pleadings may not be filed and additional parties may not be joined except with leave of the Court. Any motion to amend pleadings or to join additional parties shall be filed **no later than 3 months from the date of the prior Case Management Order dated November 15, 2018**, unless good cause is shown under Fed. R. Civ. P. 16(b)(4). [*Absent exceptional circumstances, a date not more than 30 days following the initial pretrial conference.*]

5. Initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1)**(A)(i)** shall be completed no later than __**30**__ days from the date of the prior Case

Management Order dated November 15, 2018.  [*Absent exceptional circumstances, a date not more than 14 days following the initial pretrial conference.*]

6. [*If applicable*] The plaintiff(s) shall provide HIPAA-compliant medical records release authorizations to the defendant(s) no later than __**Not applicable**__.

7. Discovery

   a. The parties are to conduct discovery in accordance with the Federal Rules of Civil Procedure and the Local Rules of the Southern District of New York.

   b. The parties are to discuss, if and as appropriate, provisions for the disclosure, discovery, or preservation of electronically stored information (ESI).  Any agreement reached between the parties **or dispute** concerning ESI is to be filed within 30 days from the date of the prior Case Management Order dated November 15, 2018.

   c. The parties are to discuss whether a procedure for designating materials as confidential is necessary in this matter.  Any agreement between the parties for designating materials as confidential must conform to the Court's Individual Rules regarding the filing of materials under seal.  Any confidentiality agreement between the parties **or dispute concerning confidentiality issues** is to be filed within 30 days from the date of the prior Case Management Order dated November 15, 2018.

   d. The parties are also to discuss protocols for asserting claims of privilege or of protection as trial-preparation material after such information is produced, pursuant to Federal Rule of Evidence 502.  Any agreement reached between the parties concerning such protocols is to be filed within 30 days from the date of the prior Case Management Order dated November 15, 2018.

   e. All fact discovery shall be completed no later than **May 1, 2020**.  [*A date not more than 120 days following the initial pretrial conference, unless the Court finds that the case presents unique complexities or other exceptional circumstances.*]

   f. All expert discovery, including reports, production of underlying documents, and depositions, shall be **conducted in accordance with a schedule to be issued following a ruling on Plaintiffs' motion for class certification.  The parties shall promptly meet and confer regarding a schedule for expert discovery upon the Court's ruling on Plaintiffs' class certification motion, and file a joint proposed**

**schedule for expert discovery no later than 7 days after the Court's decision**.  [*Absent exceptional circumstances, a date not more than 45 days from the date in paragraph 7(e) (i.e., the completion of all fact discovery).*]

- g. **Class certification shall be governed by the following deadlines:**

    **Plaintiffs' motion for class certification and supporting expert reports are due:  July 31, 2020.**

    **Defendants' deadline to depose Plaintiffs' class certification experts:  September 11, 2020.**

    **Defendants' opposition to class certification and supporting expert reports are due:  October 30, 2020.**

    **Plaintiffs' deadline to depose Defendants' class certification experts:  December 23, 2020.**

    **Plaintiffs' reply in support of class certification:  January 29, 2021.**

8. Interim Discovery Deadlines

    a. Initial requests for production of documents shall be served by **December 10, 2018.**

        i. **No later than January 17, 2019, the parties shall exchange objections and responses to initial requests for production and each party responding to requests for production shall provide a list of proposed custodians and an initial proposal for electronic search of custodians for its productions.**

        ii. **The parties shall reach agreement or impasse on all issues relating to initial requests for production and custodians no later than February 15, 2019.**

        iii. **The parties shall reach agreement or impasse on all issues relating to how custodial files shall be searched (including search terms, if applicable) no later than 30 days from reaching agreement on custodians.**

    b. Interrogatories pursuant to Rule 33.3(a) of the Local Civil Rules of the Southern District of New York **may be served any time following entry of this Order**.  No Rule 33.3(a) interrogatories need to be served with respect to disclosures automatically required by Fed. R. Civ. P. 26(a).

c. Unless otherwise ordered by the Court, contention interrogatories pursuant to Rule 33.3(c) of the Local Civil Rules of the Southern District of New York must be served no later than 30 days before the close of fact discovery.  No other interrogatories are permitted except upon prior express permission of the Court.

d. Depositions of fact witnesses shall be completed by **May 1, 2020.**

   i. Absent an agreement between the parties or an order from the Court, depositions are not to be held until all parties have responded to initial requests for document production.

   ii. There is no priority in deposition by reason of a party's status as a plaintiff or a defendant.

   iii. Absent an agreement between the parties or an order from the Court, non-party depositions shall follow initial party depositions.

e. Requests to admit shall be served by **April 1, 2020**.

f. Any of the deadlines in paragraphs 8(a) through 8(e) and 8(h) through 8(k) may be extended by the written consent of all parties without application to the Court, provided that all fact discovery is completed by the date set forth in paragraph 7(e).

g. No later than **7 days after any ruling on Plaintiffs' motion for class certification**, the parties shall meet and confer on a schedule for expert disclosures, including reports, production of underlying documents, and depositions, provided that expert report(s) of the party with the burden of proof shall be due before those of the opposing party's expert(s); and (ii) **the deadlines for** expert discovery shall be **governed by the procedure** set forth in paragraph 7(f).

h. **Rolling production of documents in response to requests for production shall begin no later than April 25, 2019.**

i. **Substantial completion of document production in response to requests for production shall be accomplished no later than September 1, 2019.**

j. **Privilege logs shall be provided on a rolling basis beginning no later than July 16, 2019.  All privilege logs associated with documents produced by the substantial completion deadline shall be produced no later than October 16, 2019.**

>   **k. The parties are to reach a protocol on requested transactional data no later than February 1, 2019.  The deadline to produce all requested transactional data is May 15, 2019.**

9. All motions and applications shall be governed by the Federal Rules of Civil Procedure, the Local Rules of the Southern District of New York, and the Court's Individual Rules of Practice in Civil Cases ("Individual Rules"), which are available at http://nysd.uscourts.gov/judge/Failla.

10. In the case of discovery disputes, parties should follow Local Civil Rule 37.2 with the following modifications.  Any party wishing to raise a discovery dispute with the Court must first confer in good faith with the opposing party, in person or by telephone, in an effort to resolve the dispute.  If this meet-and-confer process does not resolve the dispute, the party may submit a letter to the Court, no longer than three pages, explaining the nature of the dispute and requesting an informal conference.  Such a letter must include a representation that the meet-and-confer process occurred and was unsuccessful.  If the opposing party wishes to respond to the letter, it must submit a responsive letter, not to exceed three pages, within three business days after the request is received.  Counsel should be prepared to discuss with the Court the matters raised by such letters, as the Court will seek to resolve discovery disputes quickly, by order, by conference, or by telephone.

11. All counsel must meet in person for at least one hour to discuss settlement within 14 days following the close of fact discovery EXCEPT in cases brought as putative collective actions under the Fair Labor Standards Act, in which case counsel must meet to discuss settlement within 14 days following the close of the opt-in period.

12. Alternative dispute resolution/settlement

    a. Counsel for the parties have discussed an informal exchange of information in aid of early settlement of this case and have agreed upon the following:

    **The parties have not engaged in any settlement discussions to date.  Given the nature of the case and claims, the parties do not believe that meaningful settlement discussions are possible at this time.**
    _____

    b. Counsel for the parties have discussed the use of the following alternate dispute resolution mechanisms in this case: (i) a settlement conference before a Magistrate Judge; (ii) participation in the District's Mediation Program; and/or (iii) retention of a privately retained

5

mediator.  Counsel for the parties propose the following alternate dispute resolution mechanism for this case:

**The parties have not engaged in any settlement discussions to date.  Given the nature of the case and claims, the parties do not believe that meaningful settlement discussions are possible at this time.**

c. Counsel for the parties recommend that the alternate dispute resolution mechanism designated in paragraph 12(b) be employed at the following point in the case (e.g., within the next 60 days; after the deposition of plaintiff is completed (specify date); after the close of fact discovery):

**The parties remain willing to engage in settlement discussions at an appropriate time.**

d. The use of any alternative dispute resolution mechanism does not stay or modify any date in this Order.

13. Absent good cause, the Court will not ordinarily have summary judgment practice in a non-jury case.  Before filing a summary judgment motion, the moving party must file a pre-motion submission pursuant to Section 4(A) of the Court's Individual Rules.  The submission shall be filed within 30 days of the close of fact or expert discovery, whichever comes later.

14. Similarly, any motion to exclude the testimony of experts pursuant to Rules 702-705 of the Federal Rules of Evidence and the *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), line of cases, is to be filed within 30 days of the close of fact or expert discovery, whichever is later.  Unless otherwise ordered by the Court, opposition to any such motion is to be filed two weeks after the motion is served on the opposing party, and a reply, if any, is to be filed one week after service of any opposition.

15. Unless otherwise ordered by the Court, within 30 days of the close of all discovery, or, if a dispositive motion has been filed, within 30 days of a decision on such motion, the parties shall submit to the Court for its approval a Joint Pretrial Order prepared in accordance with the Court's Individual Rules and Fed. R. Civ. P. 26(a)(3).  The parties shall also follow Paragraph 5 of the Court's Individual Rules, which paragraph identifies submissions that must be made at or before the time of the Joint Pretrial Order, including any motions *in limine*.

16. If this action is to be tried before a jury, joint requests to charge, joint proposed verdict forms, and joint proposed *voir dire* questions shall be filed on or before the Joint Pretrial Order due date in accordance with the Court's Individual Rules. Jury instructions may not be submitted after the Joint Pretrial Order due date, unless they meet the standard of Fed. R. Civ. P. 51(a)(2)(A). If this action is to be tried to the Court, proposed findings of fact and conclusions of law shall be filed on or before the Joint Pretrial Order due date in accordance with the Court's Individual Rules.

17. Unless the Court orders otherwise for good cause shown, the parties shall be ready for trial 30 days after the Joint Pretrial Order is filed.

18. This case [is __**X**__ / is not _____] to be tried to a jury.

19. Counsel for the parties have conferred and the present best estimate of the length of trial is __**four weeks**__.

20. Other issues to be addressed at the Initial Pretrial Conference, including those set forth in Fed. R. Civ. P. 26(f)(3), are set forth below.

    **The parties have supplemented the Court's standard Civil Case Management Plan and Scheduling Order with several additional deadlines applicable to this action. These proposed additions are located at ¶7.g (class certification deadlines), and ¶8.a, h-k (interim discovery deadlines). The parties also respectfully propose that the Court defer a deadline and schedule for expert discovery until after class certification issues have been decided, as reflected in ¶7.f and ¶8.g.**_____
    _____
    _____

7

Respectfully submitted by counsel for the Parties:

| /s/ Michael B. Eisenkraft | /s/ Daniel L. Brockett |
|---|---|
| Michael B. Eisenkraft<br>Matthew Ruan<br>Christopher Bateman<br>Alice Buttrick<br>COHEN MILSTEIN SELLERS & TOLL PLLC<br>88 Pine Street, 14th Floor<br>New York, New York 10005<br>Telephone: (212) 838-7797<br>Fax: (212) 838-7745<br>meisenkraft@cohenmilstein.com<br>mruan@cohenmilstein.com<br>cbateman@cohenmilstein.com<br>abuttrick@cohenmilstein.com<br><br>Julie Goldsmith Reiser<br>Emmy L. Levens<br>Robert W. Cobbs (*pro hac vice*)<br>1100 New York Ave NW, Suite 500<br>Washington, DC 20005<br>Telephone: (202) 408-4600<br>Fax: (202) 408-4699<br>jreiser@cohenmilstein.com<br>elevens@cohenmilstein.com<br>rcobbs@cohenmilstein.com | Daniel L. Brockett<br>Sascha N. Rand<br>Steig D. Olson<br>Maaren A. Shah<br>Thomas J. Lepri<br>Justin Reinheimer<br>QUINN EMANUEL URQUHART & SULLIVAN, LLP<br>51 Madison Avenue, 22nd Floor<br>New York, New York 10010<br>Telephone: (212) 849-7000<br>danbrockett@quinnemanuel.com<br>sascharand@quinnemnuel.com<br>steigolson@quinnemanuel.com<br>maarenshah@quinnemanuel.com<br>thomaslepri@quinnemanuel.com<br>justinreinheimer@quinnemanuel.com<br><br>Jeremy D. Andersen (*pro hac vice* forthcoming)<br>865 South Figueroa Street, 10th Floor<br>Los Angeles, California 90017<br>Telephone: (213) 443-3000<br>jeremyandersen@quinnemanuel.com |

Peter Safirstein
SAFIRSTEIN METCALF LLP
350 Fifth Avenue, 59th Floor
New York, New York 10118
Telephone: (212) 201-2845
psafirstein@safirsteinmetcalf.com

***Attorneys for Plaintiffs Iowa Public Employees' Retirement System, Los Angeles County Employees Retirement Association, Orange County Employees Retirement System, Sonoma County Employees' Retirement Association, and Torus Capital, LLC***

| | |
|---|---|
| /s/ Adam S. Hakki | /s/ Sheila C. Ramesh |
| Adam S. Hakki<br>Richard F. Schwed<br>SHEARMAN & STERLING LLP<br>599 Lexington Avenue<br>New York, NY 10022<br>Telephone: (212) 848-4000<br>ahakki@shearman.com<br>rschwed@shearman.com<br><br>Ryan A. Shores (*pro hac vice*)<br>401 9th Street, N.W.<br>Washington, D.C. 20004<br>Telephone: (202) 508-8100<br>ryan.shores@shearman.com<br><br>**Attorneys for Defendants Merrill Lynch, Pierce, Fenner & Smith Incorporated, Merrill Lynch L.P. Holdings, Inc., and Merrill Lynch Professional Clearing Corp.** | David G. Januszewski<br>Herbert S. Washer<br>Elai Katz<br>Jason M. Hall<br>Sheila C. Ramesh<br>Margaret A. Barone<br>CAHILL GORDON & REINDEL LLP<br>80 Pine Street<br>New York, NY 10005<br>Telephone: (212) 701-3000<br>djanuszewski@cahill.com<br>hwasher@cahill.com<br>ekatz@cahill.com<br>jhall@cahill.com<br>sramesh@cahill.com<br>mbarone@cahill.com<br><br>**Attorneys for Defendants Credit Suisse AG, Credit Suisse Securities (USA) LLC, Credit Suisse First Boston Next Fund, Inc., and Credit Suisse Prime Securities Services (USA) LLC** |
| /s/ David I. Gelfand | /s/ Robert Y. Sperling |
| David I. Gelfand (*pro hac vice*)<br>Alexis Collins (*pro hac vice*)<br>CLEARY GOTTLIEB STEEN & HAMILTON LLP<br>2000 Pennsylvania Avenue, NW<br>Washington, DC 20006<br>Telephone: (202) 974-1690<br>dgelfand@cgsh.com<br>alcollins@cgsh.com<br><br>Carmine D. Boccuzzi, Jr.<br>One Liberty Plaza<br>New York, NY 10006<br>Telephone: (212) 225-2508<br>cboccuzzi@cgsh.com<br><br>**Attorneys for Defendants EquiLend LLC, EquiLend Europe Limited, and EquiLend Holdings LLC** | Robert Y. Sperling<br>Staci Yablon<br>WINSTON & STRAWN LLP<br>35 West Wacker Drive<br>Chicago, IL 60601<br>Telephone: (312) 558-7941<br>rsperling@winston.com<br>syablon@winston.com<br><br>Richard C. Pepperman, II<br>Andrew H. Reynard<br>SULLIVAN & CROMWELL LLP<br>125 Broad Street<br>New York, NY 10004<br>Telephone: (212) 558-4000<br>peppermanr@sullcrom.com<br>reynarda@sullcrom.com<br><br>**Attorneys for Defendants Goldman Sachs & Co. LLC and Goldman Sachs Execution & Clearing, L.P.** |

/s/ Henry Liu
Robert D. Wick
Henry B. Liu
John S. Playforth
COVINGTON & BURLING LLP
One CityCenter
850 Tenth Street, NW
Washington, DC 20001
Telephone: (202) 662-6000
rwick@cov.com
hliu@cov.com
jplayforth@cov.com

***Attorneys for Defendants J.P. Morgan Chase Bank, N.A., J.P. Morgan Securities LLC, J.P. Morgan Prime, Inc., and J.P. Morgan Strategic Securities Lending Corp.***

/s/ Alan J. Brudner
Alan J. Brudner
KATTEN MUCHIN ROSENMAN LLP
575 Madison Avenue
New York, New York 10022-2585
Telephone: (212) 940-8800
alan.brudner@kattenlaw.com

David C. Bohan
Peter G. Wilson
Sarah K. Weber
525 West Monroe Street
Chicago, Illinois 60661-3693
Telephone: (312) 902-5200
david.bohan@kattenlaw.com
peter.wilson1@kattenlaw.com

***Attorneys for Defendants UBS AG, UBS Americas Inc., UBS Securities LLC, and UBS Financial Services Inc.***

/s/ Daniel Slifkin
Daniel Slifkin
Michael A. Paskin
Damaris Hernández
Lauren M. Rosenberg
CRAVATH, SWAINE & MOORE LLP
Worldwide Plaza
825 Eighth Avenue
New York, NY 10019
Telephone: (212) 474-1000
dslifkin@cravath.com
mpaskin@cravath.com
dhernandez@cravath.com
lrosenberg@cravath.com

***Attorneys for Defendants Morgan Stanley & Co. LLC, Prime Dealer Services Corp., and Strategic Investments I, Inc.***

IT IS SO ORDERED.

DATED:  July 30, 2019

_____
THE HON. KATHERINE POLK FAILLA
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF NEW YORK