UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| IOWA PUBLIC EMPLOYEES' RETIREMENT SYSTEM, et al., |
|---|
| Plaintiffs, |
| -v.- |
| MERRILL LYNCH, PIERCE, FENNER & SMITH INC., et al., |
| Defendants. |

17 Civ. 6221 (KPF)

ORDER

KATHERINE POLK FAILLA, District Judge:

The Court is in receipt of Plaintiffs' letter motion to compel Defendants Bank of America/Merrill Lynch ("Merrill Lynch") to produce certain materials (Dkt. #254), Merrill Lynch's letter in opposition (Dkt. #256), and Plaintiffs' reply letter (Dkt. #257). For the reasons discussed below, Plaintiffs' application is GRANTED.

Plaintiffs' request that Merrill Lynch be compelled to produce certain reports, data, and databases pertaining to its profits and losses during the relevant time period. (Dkt. #254). The Court understands that Merrill Lynch has voluntarily agreed to produce portions of the request materials: namely, reports generated regarding its profits and losses and a subset of the requested data. Merrill Lynch argues that it should not be required to produce additional data used to calculate profit and loss reports, because: (i) Plaintiffs failed to confer with Merrill Lynch before filing the motion to compel; and (ii) Plaintiffs have failed to demonstrate the relevance or proportionality of the data. (Dkt. #256). The Court disagrees.

First, the Court agrees with Plaintiffs that the parties were at an impasse regarding the discovery dispute at issue before Plaintiffs filed their letter motion. Plaintiffs had given Merrill Lynch a deadline to respond to their discovery requests, which had already been the subject of repeated conversations between the parties, but Merrill Lynch failed to respond within the requested timeframe. Though Plaintiffs may have acted more carefully to better chronicle a record that they had conferred with Merrill Lynch before filing their motion, the Court concludes that Plaintiffs had fulfilled their obligations to do so under Federal Rule of Civil Procedure 37(a). Second, the Court finds that the requested data is relevant to the underlying litigation, and that Merrill Lynch has not established that the data would be disproportionately difficult to produce.

Accordingly, Plaintiffs' application is GRANTED. Merrill Lynch shall produce the data in question on or before January 31, 2020. If objections by putative class members, similar to those which are the subject of ongoing negotiations (*see* Dkt. #256 at 2-3), will inhibit production of the data by that date, the parties are instructed to inform the Court of such on or before January 17, 2020.

SO ORDERED.

Dated: December 26, 2019
New York, New York

_____
KATHERINE POLK FAILLA
United States District Judge