UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| IOWA PUBLIC EMPLOYEES' RETIREMENT SYSTEM, *et al.*, |
|---|
| Plaintiffs, |
| -v.- |
| MERRILL LYNCH, PIERCE, FENNER & SMITH INC., *et al.*, |
| Defendants. |

17 Civ. 6221 (KPF)

**ORDER**

KATHERINE POLK FAILLA, District Judge:

On October 1, 2019, non-parties SL-x IP S.À.R.L., SL-x Trading Europe Limited, SL-x Technology UK Limited, SL-x USA Trading LLC, and SL-x Technology USA (collectively, "SL-x") sought leave to file a motion to shift the cost of compliance with Defendants' subpoenas. (Dkt. #209). Defendants filed a letter in opposition on October 4, 2019. (Dkt. #211). The Court granted SL-x's application to file the motion on October 9, 2019, and set a briefing schedule. (Dkt. #214).

SL-x filed their motion and supporting papers on October 30, 2019. (Dkt. #229, 230, 231, 232). Defendants filed their opposition papers on November 20, 2019. (Dkt. #243, 244). The motion was fully briefed when SL-x filed its reply papers on November 27, 2019. (Dkt. #249, 250, 251). For the reasons discussed below, SL-x's motion is granted in part: Defendants shall bear the reasonable expenses of SL-x's compliance with Defendants' third-party subpoenas, with two caveats: (i) should the motion to dismiss be denied in SL-x's suits against Defendants, *SL-x IP S.A.R.L.* v. *Bank of America Corporation et al.*, No. 18 Civ. 10179 (RJS), and *SL-x Trading Europe Limited et al.,* v. *Bank of*

*America Corporation et al.*, No. 19 Civ. 4885 (RJS) (collectively, the "SL-x Actions"), SL-x must repay Defendants for any discovery costs advanced in this litigation; and (ii) if it comes to light that SL-x has a monetary interest in the outcome of this litigation, the Court will reconsider this Order.

**A.     Procedural History**

Plaintiffs filed this action on August 16, 2017, alleging that Defendants had conspired to boycott new market entrants — specifically, AQS, SL-x, and Data Explorers — in order to maintain their monopoly grip as prime broker intermediaries, and, by extension, to charge excessive fees under the cover of price opacity. (Dkt. #1; *see also* Dkt. #123). Certain Defendants filed a motion to dismiss on January 26, 2018 (Dkt. #73), which motion the Court denied on September 27, 2018 (Dkt. #123). Just over one month later, on November 1, 2018, SL-x commenced its own lawsuit against Defendants, raising substantially similar allegations to those raised by Plaintiffs here.[1]

**B.     Motions to Shift Costs Under Rule 45**

Federal Rule of Civil Procedure 45 states, in relevant part:

> (B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena

---

[1]     That action, *SL-x IP S.A.R.L.* v. *Bank of America Corporation et al.*, No. 18 Civ. 10179 (RJS), was later consolidated with a second action, *SL-x Trading Europe Limited et al.,* v. *Bank of America Corporation et al.*, No. 19 Civ. 4885 (RJS).

2

> is served. If an objection is made, the following rules apply:
>
> (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
>
> (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

Fed. R. Civ. P. 45(d)(2)(B). While the parties dispute the degree of discretion inherent in subsection (ii) (*compare* Dkt. #229 at 5-8, *with* Dkt. #243 at 6-9), the Court aligns itself with those Courts of Appeals to have considered the issue, and finds that the plain text obligates, and not merely empowers, the Court to protect third parties from significant expenses resulting from compliance with subpoenas. *See Legal Voice* v. *Stormans Inc.*, 738 F.3d 1178, 1184 (9th Cir. 2013) ("This language leaves no room for doubt that the rule is mandatory." (internal quotation marks omitted)); *Linder* v. *Calero-Portocarrero*, 251 F.3d 178, 182 (D.C. Cir. 2001) (same).

**C. Observations**

Central to the Court's analysis is the existence of parallel litigation brought by SL-x against Defendants in this District. And while SL-x is a third party to this action, it has a clear (and quite possibly pecuniary) interest in its progress. Shortly after the complaint in this action survived a motion to dismiss — a decision that suggested the potential viability of Plaintiffs' claims — SL-x initiated their own cases, premised upon substantially similar allegations. The SL-x Actions were consolidated and assigned to Judge

Sullivan. Discovery in those actions has been stayed, over SL-x's objection, pending the resolution of a motion to dismiss both suits.

Given the relative postures of the proceedings here and before Judge Sullivan, one could argue that the instant discovery dispute is animated by ulterior motives on both sides. Defendants seek to require SL-x to produce in this proceeding essentially the same materials that they would have to produce in the SL-x Actions, had discovery in those actions not been stayed. More to the point, procuring discovery from SL-x here, while reciprocal discovery is stayed in the SL-x Actions, could be construed as both an end-run around Judge Sullivan's stay order and a means of gaining the upper hand in that litigation. On the other hand, SL-x's efforts to shift onto Defendants the costs of discovery that they would otherwise have to produce in the SL-x Actions could be construed as an effort to have Defendants underwrite SL-x's future discovery obligations.

From the record before it, the Court understands that SL-x does not have any direct pecuniary interest in this action and is instead a third party to it. SL-x has further demonstrated that complying with Defendants' third-party subpoenas would cause it to incur significant expense, as defined by Rule 45 and as further explained by those Courts of Appeals to have considered the issue. Even by Defendants' estimation, SL-x could incur more than $100,000 in e-discovery vendor costs. This would be a significant expense to most entities, but is particularly significant to SL-x, given its representations that it

has no annual revenue and has not had customers or clients for many years. (*See* Dkt. #230 at 1, 11).

**D.     Resolution**

The Court concludes on this record that (i) SL-x is a third party to this litigation and (ii) compliance with Defendants' subpoenas would require significant expense. Thus, the Court grants SL-x's motion to shift costs, with two caveats outlined in the next two paragraphs. In so doing, the Court understands that the parties have significantly narrowed the scope of discoverable materials and expects that SL-x's discovery costs will be reduced accordingly. The Court also expects that Defendants and SL-x will engage in further good-faith negotiations concerning the appropriate limits for discovery, and reasonable fees for complying with that discovery. The Court will resolve all discovery fee disputes as they arise. Similarly, if the parties cannot agree to reasonable attorneys' fees after they have been incurred, the Court will determine reasonable attorneys' fees on motion practice.

The first caveat to the grant of SL-x's cost-shifting motion is, perhaps, the most significant. The Court understands that Judge Sullivan may well deny the pending motion to dismiss the SL-x Actions, in which case those matters will proceed to discovery. If this does happen, this Court will order SL-x to repay Defendants any discovery costs advanced up until that point in time. That is because if SL-x is permitted to proceed to discovery in the actions that it initiated, it will no doubt be required to produce to Defendants the same discoverable materials that have been requested from it here. In that event, the

5

costs of complying with third-party discovery in this action will no longer be significant, because SL-x would have been required to incur those same costs in furtherance of its own litigation.[2]

Second, if, after the parties engage in further discovery, it comes to light that SL-x does have a monetary interest in the outcome of this suit that is unrelated to its own pending SL-x Actions, the Court will reconsider this Order.

The Clerk of Court is directed to terminate the motion pending at docket entry 229.

SO ORDERED.

Dated:     December 27, 2019
              New York, New York

                                                    KATHERINE POLK FAILLA
                                                   United States District Judge

---

[2] In demonstrating the significance of the expenses it might have to bear in complying with Defendants' subpoenas, SL-x raised significant concerns regarding its ability to pay for discovery costs in this action. The Court encourages SL-x to keep this in mind as it discharges its third-party discovery obligations, and to refrain from excessive expenditures, which it may have to be repay to Defendants in the near future.

6