UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

--------------------------------------------------------X

               :

IOWA PUBLIC EMPLOYEES' RETIREMENT    :
SYSTEM, et al.                                   :

                  Plaintiffs,      :

                                      :

v.                                             :

                                      :

BANK OF AMERICA CORPORATION, et al.    :

                                      :

                 Defendants.    :

                                      :

--------------------------------------------------------X

**MEMO ENDORSED**

17 Civ. 6221 (KPF)

<u>THIRD</u> <u>AMENDED</u>
<u>CIVIL CASE</u>
<u>MANAGEMENT PLAN</u>
<u>AND SCHEDULING</u>
<u>ORDER</u>

        This Civil Case Management Plan (the "Plan") is submitted by the parties in accordance with Fed. R. Civ. P. 26(f)(3).

1.      All parties [consent _____ / do not consent __**X**__] to conducting all further proceedings before a United States Magistrate Judge, including motions and trial. 28 U.S.C. § 636(c). The parties are free to withhold consent without adverse substantive consequences. [*If all parties consent, the remaining paragraphs need not be completed. Instead, the parties shall submit to the Court a fully executed SDNY Form Consenting to Proceed for All Purposes Before a Magistrate Judge, available at the Court's website, http://nysd.uscourts.gov/judge/Failla, within three (3) days of submitting this Proposed Civil Case Management Plan and Scheduling Order.*]

2.      Settlement discussions [have _____ / have not __**X**__] taken place.

3.      The parties [have __**X**__ / have not _____] conferred pursuant to Fed. R. Civ. P. 26(f).

4.      Amended pleadings may not be filed and additional parties may not be joined except with leave of the Court. Any motion to amend pleadings or to join additional parties shall be filed **no later than 3 months from the date of the prior Case Management Order dated November 15, 2018**, unless good cause is shown under Fed. R. Civ. P. 16(b)(4)**.** [*Absent exceptional circumstances, a date not more than 30 days following the initial pretrial conference.*]

5.      Initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1)**(A)(i)** shall be completed no later than __**30**__ days from the date of the prior Case

Management Order dated November 15, 2018. [*Absent exceptional circumstances, a date not more than 14 days following the initial pretrial conference.*]

6.  [*If applicable*] The plaintiff(s) shall provide HIPAA-compliant medical records release authorizations to the defendant(s) no later than __**Not applicable**__.

7.  Discovery

    a.  The parties are to conduct discovery in accordance with the Federal Rules of Civil Procedure and the Local Rules of the Southern District of New York.

    b.  The parties are to discuss, if and as appropriate, provisions for the disclosure, discovery, or preservation of electronically stored information (ESI). Any agreement reached between the parties **or dispute** concerning ESI is to be filed within 30 days from the date of the prior Case Management Order dated November 15, 2018.

    c.  The parties are to discuss whether a procedure for designating materials as confidential is necessary in this matter. Any agreement between the parties for designating materials as confidential must conform to the Court's Individual Rules regarding the filing of materials under seal. Any confidentiality agreement between the parties **or dispute concerning confidentiality issues** is to be filed within 30 days from the date of the prior Case Management Order dated November 15, 2018.

    d.  The parties are also to discuss protocols for asserting claims of privilege or of protection as trial-preparation material after such information is produced, pursuant to Federal Rule of Evidence 502. Any agreement reached between the parties concerning such protocols is to be filed within 30 days from the date of the prior Case Management Order dated November 15, 2018.

    e.  Except as provided in paragraphs 8(d)-(e) below, all fact discovery shall be completed no later than **May 1, 2020**. [*A date not more than 120 days following the initial pretrial conference, unless the Court finds that the case presents unique complexities or other exceptional circumstances.*]

    f.  All expert discovery, including reports, production of underlying documents, and depositions, shall be **conducted in accordance with a schedule to be issued following a ruling on Plaintiffs' motion for class certification. The parties shall promptly meet and confer regarding a schedule for expert discovery upon the Court's ruling**

2

**on Plaintiffs' class certification motion, and file a joint proposed schedule for expert discovery no later than 7 days after the Court's decision**.  [*Absent exceptional circumstances, a date not more than 45 days from the date in paragraph 7(e) (i.e., the completion of all fact discovery).*]

g.  **Class certification shall be governed by the following deadlines:**

**Plaintiffs' motion for class certification and supporting expert reports are due:  December 21, 2020.**

**Defendants' deadline to depose Plaintiffs' class certification experts:  March 5, 2021.**

**Defendants' opposition to class certification and supporting expert reports are due:  April 9, 2021.**

**Plaintiffs' deadline to depose Defendants' class certification experts:  June 14, 2021.**

**Plaintiffs' reply in support of class certification:  July 16, 2021.**

8.  Interim Discovery Deadlines

a.  Initial requests for production of documents shall be served by **December 10, 2018.**

i.  **No later than January 17, 2019, the parties shall exchange objections and responses to initial requests for production and each party responding to requests for production shall provide a list of proposed custodians and an initial proposal for electronic search of custodians for its productions.**

ii.  **The parties shall reach agreement or impasse on all issues relating to initial requests for production and custodians no later than February 15, 2019.**

iii.  **The parties shall reach agreement or impasse on all issues relating to how custodial files shall be searched (including search terms, if applicable) no later than 30 days from reaching agreement on custodians.**

b.  Interrogatories pursuant to Rule 33.3(a) of the Local Civil Rules of the Southern District of New York **may be served any time following entry of this Order**.  No Rule 33.3(a) interrogatories need to be

served with respect to disclosures automatically required by Fed. R. Civ. P. 26(a).

c. Unless otherwise ordered by the Court, contention interrogatories pursuant to Rule 33.3(c) of the Local Civil Rules of the Southern District of New York must be served no later than 30 days before the close of fact discovery. No other interrogatories are permitted except upon prior express permission of the Court.

d. Depositions of fact witnesses shall be completed by **July 30, 2020.**

   i. Absent an agreement between the parties or an order from the Court, depositions are not to be held until all parties have responded to initial requests for document production.

   ii. There is no priority in deposition by reason of a party's status as a plaintiff or a defendant.

   iii. Absent an agreement between the parties or an order from the Court, non-party depositions shall follow initial party depositions.

   iv. All party depositions must be noticed by May 1, 2020 except for cause.

   v. For third parties served subpoenas by March 17, 2020, except for cause, the following deadlines will apply: those third parties must produce documents by June 1, 2020; their depositions must be noticed by June 15, 2020; and any depositions must be taken by July 30, 2020.

   vi. For those third parties that had not yet been served subpoenas as of March 17, 2020, all discovery related to those third parties shall be completed by July 30, 2020, including the service of subpoenas, the production of documents, and the noticing and taking of depositions.

e. Requests to admit shall be served by **June 1, 2020**.

f. Any of the deadlines in paragraphs 8(a) through 8(e) and 8(h) through 8(k) may be extended by the written consent of all parties without application to the Court, provided that all fact discovery is completed by the date set forth in paragraph 7(e).

g. No later than **7 days after any ruling on Plaintiffs' motion for class certification**, the parties shall meet and confer on a schedule for expert disclosures, including reports, production of underlying

documents, and depositions, provided that expert report(s) of the party with the burden of proof shall be due before those of the opposing party's expert(s); and (ii) **the deadlines for** expert discovery shall be **governed by the procedure** set forth in paragraph 7(f).

**h. Rolling production of documents in response to requests for production shall begin no later than April 25, 2019.**

**i. Substantial completion of document production in response to requests for production shall be accomplished no later than September 1, 2019.**

**j. Privilege logs shall be provided on a rolling basis beginning no later than July 16, 2019.  All privilege logs associated with documents produced by the substantial completion deadline shall be produced no later than October 16, 2019.**

**k. The parties are to reach a protocol on requested transactional data no later than February 1, 2019.  The deadline to produce all requested transactional data is May 15, 2019.**

9. All motions and applications shall be governed by the Federal Rules of Civil Procedure, the Local Rules of the Southern District of New York, and the Court's Individual Rules of Practice in Civil Cases ("Individual Rules"), which are available at http://nysd.uscourts.gov/judge/Failla.

10. In the case of discovery disputes, parties should follow Local Civil Rule 37.2 with the following modifications.  Any party wishing to raise a discovery dispute with the Court must first confer in good faith with the opposing party, in person or by telephone, in an effort to resolve the dispute.  If this meet-and-confer process does not resolve the dispute, the party may submit a letter to the Court, no longer than three pages, explaining the nature of the dispute and requesting an informal conference.  Such a letter must include a representation that the meet-and-confer process occurred and was unsuccessful.  If the opposing party wishes to respond to the letter, it must submit a responsive letter, not to exceed three pages, within three business days after the request is received.  Counsel should be prepared to discuss with the Court the matters raised by such letters, as the Court will seek to resolve discovery disputes quickly, by order, by conference, or by telephone.

11. All counsel must meet in person for at least one hour to discuss settlement within 14 days following the close of fact discovery EXCEPT in cases brought as putative collective actions under the Fair Labor Standards Act, in which case counsel must meet to discuss settlement within 14 days following the close of the opt-in period.

12. Alternative dispute resolution/settlement

    a. Counsel for the parties have discussed an informal exchange of information in aid of early settlement of this case and have agreed upon the following:

**The parties have not engaged in any settlement discussions to date.  Given the nature of the case and claims, the parties do not believe that meaningful settlement discussions are possible at this time.**

_____

    b. Counsel for the parties have discussed the use of the following alternate dispute resolution mechanisms in this case: (i) a settlement conference before a Magistrate Judge; (ii) participation in the District's Mediation Program; and/or (iii) retention of a privately retained mediator.  Counsel for the parties propose the following alternate dispute resolution mechanism for this case:

**The parties have not engaged in any settlement discussions to date.  Given the nature of the case and claims, the parties do not believe that meaningful settlement discussions are possible at this time.**

_____

    c. Counsel for the parties recommend that the alternate dispute resolution mechanism designated in paragraph 12(b) be employed at the following point in the case (e.g., within the next 60 days; after the deposition of plaintiff is completed (specify date); after the close of fact discovery):

**The parties remain willing to engage in settlement discussions at an appropriate time.**

_____
_____

    d. The use of any alternative dispute resolution mechanism does not stay or modify any date in this Order.

13. Absent good cause, the Court will not ordinarily have summary judgment practice in a non-jury case.  Before filing a summary judgment motion, the moving party must file a pre-motion submission pursuant to Section 4(A) of the Court's Individual Rules.  The submission shall be filed within 30 days of the close of fact or expert discovery, whichever comes later.

14.  Similarly, any motion to exclude the testimony of experts pursuant to Rules 702-705 of the Federal Rules of Evidence and the *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), line of cases, is to be filed within 30 days of the close of fact or expert discovery, whichever is later.  Unless otherwise ordered by the Court, opposition to any such motion is to be filed two weeks after the motion is served on the opposing party, and a reply, if any, is to be filed one week after service of any opposition.

15.  Unless otherwise ordered by the Court, within 30 days of the close of all discovery, or, if a dispositive motion has been filed, within 30 days of a decision on such motion, the parties shall submit to the Court for its approval a Joint Pretrial Order prepared in accordance with the Court's Individual Rules and Fed. R. Civ. P. 26(a)(3).  The parties shall also follow Paragraph 5 of the Court's Individual Rules, which paragraph identifies submissions that must be made at or before the time of the Joint Pretrial Order, including any motions *in limine*.

16.  If this action is to be tried before a jury, joint requests to charge, joint proposed verdict forms, and joint proposed *voir dire* questions shall be filed on or before the Joint Pretrial Order due date in accordance with the Court's Individual Rules.  Jury instructions may not be submitted after the Joint Pretrial Order due date, unless they meet the standard of Fed. R. Civ. P. 51(a)(2)(A).  If this action is to be tried to the Court, proposed findings of fact and conclusions of law shall be filed on or before the Joint Pretrial Order due date in accordance with the Court's Individual Rules.

17.  Unless the Court orders otherwise for good cause shown, the parties shall be ready for trial 30 days after the Joint Pretrial Order is filed.

18.  This case [is __**X**__ / is not _____] to be tried to a jury.

19.  Counsel for the parties have conferred and the present best estimate of the length of trial is __**four weeks**__.

20.  Other issues to be addressed at the Initial Pretrial Conference, including those set forth in Fed. R. Civ. P. 26(f)(3), are set forth below.

**The parties have supplemented the Court's standard Civil Case Management Plan and Scheduling Order with several additional deadlines applicable to this action.  These proposed additions are located at ¶7.g (class certification deadlines), and ¶8.a, h-k (interim discovery deadlines).  The parties also respectfully propose that the Court defer a deadline and schedule for expert discovery until after class certification**

**issues have been decided, as reflected in ¶7.f and ¶8.g.**_____

_____

_____

Respectfully submitted by counsel for the Parties:

| | |
|---|---|
| /s/ Michael B. Eisenkraft | /s/ Daniel L. Brockett |

Michael B. Eisenkraft
Matthew Ruan
Christopher Bateman
Alice Buttrick
COHEN MILSTEIN SELLERS & TOLL
PLLC
88 Pine Street, 14th Floor
New York, New York 10005
Telephone: (212) 838-7797
Fax: (212) 838-7745
meisenkraft@cohenmilstein.com
mruan@cohenmilstein.com
cbateman@cohenmilstein.com
abuttrick@cohenmilstein.com

Julie Goldsmith Reiser
Emmy L. Levens
Robert W. Cobbs (*pro hac vice*)
1100 New York Ave NW, Suite 500
Washington, DC 20005
Telephone: (202) 408-4600
Fax: (202) 408-4699
jreiser@cohenmilstein.com
elevens@cohenmilstein.com
rcobbs@cohenmilstein.com

Peter Safirstein
SAFIRSTEIN METCALF LLP
350 Fifth Avenue, 59th Floor
New York, New York 10118
Telephone: (212) 201-2845
psafirstein@safirsteinmetcalf.com

***Attorneys for Plaintiffs Iowa Public Employees' Retirement System, Los Angeles County Employees Retirement Association, Orange County Employees Retirement System, Sonoma County Employees' Retirement Association, and Torus Capital, LLC***

Daniel L. Brockett
Sascha N. Rand
Steig D. Olson
Deborah K. Brown
Daniel P. Mach
David LeRay
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
51 Madison Avenue, 22nd Floor
New York, New York 10010
Telephone: (212) 849-7000
danbrockett@quinnemanuel.com
sascharand@quinnemnuel.com
steigolson@quinnemanuel.com
deborahbrown@quinnemanuel.com
danielmach@quinnemanuel.com
davidleray@quinnemanuel.com

Jeremy D. Andersen (pro hac vice)
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
jeremyandersen@quinnemanuel.com

Attorneys for Class Plaintiffs

| /s/ Richard F. Schwed | /s/ Jason M. Hall |
|---|---|

<table>
<tr><td>

Adam S. Hakki
Richard F. Schwed
SHEARMAN & STERLING LLP
599 Lexington Avenue
New York, NY 10022
Telephone: (212) 848-4000
ahakki@shearman.com
rschwed@shearman.com

Ryan A. Shores (*pro hac vice*)
401 9th Street, N.W.
Washington, D.C. 20004
Telephone: (202) 508-8100
ryan.shores@shearman.com

***Attorneys for Defendants Merrill Lynch,
Pierce, Fenner & Smith Incorporated,
Merrill Lynch L.P. Holdings, Inc., and
Merrill Lynch Professional Clearing Corp.***

</td><td>

David G. Januszewski
Herbert S. Washer
Elai Katz
Jason M. Hall
Sheila C. Ramesh
Margaret A. Barone
CAHILL GORDON & REINDEL LLP
80 Pine Street
New York, NY 10005
Telephone: (212) 701-3000
djanuszewski@cahill.com
hwasher@cahill.com
ekatz@cahill.com
jhall@cahill.com
sramesh@cahill.com
mbarone@cahill.com

***Attorneys for Defendants Credit Suisse AG,
Credit Suisse Securities (USA) LLC, Credit
Suisse First Boston Next Fund, Inc., and
Credit Suisse Prime Securities Services
(USA) LLC***

</td></tr>
</table>

10

/s/ Alexis Collins

David I. Gelfand (*pro hac vice*)
Alexis Collins (*pro hac vice*)
CLEARY GOTTLIEB STEEN &
HAMILTON LLP
2112 Pennsylvania Ave., NW
Washington, DC 20037
Telephone: (202) 974-1690
dgelfand@cgsh.com
alcollins@cgsh.com

Carmine D. Boccuzzi, Jr.
One Liberty Plaza
New York, NY 10006
Telephone: (212) 225-2508
cboccuzzi@cgsh.com

***Attorneys for Defendants EquiLend LLC,
EquiLend Europe Limited, and EquiLend
Holdings LLC***

/s/ Robert Y. Sperling

Robert Y. Sperling
WINSTON & STRAWN LLP
35 West Wacker Drive
Chicago, IL 60601
Telephone: (312) 558-7941
rsperling@winston.com

George E. Mastoris
Staci Yablon200 Park Avenue
New York, New York 10166-4193
Telephone: (212) 294-6700
gmastoris@winston.com
syablon@winston.com

Richard C. Pepperman, II
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, NY 10004
Telephone: (212) 558-4000
peppermanr@sullcrom.com

***Attorneys for Defendant Goldman Sachs &
Co. LLC***

11

/s/ Henry Liu

Robert D. Wick
Henry B. Liu
John S. Playforth
COVINGTON & BURLING LLP
One CityCenter
850 Tenth Street, NW
Washington, DC 20001
Telephone: (202) 662-6000
rwick@cov.com
hliu@cov.com
jplayforth@cov.com

*Attorneys for Defendants J.P. Morgan Chase Bank, N.A., J.P. Morgan Securities LLC, J.P. Morgan Prime, Inc., and J.P. Morgan Strategic Securities Lending Corp.*


/s/ Alan J. Brudner

Alan J. Brudner
KATTEN MUCHIN ROSENMAN LLP
575 Madison Avenue
New York, New York 10022-2585
Telephone: (212) 940-8800
alan.brudner@kattenlaw.com

David C. Bohan
Peter G. Wilson
Sarah K. Weber
525 West Monroe Street
Chicago, Illinois 60661-3693
Telephone: (312) 902-5200
david.bohan@kattenlaw.com
peter.wilson1@kattenlaw.com

*Attorneys for Defendants UBS AG, UBS Americas Inc., UBS Securities LLC, and UBS Financial Services Inc.*

/s/ Daniel Slifkin

Daniel Slifkin
Michael A. Paskin
Damaris Hernández
Lauren M. Rosenberg
CRAVATH, SWAINE & MOORE LLP
Worldwide Plaza
825 Eighth Avenue
New York, NY 10019
Telephone: (212) 474-1000
dslifkin@cravath.com
mpaskin@cravath.com
dhernandez@cravath.com
lrosenberg@cravath.com


*Attorneys for Defendants Morgan Stanley & Co. LLC, Prime Dealer Services Corp., and Strategic Investments I, Inc.*

IT IS SO ORDERED.

DATED:  March 27, 2020

THE HON. KATHERINE POLK FAILLA
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF NEW YORK