UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

IOWA PUBLIC EMPLOYEES' RETIREMENT SYSTEM, *et al.*,

Plaintiffs,

-v.-

MERRILL LYNCH, PIERCE, FENNER & SMITH INC., *et al.*,

Defendants.

17 Civ. 6221 (KPF)

**ORDER**

KATHERINE POLK FAILLA, District Judge:

The Court is in receipt of Plaintiffs' letter motion to compel the deposition of James Gorman, dated August 17, 2020 (Dkt. #351), and Defendants' opposition, dated August 20, 2020 (Dkt. #354). Plaintiffs' motion to compel is denied without prejudice. Plaintiffs fail to establish both that Mr. Gorman's testimony will be relevant and that his deposition is justified under the apex doctrine.

Plaintiffs argue that Mr. Gorman was personally involved in a conspiracy to restrict the "poaching" of prime brokerage customers of major banks. (Dkt. #351 at 1). But Plaintiffs fail to demonstrate that evidence of this alleged conspiracy is relevant to the legal or factual issues in this case. Plaintiffs claim that a "no poaching" conspiracy in the prime brokerage market demonstrates that there was an "agreement to limit competition in the stock lending market" (*id.*), but do not explain how any alleged conspiracy in the prime brokerage market supports that such a conspiracy also existed in the stock lending market (*see* Dkt. #354, Ex. C (Rubin Dep. 28:13-29:3, 30:13-31:24) (explaining

the limited role of the prime brokerage team with respect to stock lending and the stock lending market)).  At best, Plaintiffs' relevance argument can be characterized as "if it happened there, it could have happened here."  *In re Elevator Antitrust Litig.*, 502 F.3d 47, 52 (2d Cir. 2007).  (*See also* Dkt. #123 at 57).  Further, as Defendants explain, the evidence that Plaintiffs proffer to suggest that Mr. Gorman was personally involved in such a conspiracy is more plausibly interpreted as "an admonition against rumor mongering" (Dkt. #354 at 2), and a recognition that spreading rumors about a competitor's imminent financial collapse is an inappropriate sales tactic (*see* Dkt. 351, Ex. D ("This is not the kind of behavior a responsible player in the market exhibits.  I know in 2008 we were very careful to be respectful of other players in the market[.]")).

  Even if Plaintiffs demonstrated that Mr. Gorman's testimony would be relevant, they have failed to establish that it is warranted under the apex doctrine, pursuant to which doctrine "[c]ourts have recognized an additional layer of protection for senior corporate executives subject to depositions."  *Scott v. Chipotle Mexican Grill, Inc.*, 306 F.R.D. 120, 122 (S.D.N.Y. 2015).  Mr. Gorman is Defendant Morgan Stanley's Chairman and CEO and is responsible for overseeing more than 60,000 employees.  (Dkt. #354, Ex. B (Gorman Decl. ¶¶ 1-2)).  Defendants have established that subjecting him to a deposition would be an imposition justifying the applicability of the apex doctrine.  (*Id.* at ¶ 5)).  And Plaintiffs have not shown that Mr. Gorman has unique evidence, personal knowledge of the claims at issue, or that other witnesses are incapable of providing testimony about the conduct alleged.  *Accord Scott*, 306

F.R.D. at 122-24. To the contrary, Mr. Gorman has submitted a sworn declaration stating that he has "no personal knowledge of the specific facts concerning this litigation." (*Id.* at ¶ 4). Nor do Plaintiffs argue that Mr. Gorman has any knowledge about the stock lending conspiracy at issue in this case; rather, Plaintiffs allege that Mr. Gorman has knowledge about a putative conspiracy in the prime brokerage market. (Dkt. #351 at 3). As noted above, the strongest interpretation of Plaintiffs' relevance argument is insufficient to demonstrate that Mr. Gorman's testimony is required. Furthermore, Plaintiffs have not first sought any discovery from lower-level employees to support their theory. For example, the documents to which Plaintiffs cite to support their theory include emails among lower-level employees, which emails (in Plaintiffs' reading) discuss the implementation of the alleged conspiracy. (*See* Dkt. #351, Ex. D, F). But Plaintiffs have not sought to depose any of these lower-level employees to test their theory. And even taking Plaintiffs' allegations of a no-poaching conspiracy as true, because Plaintiffs have not sought any testimony from other employees about this putative conspiracy, they cannot establish that Mr. Gorman's knowledge is unique. For these same reasons, the cases Plaintiffs cite on the apex doctrine are inapposite, as they all involve situations in which executives had unique personal knowledge relevant to the actual claims at issue. Accordingly, the motion is DENIED without prejudice.

SO ORDERED.

Dated:   August 27, 2020
         New York, New York

_____
KATHERINE POLK FAILLA
United States District Judge