UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IOWA PUBLIC EMPLOYEES' RETIREMENT SYSTEM, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>BANK OF AMERICA CORPORATION, *et al.*,<br><br>Defendants. | No.  17-cv-6221 (KPF) |

**STIPULATION AND ORDER REGARDING DISCOVERY RELATED TO TESTIFYING EXPERTS**

Plaintiffs and Defendants (collectively, the "Parties") to this Action, through their undersigned counsel, hereby stipulate and agree to the following regarding expert discovery and testimony in this Action:

1. This Stipulation and Order shall govern discovery related to testifying experts in this Action whose identities are required to be disclosed pursuant to Fed. R. Civ. P. 26(a)(2)(A) and this Stipulation and Order (hereinafter "expert witness[es]"). Except as previously agreed among the Parties in writing or as permitted by Court order, the Parties agree that there shall be no discovery or disclosures with respect to non-testifying experts and/or consultants. To the extent this Stipulation and Order limits discovery that would otherwise be available pursuant to the Federal Rules of Civil Procedure, the Parties agree to abide by the limits set forth in this Stipulation and Order except insofar as permitted by other Court order. Nothing in this Stipulation and Order constitutes an admission or concession that any of the information exempted from discovery by this Stipulation and Order would otherwise be discoverable or admissible. Further, nothing in this Stipulation and Order requires discovery of any information that would otherwise be protected from discovery by the attorney client privilege, work product doctrine, or other applicable privileges or protections.

2. Each Party shall make all disclosures required by Rule 26(a)(2)(A) and (B)(i), (iii), (iv), (v), and (vi) of the Federal Rules of Civil Procedure, as modified by this Stipulation and Order, at the times provided by any applicable rules and Court order(s) governing the disclosure of expert testimony in this Action. Within four (4) business days of disclosing any expert testimony, including written reports, the Parties that engaged the expert shall produce to all Parties all facts, data and other information that the expert witness relied upon in forming his or her opinion(s); provided, however, that to comply with this Paragraph, a Party need not produce, but

may simply identify in writing, (i) the Bates ranges of documents or other information produced in this Action; (ii) the deponent names and dates for transcripts of depositions taken in this Action; (iii) the exhibit numbers of all exhibits from such depositions; and (iv) citations for publicly available articles, cases, statutes, journals, treatises, regulatory filings, or other sources.  To the extent the disclosures required by this Stipulation and Order describe or include exhibits, information, or data results generated, processed, or modeled by computer at the direction of a disclosed expert witness and relied upon in forming his or her opinions, machine readable copies of the input data along with the appropriate computer program(s) and instructions sufficient to replicate such exhibits, information, and data results shall be produced to all Parties.  For such exhibits, information, or data results generated, processed, or modeled by computer at the direction of a disclosed expert witness and relied upon in forming his or her opinions, all input data, computer program code, and instructions used by or at the direction of the expert to generate the exhibits, information, or data results shall be produced, except no Party need produce computer programs that are reasonably and readily commercially available.

3.      All electronic data, together with program(s) and instructions described in Paragraph 2, shall be made available within the four (4) business day period described therein, and shall be delivered by hand, overnight express, or electronic means (e.g., FTP) to:  (i) counsel for each Defendant (one copy per Defendant or group of Defendants represented by the same counsel); and (ii) counsel for each Plaintiff class or proposed Plaintiff class (one copy per Plaintiff class or proposed Plaintiff class).

4.      Except as previously agreed among the Parties in writing or otherwise required by Court order, the following non-exhaustive categories of data, information, documents or materials need not be produced by any Party, and are not subject to discovery in this matter, even if an expert

witness reviewed or considered them, if the expert witness did not rely on them in forming his or her disclosed opinion(s) or other testimony:

(a) non-final versions of any expert witness's reports, opinions, written testimony or work papers prepared in connection with this Action; preliminary calculations, computations, modeling or data runs prepared in connection with this Action; or other preliminary or draft materials prepared by, for, or at the direction of an expert witness;

(b) any notes taken or other writings prepared by, for, or at the direction of an expert witness in connection with this Action, including correspondence or memos to or from, and notes of conversations with the expert witness's assistants and/or clerical or support staff, other expert witnesses or non-testifying experts and/or consultants, or attorneys for the Party offering the testimony of such expert witness; and

(c) information or communications, written or otherwise exchanged, recounted, or memorialized among or between (i) counsel and the expert witness and/or the expert witness's staff and/or supporting firms; (ii) counsel and any non-testifying expert and/or consultant and/or their staff; (iii) the expert witness and other expert witnesses and/or non-testifying experts and/or consultants; (iv) expert witnesses and their staff and/or supporting firms; (v) non-testifying experts and/or consultants and their staff and/or supporting firms; (vi) the respective staffs and/or supporting firms of expert witnesses or non-testifying experts and/or consultants and the staffs and/or supporting firms of other expert witnesses or non-testifying experts and/or consultants.

5. This Stipulation and Order does not impose any independent obligation to retain the information covered by Paragraph 4 herein.

6. Notwithstanding any other provision in this Stipulation and Order, this Stipulation and Order does not preclude or limit discovery regarding expert work, data, calculations, or other

material filed with or otherwise submitted to the Court outside of written expert witness reports or disclosed expert witness testimony.

7. This Stipulation and Order also does not preclude reasonable questions at deposition related to an expert witness's compensation, or to the number of hours the expert witness expended in preparing his or her opinion(s).

8. Further, nothing herein shall be construed to prevent questions relating to the substance of the expert witness's opinion(s) (including alternative theories, methodologies, variables, or assumptions that the expert witness may not have relied upon in formulating his or her opinions). Thus, notwithstanding anything to the contrary herein, an expert witness may be presented at deposition, hearing, or trial with documents, testimony, or other materials not contained in his or her expert report and questioned about whether the expert witness relied or did not rely on such documents, testimony, or other materials in formulating his or her opinion(s), and whether such documents, testimony, or other materials would cause the expert witness to alter her or his opinion(s) in any respect.

9. Nothing herein shall limit or waive any Party's right to object to the admission into evidence of any opposing Party's expert witness report or opinion(s) or other materials, or to the qualification of any person to serve as an expert witness.

10. No subpoena for deposition or documents need be served on any expert witness. Instead the Party who retained the expert witness shall make the expert witness available for a deposition at a time and place mutually agreeable to the Parties and shall produce documents in accordance with the terms of this Stipulation and Order.

11. This Stipulation and Order may be amended only by a subsequent written stipulation among the Parties or upon order of the Court.

12. This Stipulation and Order may be executed in counterparts and shall become effective as a stipulation as among the executing Parties immediately upon its execution by such executing Parties.

DATED: November 11, 2020

| | |
|---|---|
| **COHEN MILSTEIN SELLERS & TOLL PLLC** | **QUINN EMANUEL URQUHART & SULLIVAN, LLP** |
| By:  */s/ Michael B. Eisenkraft* <br> Michael B. Eisenkraft <br> Christopher Bateman <br> David O. Fisher *(pro hac vice)* <br> 88 Pine Street, 14th Floor <br> New York, New York 10005 <br> Telephone: (212) 838-7797 <br> Fax: (212) 838-7745 <br> meisenkraft@cohenmilstein.com <br> cbateman@cohenmilstein.com <br> dfisher@cohenmilstein.com <br><br> Julie Goldsmith Reiser *(pro hac vice)* <br> Emmy L. Levens *(pro hac vice)* <br> Daniel McCuaig *(pro hac vice)* <br> Robert W. Cobbs *(pro hac vice)* <br> 1100 New York Ave NW, Suite 500 <br> Washington, DC 20005 <br> Telephone: (202) 408 4600 <br> Fax: (202) 408 4699 <br> jreiser@cohenmilstein.com <br> elevens@cohenmilstein.com <br> dmccuaig@cohenmilstein.com <br> rcobbs@cohenmilstein.com <br><br> *Attorneys for Iowa Public Employees' Retirement System, Los Angeles County Employees Retirement Association, Orange County Employees Retirement System, and Sonoma County Employees' Retirement Association* | By:  */s/ Daniel L. Brockett* <br> Daniel L. Brockett <br> Sascha N. Rand <br> Steig D. Olson <br> Deborah K. Brown <br> Daniel P. Mach <br> David LeRay <br> 51 Madison Avenue, 22nd Floor <br> New York, New York 10010 <br> Telephone: (212) 849-7000 <br> danbrockett@quinnemanuel.com <br> sascharand@quinnemnuel.com <br> steigolson@quinnemanuel.com <br> deborahbrown@quinnemanuel.com <br> danielmach@quinnemanuel.com <br> davidleray@quinnemanuel.com <br><br> *Attorneys for Iowa Public Employees' Retirement System, Los Angeles County Employees Retirement Association, Orange County Employees Retirement System, Sonoma County Employees' Retirement Association, and Torus Capital, LLC* |

**SAFIRSTEIN METCALF LLP**

Peter Safirstein
1250 Broadway, 27th Floor
New York, New York 10001
Telephone: (212) 201-2845
psafirstein@safirsteinmetcalf.com

*Counsel for Torus Capital, LLC*

| **CAHILL GORDON & REINDEL LLP** | **COVINGTON & BURLING LLP** |
|---|---|
| By: */s/ Jason M. Hall* | By: */s/ Robert D. Wick* |

| | |
|---|---|
| David G. Januszewski<br>Herbert S. Washer<br>Elai Katz<br>Jason M. Hall<br>Sheila C. Ramesh<br>Margaret A. Barone<br>80 Pine Street<br>New York, NY 10005<br>Tel: (212) 701-3000<br>djanuszewski@cahill.com<br>hwasher@cahill.com<br>ekatz@cahill.com<br>jhall@cahill.com<br>sramesh@cahill.com<br>mbarone@cahill.com<br><br>*Attorneys for Defendants Credit Suisse AG, Credit Suisse Securities (USA) LLC, Credit Suisse First Boston Next Fund, Inc., and Credit Suisse Prime Securities Services (USA) LLC* | Robert D. Wick (*pro hac vice*)<br>Henry B. Liu (*pro hac vice*)<br>John S. Playforth (*pro hac vice*)<br>One CityCenter<br>850 Tenth Street, NW<br>Washington, DC 20001<br>Tel: (202) 662-5487<br>Fax: (202) 778-5487<br>rwick@cov.com<br>hliu@cov.com<br>jplayforth@cov.com<br>kcholera@cov.com<br><br>*Attorneys for Defendants JPMorgan Chase Bank, N.A., J.P. Morgan Securities LLC, J.P. Morgan Prime, Inc., and J.P. Morgan Strategic Securities Lending Corp.* |

| **CRAVATH, SWAINE & MOORE LLP** | **KATTEN MUCHIN ROSENMAN LLP** |
|---|---|
| By:  */s/ Lauren M. Rosenberg* | By:  */s/ Peter G. Wilson* |

| | |
|---|---|
| Daniel Slifkin | Alan J. Brudner |
| Michael A. Paskin | 575 Madison Avenue |
| Damaris Hernández | New York, New York 10022-2585 |
| Lauren M. Rosenberg | Tel: (212) 940-8800 |
| Worldwide Plaza | alan.brudner@kattenlaw.com |
| 825 Eighth Avenue | |
| New York, NY 10019 | Peter G. Wilson |
| Tel: (212) 474-1000 | Sarah Weber |
| Fax: (212) 474-3700 | 525 West Monroe Street |
| dslifkin@cravath.com | Chicago, IL 60661 |
| mpaskin@cravath.com | Tel:  (312) 902-5200 |
| dhernandez@cravath.com | peter.wilson@katten.com |
| lrosenberg@cravath.com | sarah.weber@katten.com |

*Attorneys for Defendants Morgan Stanley & Co. LLC, Prime Dealer Services Corp., and Strategic Investments I, Inc.*

*Attorneys for Defendants UBS AG, UBS Americas Inc., UBS Securities LLC, and UBS Financial Services Inc.*

| | |
|---|---|
| **SHEARMAN & STERLING LLP** | **WINSTON & STRAWN LLP** |
| By:  */s/ Michael P. Mitchell* | By:  */s/ Robert Y. Sperling* |
| Adam S. Hakki<br>Richard F. Schwed<br>599 Lexington Avenue<br>New York, NY 10022<br>Tel: (212) 848-4000<br>ahakki@shearman.com<br>richard.schwed@shearman.com<br><br>Michael P. Mitchell (*pro hac vice*)<br>401 9th Street, N.W.<br>Washington, D.C. 20004<br>Tel:  (202) 508-8100<br>michael.mitchell@shearman.com<br><br>*Attorneys for Defendants Merrill Lynch, Pierce, Fenner & Smith Incorporated, Merrill Lynch L.P. Holdings, Inc., and Merrill Lynch Professional Clearing Corp.* | Robert Y. Sperling (*pro hac vice*)<br>35 West Wacker Drive<br>Chicago, IL 60601<br>Tel:  (312) 558-7941<br>Fax:  (312) 558-5700<br>rsperling@winston.com<br><br>George Mastoris<br>Staci Yablon<br>200 Park Avenue<br>New York, New York 10166-4193<br>Tel: (212) 294-6700<br>Fax: (212) 294-4700<br>gmastoris@winston.com<br>syablon@winston.com<br><br>*Attorneys for Defendant Goldman Sachs & Co. LLC* |

9

**CLEARY GOTTLIEB STEEN & HAMILTON LLP**

 */s/ David I. Gelfand*

David I. Gelfand (*pro hac vice*)
Alexis Collins (*pro hac vice*)
2112 Pennsylvania Avenue, NW
Washington, DC 20037
Tel: (202) 974-1690
Fax: (202) 974-1999
dgelfand@cgsh.com
alcollins@cgsh.com

Carmine D. Boccuzzi, Jr.
One Liberty Plaza
New York, NY 10006
Tel: (212) 225-2508
Fax: (212) 225-3999
cboccuzzi@cgsh.com

*Attorneys for Defendants EquiLend LLC, EquiLend Europe Limited, and EquiLend Holdings LLC*

This Stipulation and Order does not bind the Court or any of its personnel.  The Court can modify this Stipulation at any time.  The Court will retain jurisdiction over the terms and conditions of this Stipulation only for the pendency of this litigation.  Any party wishing to make redacted or sealed submissions shall comply with Rule 6(A) of this Court's Individual Rules of Civil Procedure.

Dated:     November 11, 2020          SO ORDERED.
           New York, New York

*Katherine Polk Failla*

HON. KATHERINE POLK FAILLA
UNITED STATES DISTRICT JUDGE