quinn emanuel trial lawyers | new york



August 5, 2021

<u>VIA ECF</u>

The Honorable Katherine Polk Failla
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

Re:   *Iowa Pub. Emps.' Ret. Sys. et al. v. Bank of Am. Corp. et al.*, No. 17-cv-6221 (KPF)

Dear Judge Failla:

When Defendants served their class certification opposition papers on June 29, 2021, over eight months after the close of fact discovery, they included thirteen declarations of new "fact" testimony as support for their experts' asserted opinions about the stock lending market and the proposed class's viability. We write to ask that the Court authorize limited depositions of four of the "fact" witnesses who submitted declarations—James O'Connor, Richard Bello, David Carruthers, and Joseph Santoro—and permit Plaintiffs to subpoena them.

Plaintiffs have had no opportunity to test the validity of these declarations, and indeed none of the four witnesses at issue in this letter were deposed by either side during fact discovery. On July 21, Plaintiffs asked Defendants to consent to the depositions of a subset of the declarant witnesses, including the four third-party witnesses at issue here. *See* Ex. 1. Plaintiffs stated that the depositions would require no extension of the class certification schedule and offered to limit the length and subject matter of the examinations. *Id*. Defendants refused with respect to three of the declarants and promised to contact Richard Bello, who was not disclosed as a witness, but refused to say whether they would consent to Mr. Bello's deposition. The parties thus are at an impasse.

That depositions of these declarants are relevant to Plaintiffs' case and class certification motion is beyond dispute. Mr. Bello was a founder of hedge fund and class member, Blue Ridge Capital, and testifies as to the structure of the short-selling market, the role of prime brokers and the services they provide in that market, and price transparency among market participants. Mr. O'Connor was employed by hedge fund Och Ziff, a member of the End-User Subclass, from 2009-2018, and testifies regarding the fund's short selling business and relationship to the boycotted stock lending platform AQS. Mr. Santoro is an employee of Deutsche Bank's agent lending branch and testifies concerning agent lenders' and beneficial owners' interest in the boycotted platforms as well as Deutsche Bank's relationship to Defendant EquiLend. Mr. Carruthers is a former employee of the boycotted stock-lending data vendor Data Explorers and testifies about Data Explorers' business and class members' demand for its products and

price transparency generally. Each of these witnesses testifies to disputed factual circumstances including, for example, whether it was important for stock borrowers to know the identity of their lenders, the operational costs of AQS in the but-for world, and the characteristics of CCPs.

Deposing these witnesses is of especial importance because their declarations form a lynchpin of Defendants' experts' opinions regarding the economic motivations and needs of class members in their stock lending businesses. Defendants' expert William Pridmore relies on Mr. Santoro as essential evidence of whether agent lenders would have shifted trading volumes to an anonymous multilateral platform but-for the conspiracy. *See* Dkt. 423 (Paskin Decl.) Ex. 3 ¶ 46, 75, 117. *See also* Paskin Ex. 2 ¶ 124 (McCrary relying on Mr. Santoro). Mr. Savoldelli relies on Mr. O'Connor and Mr. Bello's declarations extensively in opining whether hedge funds would have, but for the conspiracy, moved to and benefited from platforms like AQS. *See* Paskin Ex. 4 ¶¶ 26, 42, 45, 51, 55, 62, 73, 96, 103, 163 & Ex. 1. *See also* Paskin Ex. 1 ¶¶ 62, 64, 87, 101, 111, 130, 131, 166, 306, 308, 333, 383, 433 (Hendershot relying on Mr. Bello or Mr. O'Oconnor) Paskin Ex. 2 ¶¶ 58, 67, 108, 238 (McCrary relying on Mr. Bello or Mr. O'Connor). The experts rely heavily on Mr. Carruthers in their opinions on market transparency issues. Paskin Ex. 1 ¶¶ 114, 119, 383, 400, 403, 404, 418, 419, 421, 422, 424; Paskin Ex. 3 ¶¶ 102, 138, 145, 147, 149; Paskin Ex. 4 ¶¶ 161, 171. The purpose of these late-breaking declarations is thus clear: to create "factual" support for assertions in those experts' reports for which Defendants were unable find support during fact discovery. Plaintiffs should be able to test that support through depositions.

Mr. Bello was never disclosed to Plaintiffs as having relevant knowledge in any of Defendants' initial or amended Rule 26(a) disclosures. Plaintiffs thus could never have suspected Mr. Bello's declaration was forthcoming, nor reasonably thought to depose Mr. Bello earlier. Courts routinely order that parties may depose undisclosed witnesses like this one. *See, e.g.*, *MBIA Ins. Corp. v. Patriarch Partners VIII, LLC*, 2012 WL 2568972, at *14-15 (S.D.N.Y. July 3, 2012); *McEnery v. City of New York*, 2007 WL 1574013, at *2-3 (S.D.N.Y. May 29, 2007); *Lesser v. Wildwood*, 2003 WL 22228757, at *3 (S.D.N.Y. Sept. 29, 2003); *see also Wu v. Metro-North Commuter Railroad Company*, 2016 WL 579 (Aug. 4, 2016) (precluding declarations of undisclosed witnesses). Alternatively, absent a deposition, Mr. Bello's testimony should be struck. *See, Pace v. Air & Liquid Systems Corp.*, 171 F. Supp. 3d 254, 265-66 (S.D.N.Y. 2016); *see also* Fed. R. Cv. P. 37(c)(1) ("If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness….").

With respect to the other three witnesses, depositions of these witnesses now are warranted based on Defendants' plain stratagem of backing in new testimony as a stopgap for a factual record they failed to obtain in discovery long after the normal deadline for depositions.[1] Indeed, the only rationale Defendants cite in refusing to agree to these depositions is the procedural "gotcha" that these witnesses were disclosed as three of the hundreds of individuals identified in Rule 26(a) disclosures. This makes no sense, as there is no level of diligence by which Plaintiffs could have foreseen that Defendants would pick these particular individuals

---

[1] This late disclosure is suspect given that at least one declaration, that of Mr. O'Connor, is dated September 25, 2020 and so must have been prepared well before discovery closed.

among the hundreds disclosed as the mouthpieces to provide testimony in support of Defendants' experts' opposition opinions.

While "discovery should only be re-opened for good cause, depending on the diligence of the moving party," *Krawec v. Kiewit Constructors, Inc.*, 2013 WL 1104414, at *8 (S.D.N.Y. Mar. 1, 2013), this is not fact discovery. This is class certification discovery that is intimately connected with the testimony of Defendants' experts in connection with their opposition to Plaintiffs' motion for class certification.[2] Defendants' experts are being deposed and there is no reason not to depose the authors of declarations used to support those expert's conclusions if they have not previously been deposed in this matter.[3] The depositions Plaintiffs seek will cause no delay in the case schedule or prejudice. Plaintiffs request just four third-party video depositions. Plaintiffs will limit the depositions to three hours and require no modifications to the existing class certification schedule to take them. Those four depositions will impose no significant burden on Defendants beyond dialing in for the short video depositions themselves.

Defendants have built their defense from the top down, determining the expert conclusions most convenient to their case, then manufacturing post-discovery testimony as support for those experts' conclusory opinions. Plaintiffs should have an opportunity to pursue targeted depositions, as requested, to test that testimony and present the full story in reply briefing. We ask that the Court rule that such depositions are permitted by the case schedule, such that we may promptly subpoena and depose the witnesses at issue prior to our October 5 reply deadline.

---

[2] The class certification context is distinct from summary judgment, where depositions of declarants are usually sought, and sometimes denied. *See, e.g.*, *SEC v. CKB168 Holdings Ltd.*, 2016 WL 2853527, at *3-4 (E.D.N.Y. May 13, 2016); *Clarke v. JPMorgan Chase Bank, N.A.*, 2010 WL 1379778, at *24 (S.D.N.Y. Mar. 26, 2010). In a summary judgment motion, the object of the motion is to test the *sufficiency* of the non-movant's evidence. The non-movant must have gathered enough evidence in discovery to maintain a triable issue of material fact against the best evidence the movant might bring; where the movant's evidence and the non-movant's conflict, *the Court must resolve the conflict in favor of the non-movant*. It is thus not necessary that the non-movant have the opportunity to depose a declarant, because all genuine issues of material fact are resolved in the non-movant's favor. In contrast, in a class certification motion the Court must *make factual findings by a preponderance of the evidence*, giving far more importance to allowing the adversarial process to test the credibility and accuracy of these declarations through deposition, as courts have allowed in other class certification motion proceedings. *See, e.g., Wallach v. Eaton Corp.*, No. 1:10-cv-260-SLR (D. Del) (depositions of defense declarants taken during class certification); *UFCW & Employers Benefit Trust v. Sutter Health*, No. CGC 14-538451 (Cal. Sup. Ct.) (depositions of several plaintiff-side declarants taken during class certification).

[3] Defendants have asserted, and Plaintiffs agree, that a previously deposed witness should not be deposed a second time simply because they submit a declaration at class certification. Plaintiffs note, however, that the credibility of Defendants' other declarants is highly suspect in light of those declarations' contradictions of the witnesses' prior deposition testimony and unpersuasive attempts to "play at expert" by contradicting, without relevant expertise, experience, or evidentiary support, Plaintiffs' experts' conclusions.

Respectfully submitted,

*/s/ Michael B. Eisenkraft*
Michael B. Eisenkraft
COHEN MILSTEIN SELLERS & TOLL PLLC

*/s/ Daniel L. Brockett*
Daniel L. Brockett
QUINN EMANUEL URQUHART & SULLIVAN, LLP