# COVINGTON

BEIJING   BRUSSELS   DUBAI   FRANKFURT   JOHANNESBURG
LONDON   LOS ANGELES   NEW YORK   PALO ALTO
SAN FRANCISCO   SEOUL   SHANGHAI   WASHINGTON

Robert D. Wick

Covington & Burling LLP
One CityCenter
850 Tenth Street, NW
Washington, DC 20001-4956
T  +1 202 662 5487
rwick@cov.com

Magistrate Judge Sarah L. Cave                                     October 21, 2021
Daniel Patrick Moynihan Courthouse
500 Pearl Street, Room 1670
New York, NY 10007

RE:   *Iowa Pub. Emps.' Ret. Sys. et al. v. Bank of Am. Corp. et al.*,
       **No. 17-cv-6221 (KPF/SLC)**

Dear Magistrate Judge Cave:

Defendants respectfully submit that this Court should deny Plaintiffs' motion for reconsideration (ECF No. 478) of the Court's order earlier today granting Defendants permission to file a 12-page sur-reply in opposition to Plaintiffs' motion for class certification.  Plaintiffs' motion lacks merit for the following reasons.

1. Reconsideration is not warranted.  "Reconsideration of a court's previous order is an 'extraordinary remedy to be employed sparingly.'"  *Parrish v. Sollecito*, 253 F. Supp. 2d 713, 715 (S.D.N.Y. 2003) (quoting *In re Health Mgmt. Sys. Inc. Secs. Litig.*, 113 F. Supp. 2d 613, 614 (S.D.N.Y. 2000)).  To prevail on a motion for reconsideration, "the movant must identify 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'"  *Jovani Fashion, Ltd. v. Fed. Ins. Co.*, 416 F. Supp. 3d 334, 337 (S.D.N.Y. 2019) (quoting *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992)).  Plaintiffs have not met that stringent standard.  No "manifest injustice" will result from this Court's decision to allow Defendants to file a short sur-reply to Plaintiffs' voluminous reply submissions.  Nor have Plaintiffs identified any clear error, intervening change of controlling law, or newly-available evidence bearing on this Court's discretionary decision to allow a sur-reply.  To the contrary, Defendants' opening letter cited over a dozen cases in which courts in this District—including Judge Failla—allowed a sur-reply in opposition to class certification.  Plaintiffs ignore those cases in their letter.

2. Plaintiffs' arguments lack merit.  Plaintiffs will suffer no harm or prejudice from Defendants' filing of a short sur-reply.  Defendants, by contrast, would be prejudiced and unfairly disadvantaged if they were denied any opportunity to respond in writing to the new arguments and analyses in Plaintiffs' voluminous reply submissions.

Plaintiffs counter that their new arguments and analyses are "responses" to issues raised in Defendants' opposition, but that assertion is unavailing for two main reasons.  First, Plaintiffs are improperly attempting to capitalize on the incompleteness of their opening submissions in support of class certification.  Plaintiffs' opening submissions were plainly incomplete:  they

**COVINGTON**
October 21, 2021
Page 2

failed to address *any* of the transaction data of half of the Defendants and wholly ignored, among other things, some of the largest costs of using a securities loan exchange.  When Defendants pointed out the crucial gaps and omissions in Plaintiffs' opening submissions, Plaintiffs belatedly "responded" in their reply by addressing issues that they should have covered originally.  Defendants should not be stripped of their right to respond to Plaintiffs' new arguments and analyses merely because Plaintiffs used their replies to fill the gaps in their opening submissions.

Second, courts in this District routinely allow sur-replies in opposition to class certification where, as here, a plaintiff's reply submissions contain important new arguments and analyses.  *See* ECF No. 473 n.2.  The three illustrative examples cited in Defendants' earlier letter confirm that this is exactly what has occurred here.

- New Data Analyses.  Plaintiffs acknowledge that they failed to analyze or consider *any* of the transaction data of three of the six prime broker Defendants in their opening submissions.  They try to excuse this omission by arguing that their replies merely point out that Defendants' experts are "wrong" about this data and failed to exclude "millions" of transactions that supposedly should be excluded as anomalous (Ltr. at 2), but those are precisely the questions on which Defendants have been sandbagged.  Defendants have had no opportunity to explain why *Plaintiffs* are the ones who are wrong here because Plaintiffs unveiled their analyses of these data for the first time in their replies.  Moreover, any suggestion that Plaintiffs discussed this data in their reply submissions only because Defendants did so in their opposition submissions would be false: Plaintiffs' experts emphasized in their *opening* expert reports that they planned to analyze the data of the three remaining Defendants once they had time to do so.  (A&P ¶¶ 397, 519, 521, 530.)

- New Cost Analyses.  Plaintiffs' experts purported to analyze the costs of using an exchange in their opening expert reports, but they inexplicably ignored the largest and most important components of those costs—capital costs and collateral margin costs.  Plaintiffs then unveiled elaborate new analyses of these costs for the first time in their replies.  Plaintiffs argue that their new arguments and analyses merely demonstrate the errors in the work of Defendants' experts, but again, those are precisely the questions on which Defendants have been sandbagged.  Defendants have had no opportunity to explain why *Plaintiffs* are the ones who are wrong here because Plaintiffs hid their position on these pivotal issues until their reply.

- New But-For World.  Although Plaintiffs suggest that they have taken the same position all along about the nature of the but-for world, the record proves otherwise.  Their opening expert reports—buttressed by the unequivocal deposition testimony cited in Defendants' earlier letter—asserted that ████████████████████████████████ ████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████

**COVINGTON**
October 21, 2021
Page 3

███████████████████████ Defendants deserve an opportunity to point out the important implications of this critical change of position.

3. <u>A sur-reply will not disrupt the schedule</u>.  The thirty days that the Court has granted Defendants in which to file a sur-reply will not unduly delay the case.  If anything, a sur-reply is likely to streamline the proceedings by crystallizing the key disputes and avoiding any need to consider a motion to strike.

Plaintiffs point out that, after Plaintiffs had already received four extensions and a total of eleven additional months in which to file their motion for class certification (ECF Nos. 137, 190, 269, 363, 410), and after Judge Failla then granted a fifth extension of the schedule to accommodate the scheduling preferences of Plaintiffs' experts regarding their depositions (ECF No. 428), Judge Failla stated that "no further extensions" would be granted with respect to the deadline for Defendants' opposition or Plaintiffs' reply.  (Ltr. at 1.)  That order has no bearing on whether Defendants are entitled to file a sur-reply, and no one then knew that Plaintiffs would submit new arguments, new analyses, 400 pages of expert reports, and over 2,300 pages of factual materials with their reply.

4. <u>The Court should not reconsider the applicable page limit</u>.  Defendants sought leave to file a 15-page sur-reply accompanied by narrow and targeted supporting materials.  This Court then decided to permit a sur-reply of up to 12 pages as opposed to 15 pages, not counting supporting materials.  Plaintiffs now urge this Court to gut its prior order by permitting Defendants to submit a total of 12 pages *inclusive* of supporting materials even though Plaintiffs filed over 2,700 pages of supporting materials with their reply.  The reason for Plaintiffs' request is clear:  Plaintiffs wish to deprive Defendants of any opportunity to expose the critical errors in their reply submissions.  Plaintiffs fail to justify that unfair request, let alone under the strict standard that applies to a motion for reconsideration.[1]

Respectfully submitted,

*/s/ Robert D. Wick*

Robert D. Wick

*Counsel for the JPMorgan Defendants
writing on behalf of all Defendants*

---

[1] Plaintiffs' request for leave to respond to Defendants' sur-reply is premature.  If, after reviewing the sur-reply, Plaintiffs believe they should be permitted to file a response, they can raise that question at that time.