The parties' letter-motion (ECF No. 490) requesting to redact confidential information from Plaintiffs' reply submission is GRANTED.  The redactions to Plaintiffs' submission referenced in ECF No. 490, and requested by both Plaintiffs and Defendants, may be filed under seal, viewable only to the parties and the Court.

The Clerk of Court is respectfully directed to terminate ECF No. 490.

SO ORDERED 11/10/2021

SARAH L. CAVE
United States Magistrate Judge

**VIA ECF**

Magistrate Judge Sarah L. Cave
Daniel Patrick Moynihan Courthouse
500 Pearl Street, Room 1670
New York, NY 10007

Re: *Iowa Pub. Emps.' Ret. Sys. et al. v. Bank of Am. Corp. et al.*, No. 17-cv-6221
(KPF/SLC)

Dear Judge Cave:

Section 9 of the Protective Order (Dkt. Nos. 150, 228) provides that for any filing that quotes or refers to discovery material that has been designated Confidential, Highly Confidential, or Highly Confidential Data, the party "shall request to file such documents or portions thereof containing or making reference to such material or information in redacted form or under seal." Consistent with the process this Court approved for such requests (Dkt. No. 408), and prior approvals (Dkt. No. 443) the Parties now move for sealing or redaction of certain materials filed with Plaintiffs' Reply in Support of Plaintiffs' Class Certification Motion. The Parties' justifications for sealing or redacting those materials under *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006), and its progeny are as follows.

**Plaintiffs' Justifications and Designations**

Plaintiffs' reply papers quote from, discuss, and refer to discovery material produced by certain Parties subject to confidentiality designations, which include trade secrets, other confidential research, development, or commercial information, or other private or competitively sensitive information, including personal data. Accordingly, Plaintiffs request that the marked portions of Plaintiffs' reply memorandum of law, portions of Exhibits 163 and 164 to the Declaration of Daniel L. Brockett dated October 5, 2021 ("Brockett Reply Declaration"), and the Brockett Reply Declaration itself, be filed in redacted form.

Plaintiffs' reply memorandum and certain supporting materials also quote from, discuss, and refer to the substance of discovery material produced by Third-Parties subject to confidentiality designations, which likewise include trade secrets, other confidential research, development, or commercial information, or other private or competitively sensitive information, including personal data. Plaintiffs have proposed, and Defendants have had the opportunity to review, filing under seal or with redactions consistent with the designations made by Third-Parties and *Lugosch*, except where such Third-Parties have provided their consent for such materials to be filed publicly.  Accordingly, Plaintiffs request on their behalf that marked portions of Plaintiffs' reply memorandum and Exhibits 163 and 164 to the Brockett Reply

Declaration be filed in redacted form.  We also request that Exhibits 169 and 178 to the Brockett Reply Declaration be filed under seal.

Plaintiffs take no position with respect to Defendants' redaction and under-seal requests beyond those which we request ourselves, and reserve all rights under the Protective Orders.

## Defendants' Justifications and Designations

Plaintiffs' reply memorandum and certain supporting materials quote from, discuss, and make reference to the substance of documents and data designated Confidential and Highly Confidential under the Parties' January 2, 2019 Protective Order (Dkt. No. 150), and Highly Confidential Data under the Parties' October 30, 2019 Supplemental Protective Order (Dkt No. 228). Such materials include trade secrets, other confidential research, development, or commercial information, and other private or competitively sensitive information, including personal data. Consequently, in accordance with the Court's January 19, 2021 Order (Dkt. No. 408), Defendants provided Plaintiffs with proposed redactions to Plaintiffs' reply memorandum and certain supporting material, and Plaintiffs have had the opportunity to review the proposed redactions. Defendants request that Plaintiffs' reply memorandum and Exhibits 163-164 and 172 to the Brockett Reply Declaration, as well as the Brockett Reply Declaration itself, be filed in redacted form. We also request that Exhibits 166, 168, 170, 173-174, 176 and 178 to the Brockett Reply Declaration be filed under seal. This is in accordance with Section 9 of the Protective Order, which provides that for "papers containing or making reference to the substance of ["Confidential", "Highly Confidential", or "Highly Confidential Data"] material or information, [a Party] shall request to file such documents or portions thereof containing or making reference to such material or information in redacted form or under seal."

Plaintiffs' reply memorandum and certain supporting materials also quote from, discuss, and refer to the substance of discovery material produced by Third-Parties subject to confidentiality designations, which likewise include trade secrets, other confidential research, development, or commercial information, or other private or competitively sensitive information, including personal data, or make reference to non-parties to the litigation.  Defendants have proposed, and Plaintiffs have had the opportunity to review, filing such materials with redactions consistent with the designations made by Third-Parties and *Lugosch*.  Accordingly, Defendants request on their behalf that marked portions of Plaintiffs' reply memorandum and Exhibits 163-164 and 172 to the Brockett Reply Declaration be filed in redacted form.

Respectfully submitted,

/s/ Michael B. Eisenkraft
Michael B. Eisenkraft
COHEN MILSTEIN SELLERS & TOLL
PLLC

/s/ Daniel L. Brockett
Daniel L. Brockett
QUINN EMANUEL URQUHART &
SULLIVAN, LLP