**COVINGTON**

BEIJING   BRUSSELS   DUBAI   FRANKFURT   JOHANNESBURG
LONDON   LOS ANGELES   NEW YORK   PALO ALTO
SAN FRANCISCO   SEOUL   SHANGHAI   WASHINGTON

Covington & Burling LLP
One CityCenter
850 Tenth Street, NW
Washington, DC 20001-4956
T +1 202 662 6000

<u>Via ECF</u>                                                                                                    February 18, 2022

The Honorable Katherine Polk Failla
United States District Court, Southern District of New York
40 Foley Square
New York, NY 10007

      Re:   *Iowa Public Employees' Retirement System v. Bank of America Corp.*,
            **No. 17-cv-6221-KPF-SLC (S.D.N.Y.)**

Dear Judge Failla:

      Pursuant to Section II of Your Honor's Individual Rules, the non-settling Defendants write regarding Plaintiffs' motion for preliminary approval of a settlement with the Credit Suisse Defendants. (*See* ECF No. 519.) The non-settling Defendants take no position on the motion and accompanying settlement agreement, as drafted, other than respectfully requesting that the Court clarify that any order the Court may issue in response to that uncontested motion is not intended to resolve or influence the outcome of the contested class certification issues now pending before Magistrate Judge Cave pursuant to this Court's referral order.

      The proposed preliminary approval order that Plaintiffs have submitted to this Court includes preliminary findings that, for settlement purposes, (i) "questions of law and fact common to the Settlement Class predominate over any individual questions," (ii) "the claims of Plaintiffs are typical of the claims of the Settlement Class," (iii) "Plaintiffs and Co-Lead Counsel have fairly and adequately represented and protected the interests of the Settlement Class," and (iv) "a class action is superior to other available methods for the fair and efficient adjudication of the controversy." (ECF No. 522 ¶ 4.) Plaintiffs cite extensively to their contested class certification briefs in support of these proposed findings. (ECF No. 520 at 21-23.) Defendants briefed the opposite side of each of these questions and vigorously opposed Plaintiffs' position on each of these issues in the context of the pending class certification motion. (ECF Nos. 431, 495.) Those disputes are now pending before Magistrate Judge Cave, who has indicated that she will soon set an oral argument date. (ECF Nos. 471, 523.)

      The non-settling Defendants acknowledge that the proposed order seeks only "preliminary" certification of a settlement class, that certifying a settlement class is not the same as certifying a litigation class, and that the proposed order seeks certification of a class "solely for settlement purposes." (ECF No. 522 ¶ 3.) Nevertheless, to avoid any potential for disputes about the scope and significance of the proposed order submitted by Plaintiffs, the non-settling Defendants ask that the Court clarify that any such order that it may issue is not intended to influence or resolve—in the context of an unopposed motion—any of the contested class certification issues pending before Magistrate Judge Cave. Many other courts have included

COVINGTON

February 18, 2022
Page 2

similar qualifying language in preliminary approval orders.  *See, e.g.*, *In re Mexican Government Bonds Antitrust Litig.*, 2020 WL 7398747, at *7 (S.D.N.Y. 2020) (granting preliminary approval "without prejudice to, or waiver of, the rights of any non-settling Defendant to contest any other request by Plaintiffs to certify a class"); *Alaska Elec. Pension Fund v. Bank of Am., N.A.*, 2017 WL 3868461, at *4 (S.D.N.Y. 2017) (same); *see also In re Packaged Ice Antitrust Litig.*, 2010 WL 3070161, at *5 (E.D. Mich. 2010) ("[W]ith respect to the preliminary approval of a settlement class in a proposed partial settlement, there is no prejudice to the non-settling defendants' right to challenge certification of a litigation class at a later stage of the case."); *Columbus Drywall & Insulation, Inc. v. Masco Corp.*, 258 F.R.D. 545, 552–53 (N.D. Ga. 2007) (holding that "certification of the settlement class will not have preclusive effect on defendant Masco in contesting the litigation class").

Respectfully submitted,

s/ Robert D. Wick

*Counsel for J.P. Morgan Securities LLC; J.P. Morgan Prime, Inc.; J.P. Morgan Strategic Securities Lending Corp.; and JPMorgan Chase Bank, N.A.*