UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IOWA PUBLIC EMPLOYEES' RETIREMENT SYSTEM; LOS ANGELES COUNTY EMPLOYEES RETIREMENT ASSOCIATION; ORANGE COUNTY EMPLOYEES RETIREMENT SYSTEM; SONOMA COUNTY EMPLOYEES' RETIREMENT ASSOCIATION; and TORUS CAPITAL, LLC, on behalf of themselves and all others similarly situated,<br><br>    Plaintiffs,<br><br>                  v.<br><br>MERRILL LYNCH, PIERCE, FENNER & SMITH INCORPORATED; MERRILL LYNCH L.P. HOLDINGS, INC.; MERRILL LYNCH PROFESSIONAL CLEARING CORP.; CREDIT SUISSE AG; CREDIT SUISSE SECURITIES (USA) LLC; CREDIT SUISSE FIRST BOSTON NEXT FUND, INC.; CREDIT SUISSE PRIME SECURITIES SERVICES (USA) LLC; GOLDMAN, SACHS & CO. LLC; GOLDMAN SACHS EXECUTION & CLEARING, L.P.; J.P. MORGAN SECURITIES LLC; J.P. MORGAN PRIME, INC.; J.P. MORGAN STRATEGIC SECURITIES LENDING CORP.; J.P. MORGAN CHASE BANK, N.A.; MORGAN STANLEY & CO. LLC; PRIME DEALER SERVICES CORP.; STRATEGIC INVESTMENTS I, INC.; UBS AG; UBS AMERICAS INC.; UBS SECURITIES LLC; EQUILEND LLC; EQUILEND EUROPE LIMITED; and EQUILEND HOLDINGS LLC,<br><br>    Defendants. | No. 17-cv-6221 (KPF-SLC)<br><br><br><br><br><br><br><br>ORDER PRELIMINARILY APPROVING SETTLEMENT AGREEMENT, CERTIFYING THE SETTLEMENT CLASS, AND APPOINTING CLASS COUNSEL AND CLASS REPRESENTATIVES FOR THE SETTLEMENT CLASS<br><br><br><br>Hon. Katherine Polk Failla |

WHEREAS, the Action[1] is pending before this Court;

WHEREAS, Plaintiffs[2] have entered into and executed a Stipulation and Agreement of Settlement (the "Settlement Agreement") with Credit Suisse Group AG, Credit Suisse AG; Credit Suisse Securities (USA) LLC; Credit Suisse First Boston Next Fund, Inc.; and Credit Suisse Prime Securities Services (USA) LLC (the "Settling Defendants," and together with Plaintiffs, the "Settling Parties"), which, if finally approved by the Court, will result in the settlement of all claims against Settling Defendants;

WHEREAS, in full and final settlement of the claims asserted against them in this Action, the Settling Defendants have agreed to pay an amount which totals $81,000,000 (the "Settlement Funds"), and to provide discovery that is likely to assist with the continued prosecution of the Action as set forth in the Settlement Agreement;

WHEREAS, Plaintiffs, having made an application, pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, for an order preliminarily approving the Settlement Agreement, which sets forth the terms and conditions of the Settlement of the Action against the Settling Defendants and for dismissal of the Action against the Settling Defendants with prejudice upon the terms and conditions set forth in the Settlement Agreement;

WHEREAS, Plaintiffs have sought, and Settling Defendants have agreed not to object to, the certification of the Settlement Class (as defined below) solely for settlement purposes;

WHEREAS, Plaintiffs have requested that Co-Lead Counsel be appointed as settlement class counsel for the Settlement Class pursuant to Rule 23(g) of the Federal Rules of Civil Procedure;

---

[1] As defined in the Settlement Agreement, the "Action" means the above-captioned litigation pending in the United States District Court for the Southern District of New York.

[2] As defined in the Settlement Agreement, "Plaintiffs" are Iowa Public Employees' Retirement System; Los Angeles County Employees Retirement Association; Orange County Employees Retirement System; Sonoma County Employees' Retirement Association; and Torus Capital, LLC.

1

WHEREAS, Plaintiffs have requested that they be appointed class representatives of the Settlement Class;

WHEREAS, the Settling Parties have agreed to the entry of this Order Preliminarily Approving Settlement Agreement, Certifying the Settlement Class, and Appointing Class Counsel and Class Representatives for the Settlement Class (the "Order"); and

WHEREAS the Court has read and considered the Settlement Agreement and the exhibits annexed thereto and other documents submitted in connection with Plaintiffs' Motion for Preliminary Approval of the Settlement Agreement, and good cause appearing therefor;

NOW, THEREFORE, IT IS HEREBY ORDERED:

1. All terms in initial capitalization used in this Order shall have the same meanings as set forth in the Settlement Agreement, unless otherwise defined herein.

## I. PRELIMINARY APPROVAL OF SETTLEMENT AGREEMENT

2. Pursuant to Fed. R. Civ. P. 23(e)(1)(B), based on the showing that the Court will likely be able to approve the proposed settlement under Rule 23(e)(2) and certify the class for purposes of judgment on the proposed settlement, the Court hereby preliminarily approves the Settlement Agreement, subject to further consideration at the Fairness Hearing described below. The Court preliminarily finds that the settlement encompassed by the Settlement Agreement satisfies the requirements of Rules 23(c)(2) and 23(e) of the Federal Rules of Civil Procedure and due process so that an appropriate notice of the Settlement Agreement should be given, subject to the Court's approval of a notice plan as provided in this Order.

## II. PRELIMINARY CERTIFICATION OF SETTLEMENT CLASS

3. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court preliminarily certifies, solely for settlement purposes, a Settlement Class defined as follows:

> all Persons or entities who, directly or through an agent, entered into Stock Loan Transactions[3] with the Prime Broker Defendants,[4] direct or indirect parents,

---

[3] means any transaction, including any transaction facilitated by a prime broker or agent lender, in which an owner of a stock temporarily lends the stock in exchange for collateral or in which a borrower of a stock provides collateral to temporarily borrow a security, and in which the stock

subsidiaries, or divisions of the Prime Broker Defendants, or the Released Credit Suisse Parties,[5] in the United States from January 7, 2009 through the Execution Date[6] (the "Settlement Class Period"), inclusive.  Excluded from the Settlement Class are Defendants and their employees, affiliates, parents, subsidiaries, and co-conspirators, should any exist, whether or not named in the Amended Complaint, entities which previously requested exclusion from any Class in this Action,[7] the United States Government, and all of the Released Credit Suisse Parties, provided, however, that Investment Vehicles[8] shall not be excluded from the definition of the Settlement Class.

4.   Solely for purposes of the settlement, the Court preliminarily finds that the requirements of Federal Rules of Civil Procedure 23(a) and 23(b)(3) have been satisfied, as follows: (a) the members of the Settlement Class are so numerous that joinder of all members of the Settlement Class is impracticable; (b) questions of law and fact common to the Settlement Class predominate over any individual questions; (c) the claims of Plaintiffs are typical of the

---

is ultimately returned to the lender at a later date, at which time the lender returns the collateral to the borrower.  "Stock Loan Transactions" do not include non-equity securities lending or stock repurchase (repo) transactions.

[4]  "Prime Broker Defendants" means Settling Defendants and Bank of America Merrill Lynch, Goldman Sachs, Morgan Stanley, JPMorgan, and UBS, including affiliates named in the Amended Complaint (ECF No. 73).

[5]  The "Released Credit Suisse Parties" means Settling Defendants and each of their respective past or present direct and indirect parents (including holding companies), subsidiaries, affiliates, associates (all as defined in SEC Rule 12b-2, promulgated pursuant to the Securities Exchange Act of 1934, as amended), divisions, joint ventures, predecessors, successors, and each of their respective past, present, and future officers, directors, managers, members, partners, shareholders, insurers, employees, agents, attorneys, legal or other representatives, trustees, heirs, executors, administrators, advisors, and assigns, and the predecessors, successors, heirs, executors, administrators, and assigns of each of the foregoing.

[6]  The "Execution Date" is January 20, 2022.

[7]  These entities are Citadel LLC, Two Sigma Investments, PDT Partners, Renaissance Technologies LLC, TGS Management, Voloridge Investment Management, and the D.E. Shaw Group and their corporate parents, subsidiaries, and wholly owned affiliates.

[8]  "Investment Vehicles" means any investment company or pooled investment fund, including, but not limited to:  (i) mutual fund families, exchange-traded funds, fund of funds and hedge funds, in which a Defendant has or may have a direct or indirect interest, or as to which its affiliates may act as an investment advisor, but of which a Defendant or its respective affiliates is not a majority owner or does not hold a majority beneficial interest, and (ii) any Employee Benefit Plan as to which a Defendant or its affiliates acts as an investment advisor or otherwise may be a fiduciary.

claims of the Settlement Class; (d) Plaintiffs and Co-Lead Counsel have fairly and adequately represented and protected the interests of the Settlement Class; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the controversy, considering (i) the interests of members of the Settlement Class in individually controlling the prosecution of separate actions; (ii) the extent and nature of any litigation concerning the controversy already begun by members of the Settlement Class; (iii) the desirability or undesirability of concentrating the litigation of these claims in this particular forum; and (iv) the likely difficulties in managing this Action as a class action.

5. If the Effective Date does not occur with respect to the Settlement Agreement because of the failure of a condition that affects such Settlement Agreement, this conditional certification of the Settlement Class shall be deemed null and void as to the Settling Parties subject to such Settlement Agreement without the need for further action by the Court or any of the Settling Parties. In such circumstances, each of the Settling Parties shall retain their rights to seek or to object to certification of this litigation as a class action under Rule 23 of the Federal Rules of Civil Procedure, or under any other state or federal rule, statute, law, or provision thereof, and to contest and appeal any grant or denial of certification in this litigation or in any other litigation on any other grounds.

### III.   CLASS COUNSEL AND CLASS REPRESENTATIVES

6. The law firms of Quinn Emanuel Urquhart & Sullivan, LLP, and Cohen Milstein Sellers & Toll PLLC, are preliminarily appointed, solely for settlement purposes, as Co-Lead Counsel for the Settlement Class.

7. Plaintiffs are preliminarily appointed, solely for settlement purposes, as class representatives for the Settlement Class.

### IV.   PLAN OF DISTRIBUTION, NOTICE, AND FAIRNESS HEARING

8. At a later practicable date, Plaintiffs shall submit for the Court's approval a proposed Plan of Allocation of the Settlement Fund (and including all interest and income earned thereon after being transferred to the Escrow Account).

9. At a later practicable date, Plaintiffs shall submit for the Court's approval a proposed notice plan for purposes of advising members of the Settlement Class, among other things, of their right to object to the Settlement Agreement, their right to exclude themselves from the Settlement Class, the procedure for submitting a request for exclusion, the time, date, and location of the Fairness Hearing to be scheduled by the Court, and their right to appear at the Fairness Hearing.

10. At or after the Fairness Hearing, the Court shall determine whether the Settlement Agreement, the proposed Plan of Distribution, any application for service awards, and any application for attorneys' fees and/or expenses for Plaintiffs' Counsel should be finally approved.

## V.  OTHER PROVISIONS

11. The notice requirements of the Class Action Fairness Act, 28 U.S.C. §1715, have been met.

12. The Court approves Plaintiffs' designation of _Epiq Class Action & Claims Solutions, Inc_ as the Settlement Administrator. Absent further order of the Court, the Settlement Administrator shall have such duties and responsibilities as are set forth in the Settlement Agreement.

13. The Court approves Plaintiffs' designation of _Huntington National Bank_ as Escrow Agent. Absent further order of the Court, the Escrow Agent shall have such duties and responsibilities in such capacity as are set forth in the Settlement Agreement.

14. The Court approves the establishment of escrow accounts under the Settlement Agreement as Qualified Settlement Funds ("QSFs") pursuant to Internal Revenue Code §468B and the Treasury Regulations promulgated thereunder, and retains continuing jurisdiction as to any issue that may arise in connection with the formulation or administration of the QSFs. All funds held by the Escrow Agent shall be deemed and considered to be in *custodia legis*, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to the Settlement Agreement and further order(s) of the Court.

15. All reasonable expenses incurred in identifying and notifying potential Settlement Class Members as well as administering the Settlement Fund shall be paid, as set forth herein and in Paragraph 3.10 of the Settlement Agreement, up to the sum of $2,500,000. In the event the Court does not approve the Settlement Agreement, or if the Settlement Agreement otherwise fails to become effective, neither Plaintiffs nor any of their counsel shall have any obligation to repay any amounts incurred or disbursed pursuant to Paragraph 3.10 of the Settlement Agreement.

16. In the event that the Settlement Agreement is terminated, is vacated, is not approved, or the Effective Date fails to occur for any reason, then the parties to such Settlement Agreement shall be deemed to have reverted to their respective status in the Action as of the Execution Date, and, except as otherwise expressly provided herein, such parties shall proceed in all respects as if such Settlement Agreement and any related orders had not been entered, and such Settlement Agreement (including any amendment(s) thereto) and this Order shall be null and void, of no further force or effect, and without prejudice to any such Settling Parties, and may not be introduced as evidence or referred to in any actions or proceedings by any Person; provided, however, that in the event of termination of a Settlement Agreement, Paragraphs 8.3, 9.10, 9.11, 11.4, and 11.5 of such Settlement Agreement shall nonetheless survive and continue to be of effect and have binding force. Any portion of the Settlement Fund previously paid by or on behalf of the Settling Defendants, together with any interest earned thereon (and, if applicable, re-payment of any Fee and Expense Award referred to in Paragraph 8.3 of such Settlement Agreement), less Taxes due, if any, with respect to such income, and less costs of administration and notice actually incurred and paid or payable from the Settlement Fund (not to exceed the sum of $2,500,000 without the prior approval of the Court) shall be returned to such Settling Defendants within five (5) business days after written notification of such event is sent by counsel for the Settling Defendants or Co-Lead Counsel to the Escrow Agent. At the request of such Settling Defendants, the Escrow Agent shall apply for any tax refund owed on the Settlement Fund and pay the proceeds to such Settling Defendants.

17. The Settling Defendants have denied wrongdoing or liability in connection with the allegations in the Action. As such, nothing in the Settlement Agreement constitutes an admission by the Settling Defendants as to the merits of the allegations made in the Action, the validity of any defenses that could be or have been asserted, or the appropriateness of certification of any class other than the Class under Fed. R. Civ. P. 23 for purposes of settlement only.

18. All proceedings in the Action with respect to the Settling Defendants are stayed until further order of the Court. Such stay does not apply, however, to the extent actions are necessary to implement the terms of the Settlement Agreement or comply with its terms. Pending final determination of whether the Settlement Agreement should be approved, neither Plaintiffs nor any Settlement Class Member shall commence or prosecute any action alleging any of the Released Class Claims against the Settling Defendants.

19. All Class Members shall be bound by all determinations and judgments in the Action concerning the settlements set forth in the Settlement Agreement, whether favorable or unfavorable to the Settlement Class.

20. Any member of the Settlement Class may enter an appearance in the Action, at his, her, or its own expense, individually or through counsel of his, her, or its own choice. Any member of the Settlement Class who does not enter an appearance will be represented by Co-Lead Counsel.

The Court's certification of the Settlement Class as provided herein is without prejudice to, or waiver of, the rights of any non-settling Defendant to contest certification of any non-settlement class proposed in this Action. The Court's findings in this Preliminary Approval Order shall have no effect on the Court's ruling on any motion to certify any class in the Action, or appoint class representatives, and no party may cite or refer to the Court's preliminary certification of the Settlement Class as binding or persuasive authority with respect to any motion to certify such class or appoint class representatives.

The Clerk of Court is directed to terminate the pending motion at docket entry 519.

Dated:    February 25, 2022          SO ORDERED.
          New York, New York

                                     *signature*

                                     HON. KATHERINE POLK FAILLA
                                     UNITED STATES DISTRICT JUDGE