**COVINGTON**

BEIJING   BRUSSELS   DUBAI   FRANKFURT   JOHANNESBURG
LONDON   LOS ANGELES   NEW YORK   PALO ALTO
SAN FRANCISCO   SEOUL   SHANGHAI   WASHINGTON

Covington & Burling LLP
One CityCenter
850 Tenth Street, NW
Washington, DC 20001-4956
T +1 202 662 6000

<u>Via ECF</u>

February 28, 2022

The Honorable Katherine Polk Failla
United States District Court, Southern District of New York
40 Foley Square
New York, NY 10007



Re:   *Iowa Public Employees' Retirement System v. Bank of America Corp.*,
       No. 17-cv-6221-KPF (S.D.N.Y.)

Dear Judge Failla:

I write on behalf of the JPMorgan defendants in response to Plaintiffs' motion to re-open discovery for the purpose of serving JPMorgan with "spoliation-related interrogatories" relating to communications on employee personal devices. *See* ECF No. 527. Plaintiffs' motion should be denied because Plaintiffs had ample opportunity to seek the information sought in their interrogatories—and in fact obtained that information to the extent it has any relevance here—during the discovery period. Plaintiffs argue that their belated attempt to re-open these questions is excused by a purportedly "misleading" representation made by JPMorgan in a different case (the *Interest Rate Swaps* case), but that contention is utterly meritless.

**1. <u>Background</u>**. Plaintiffs' "spoliation-related interrogatories" are directed at the steps JPMorgan took to preserve and produce communications on employee personal devices. Plaintiffs' interrogatories are duplicative and untimely because the parties already addressed those matters during the discovery period.

On May 16, 2019, Plaintiffs wrote to all Defendants asking them to confirm that they "have been preserving text messages and ESI from phones." One week later, JPMorgan responded as follows:

> "JPMorgan can confirm it issued litigation hold notices to appropriate employees of JPMorgan promptly after the Complaint . . . was filed, and that these litigation hold notices encompassed relevant phone data.
>
> "Additionally, although JPMorgan maintains that it has no obligation to do so under the Federal Rules, JPMorgan will contact phone log custodians that are current employees and (i) remind them to preserve phone data in their possession relevant to this lawsuit and (ii) ask them to provide any inter-custodian messages sent or received from any BYOD or work-issued devices covered by our tentative phone data agreement and in their possession." Ex. A.

COVINGTON

2022
Page 2

Plaintiffs thus have known since May 2019 that JPMorgan (a) sent a document hold notice that specifically covered personal device communications, (b) contacted the relevant employees to remind them to preserve any personal device communications relating to the litigation, and (c) asked them to provide any inter-custodian messages sent or received on a mobile device encompassed by the parties' discovery negotiations. If Plaintiffs believed that any additional preservation measures were required, the time to say so was in May 2019—not nearly three years later. No such suggestion was ever made.

The parties also explicitly addressed the personal device discovery that would and would not be provided to Plaintiffs. On July 9, 2019, Plaintiffs and Defendants entered into a detailed agreement ("Agreement") that memorialized "the full and complete agreement between the Parties" regarding mobile device discovery. *See* Ex. B ¶ 18. The Agreement required Defendants to make reasonable efforts to provide, for an agreed-upon list of "Covered Custodians," mobile phone numbers and certain company phone records and ESI for employer-issued or employer-subsidized (*i.e.*, "BYOD") mobile devices. *See id.* ¶¶ 1, 8-9. By contrast, for mobile devices that were neither employer-issued nor employer-subsidized, Defendants had no obligation even to produce the relevant phone numbers, much less any phone records or ESI. *See id.* Plaintiffs agreed to serve third-party subpoenas for any additional phone records they wished to obtain. *See id.* ¶ 11. Plaintiffs also agreed that Defendants "shall have no further obligation to provide information or records" relating to employee mobile devices. *Id.* ¶18.

JPMorgan timely provided all mobile device discovery it was required to provide under the Agreement. In addition, consistent with its May 2019 communication to Plaintiffs, it interviewed the relevant custodians regarding their personal devices, and timely produced the one set of potentially relevant text messages it identified. *See* JPMC-SL-01089420.

Document discovery closed on May 1, 2020. Eighteen months later, on December 17, 2021, the SEC issued an order finding that a number of JPMorgan employees had used personal devices to communicate about "the firm's securities business," including "investment strategy," "market color," and "debt and equity underwriting issues," from at least 2018 to 2020. *See* Pltfs. Ex. 1 ¶¶ 20-26. Although the order notes that "in some instances" these communications were unrecoverable (*id.* ¶ 7), it makes no mention of either stock lending or the 2009-to-2016 period at issue here, and the document custodians at issue here were specifically instructed to preserve responsive personal device communications.

**2. Argument**. Plaintiffs cannot show good cause to re-open discovery for the purpose of serving "spoliation-related interrogatories" for three main reasons.

*First*, Plaintiffs base their motion on their assertion that JPMorgan made an "untrue" representation that its employees did not communicate via "text messages and communications on . . . employees' personal devices" (Ltr. at 1-2), but that accusation is specious. Plaintiffs rely on a March 12, 2019 e-mail in this action in which counsel for JPMorgan merely objected that producing certain phone logs data "would be an extraordinarily expensive and time-intensive endeavor." *See* Ltr. at 2; Ex. C at 1. That mere burden objection, however, comes nowhere near

COVINGTON

2022
Page 3

a representation that JPMorgan employees did not communicate via text messages or personal devices. Nor did this straightforward burden objection have any effect on the course of discovery: notwithstanding that objection, JPMorgan and all other Defendants agreed in the July 2019 Agreement to provide relevant phone logs within their custody and control. Ex. B ¶ 8.

Plaintiffs also rely on a February 23, 2018 e-mail sent in a different action—the *Interest Rate Swaps* or "*IRS*" action—but that e-mail made no mention whatsoever of text messages or personal devices. Instead, it merely stated that "JPMorgan does not permit its employees to use [an itemized list of messaging applications] in the course of their employment." *See* Pltfs. Ex. 3. As JPMorgan has explained in the *IRS* litigation, that statement was entirely accurate, and the *IRS* discovery record belies any suggestion that the February 23 e-mail misled the plaintiffs even in the *IRS* action. *See* Exs. D and E. In any event, it borders on the frivolous to suggest that a single sentence in a single e-mail that (i) was sent in a separate action and (ii) made no mention of text messages or personal devices somehow led Plaintiffs to believe that the document custodians in *this* action did not communicate via text messages or personal devices.

*Second*, the proposed interrogatories are duplicative and untimely. When Plaintiffs inquired in May 2019 about the steps JPMorgan was taking to preserve personal device communications, JPMorgan responded by telling Plaintiffs exactly what it was doing to preserve those communications. *Supra* at 1-2. Plaintiffs have never suggested—either then or now—that any additional preservation measures were required; nor did they ask any follow up questions. Having failed to ask any further questions about JPMorgan's preservation measures when the parties were discussing that issue in 2019, Plaintiffs have no right to serve untimely interrogatories directed at that issue long after the discovery deadline. *See, e.g.*, *Bakalar v. Vavra*, 851 F. Supp. 2d 489, 493 (S.D.N.Y. 2011) (denying leave to re-open discovery where "there has already been adequate opportunity for discovery"); *In re Health Mgmt., Inc.*, 1999 WL 33594132, at *5 (E.D.N.Y. Sept. 25, 1999) (declining to reopen discovery where plaintiff could have sought the discovery at issue during the discovery period).

*Third*, Plaintiffs have already received all personal device discovery they were entitled to receive. Consistent with its May 2019 e-mail to Plaintiffs, JPMorgan interviewed the relevant document custodians, asked them whether they had any responsive personal device communications, and produced the small set of potentially relevant text messages it identified. JPMorgan also provided all additional discovery it was required to provide under the July 2019 Agreement, and the Agreement provided that JPMorgan would have no further discovery obligations relating to personal devices. *See* Ex. B ¶ 18. The proposed interrogatories thus are pointless: Plaintiffs have already received all personal device discovery they were due, and JPMorgan is not aware of any other personal device communications relating to this litigation. Moreover, even if Plaintiffs could identify any preservation failure here (and they cannot), they would have no basis for seeking spoliation sanctions because sanctions are not available to a party that failed to insist on production of the allegedly-spoliated evidence. *See, e.g.*, *Klezmer ex rel. Desyatnik v. Buynak*, 227 F.R.D. 43, 52 (E.D.N.Y. 2005).

For all these reasons, Plaintiffs' motion should be denied.

**COVINGTON**

2022
Page 4

                                        Respectfully submitted,

                                        s/

                                        Robert D. Wick

                                        *Counsel to the JPMorgan Defendants*

The Court is in receipt of Plaintiffs' letter motion, dated February 23, 2022, seeking to reopen discovery for the purpose of serving spoliation-related interrogatories on JPMorgan. (Dkt. #527). The Court has also received JPMorgan's above-letter in opposition, dated February 28, 2022. (Dkt. #531-532).

Plaintiffs' request for a conference regarding its discovery motion is hereby GRANTED. The parties are directed to appear for a telephonic conference on **March 3, 2022, at 2:00 p.m.** At the appointed time, the parties shall call (888) 363-4749 and enter access code 5123533. Please note that the conference line will be unavailable prior to 2:00 p.m.

The Clerk of Court is directed to terminate the pending motion at docket entry 527.

Dated:    March 2, 2022                SO ORDERED.
             New York, New York

                                            HON. KATHERINE POLK FAILLA
                                            UNITED STATES DISTRICT JUDGE