UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IOWA PUBLIC EMPLOYEES' RETIREMENT SYSTEM, et al.,<br><br>                  Plaintiffs,<br><br>-v-<br><br>MERRILL LYNCH, PIERCE, FENNER & SMITH INC., et al.,<br><br>                  Defendants. | CIVIL ACTION NO.: 17 Civ. 6221 (KPF) (SLC)<br><br>**ORAL ARGUMENT SCHEDULING ORDER** |

**SARAH L. CAVE,** United States Magistrate Judge.

The Court will hold Oral Argument regarding the Motion for Class Certification (ECF No. 468) on **Thursday, April 28, 2022 at 10:00 am** in Courtroom 18A, 500 Pearl Street, New York, New York.  The Court will allocate the entire day to Oral Argument.

By **Thursday**, **April 21, 2022**, the parties shall file a joint letter that addresses: (i) the proposed allocation of time between the parties for Oral Argument; (ii) a proposal to accommodate any confidentiality issues that may arise during Oral Argument; and (iii) a list of the electronic devices the parties request permission to bring to Oral Argument.  The parties shall consult the Court's Standing Order M10-468 concerning electronic devices (attached to this Order) and file a Proposed Order for the Court's endorsement.

The Court expects the parties to refer to exhibits according to their ECF numbers (e.g., ECF No. 1287-1, etc.), not by their exhibit numbers or letters, and they must also adhere to this citation convention in their argument and in any demonstratives.

In advance of Oral Argument, the Court will share with the parties a list of questions for the parties to address during Oral Argument.

Dated:      New York, New York
               March 3, 2022

SO ORDERED.

_____
**SARAH L. CAVE**
**United States Magistrate Judge**

**14 MISC 0047**



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
                                    :
In the Matter of Personal           :       STANDING ORDER
Electronic Devices and              :         M10-468
General Purpose Computing Devices   :         (REVISED)
                                    :
------------------------------------x


At a meeting of February 26, 2014, the Board of Judges of the Southern District of New York approved adoption of the following Revised Standing Order M10-468 and attached standard form of order, effective February 26, 2014:

(a)  *Definitions*

   (1)  "Personal Electronic Device" includes any cellular telephone and any other comparable device. For purposes of this Standing Order, this definition excludes those devices which constitute a "General Purpose Computing Device", as defined below.

   (2)  "General Purpose Computing Device" includes any laptop, iPad or similar tablet device and any other comparable device. For purposes of this Standing Order, this definition excludes those devices which constitute a "Personal Electronic Device", as defined above.

   (3)  "Valid Service Pass" refers to a pass issued by the District Executive's Office to an attorney who has been admitted to the Bar of this Court and presents a valid State Unified Court System Attorney Service Pass.

   (4)  "Environs" for purposes of this Standing Order encompass United States Courthouse properties in their entirety including all entrances to and exits from such buildings. It does not include public sidewalks outside of such properties.


(b)  No one other than court officials engaged in the conduct of court business shall bring any camera, transmitter, receiver, recording device, Personal Electronic Device, or General Purpose Computing Device into the United States Courthouses of this district ("Courthouses") or their Environs except as permitted by this Standing Order.

Case 1:17-cv-06221-KPF-SLC Document 535 Filed 03/03/22 Page 4 of 8
Case 1:14-mc-00047-P1 Document 2 Filed 02/27/14 Page 2 of 6

2

(c) A person who enters the Environs of the Courthouse with a Personal Electronic Device or a General Purpose Computing Device without permission as set forth in this Order, shall check such device(s) in the security area at the entrance to the Courthouse.

(d) Any violation of this Standing Order, or the individual practice or rule of any individual judge, may result in sanctions including, but not limited to, fines, temporary confiscation of a device used in connection with such violation, and/or forfeiture of the privileges granted by this Standing Order.

(e) Any attorney with a Valid Service Pass, Assistant United States Attorneys and Federal Defenders, in each case for this district, may, subject to security screening, bring one Personal Electronic Device into the Courthouses and their Environs for that attorney's own use. The Personal Electronic Device may not be shared with any other person and must not be used in a manner that disrupts or interferes with any judicial proceeding.

(f) No Personal Electronic Device may be brought into any courtroom, witness room or jury room, robing room or associated space, or into any judicial chambers, if the judge to whom the space is assigned prohibits the introduction of such devices either generally or during a particular session of the court.

(g) Any member of the Bar of any court may, with the advance written permission of the judge presiding and subject to security screening, bring one or more Personal Electronic Devices or General Purpose Computing Devices into the Courthouses and their Environs for use in a particular trial or proceedings before that judge.

(h) For avoidance of doubt, a Valid Service Pass by itself does not authorize an attorney to bring a General Purpose Computing Device into the Courthouses and their Environs. An attorney with a Valid Service Pass must separately receive authorization from the presiding judge to bring in a General Purpose Computing Device into a Courthouse and may do so only for the specific court proceeding for which the attorney has received written permission.

(i) The written permission of the judge presiding shall be granted by means of a standard form of order (attached as

Case 1:17-cv-06221-KPF-SLC Document 535 Filed 03/03/22 Page 5 of 8
Case 1:14-mc-00047-P1 Document 2 Filed 02/27/14 Page 3 of 6

3

Exhibit A and available at www.nysd.uscourts.gov/forms.php) which shall (1) enumerate the devices for which permission is granted and (2) the date(s) to which such authorization applies. The form of the order may be amended from time to time by the Court in accordance with its internal procedures.

(j)  All sound emitting capabilities including, without limitation, any ringtone or vibrating sound, must be off whenever a Personal Electronic Device or General Purpose Computing Device is in any courtroom.

(k)  No Personal Electronic Device or Personal Computing Device may record any sound or image whatsoever while in the Courthouses and their Environs. Any infra-red ports or capabilities, and any blue-tooth capabilities, shall be turned off whenever the device is in any Courthouse or its Environs.

(l)  No Personal Electronic Devices or General Purpose Computing Device shall ever be connected wirelessly or otherwise to the Court's computer network or any device connected thereto.

(m)  No General Purpose Computing Device connected to a court reporter's device for the purpose of receiving a real-time feed may be connected to or otherwise networked with any other Personal Electronic Device or General Purpose Computing Device.

(n)  No Personal Electronic Device or General Purpose Computing Device may be used by anyone in any courtroom for communicating with other individuals or entities without the prior express permission of the presiding judge. For the avoidance of doubt, telephone calls, e-mails, internet or web-based research and text or instant messaging may not be conducted in a courtroom without the prior express permission of the presiding judge.

(o)  Printers, scanners, and white boards with wireless transmission capabilities shall not be connected to authorized Personal Electronic Devices or General Purpose Computing Devices while in a courtroom without prior express authorization of the presiding judge.

(p)  The Chief Judge or, in the absence of the Chief Judge, the Chair of the Court's Security Committee, may suspend the privilege of bringing Personal Electronic Devices or General

4

Purpose Computing Devices into the Courthouses and their Environs that is granted by this Standing Order.  The suspension may be in whole or in part and may affect only particular Courthouses and their Environs or parts thereof.  Any such suspension shall terminate at the conclusion of the next regularly scheduled meeting of the Board of Judges except to the extent the Board of Judges continues the suspension either in its original or a modified form.

(q)   Any presiding judge may suspend the privilege previously granted to any individual of bringing Personal Electronic Devices or General Purpose Computing Devices into the Courthouses and their Environs in his or her sole discretion.

SO ORDERED:

                                                        */s/ Loretta A. Preska*
                                                        Loretta A. Preska
                                                        Chief Judge

Dated:   New York, New York
        February 27, 2014

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____ x

IN THE MATTER OF AN APPLICATION
TO BRING PERSONAL ELECTRONIC DEVICE(S)
OR GENERAL PURPOSE COMPUTING DEVICE(S)
INTO THE COURTHOUSES OF THE
SOUTHERN DISTRICT OF NEW YORK
FOR USE IN A PROCEEDING OR TRIAL
_____ x

The following Order is subject to the definitions, obligations and restrictions imposed pursuant to Standing Order M10-468, as Revised. Upon submission of written application to this Court, it is hereby

ORDERED that the following attorney(s) are authorized to bring the Personal Electronic Device(s) and/or the General Purpose Computing Device(s) (collectively, "Devices") listed below into the Courthouse for use in a proceeding or trial in the action captioned_____

_____, No. _____. The date(s) for which such authorization is provided is (are) _____.

| Attorney | Device(s) |
|---|---|
| 1. | |
| 2. | |

6

| 3. | |
|---|---|
| | |

*(Attach Extra Sheet If Needed)*

The attorney(s) identified in this Order must present a copy of this Order when entering the Courthouse. Bringing any authorized Device(s) into the Courthouse or its Environs constitutes a certification by the attorney that he or she will comply in all respects with the restrictions and obligations set forth in Standing Order M10-468, as Revised.

SO ORDERED:

Dated: _____

_____
United States Judge

Revised: February 26, 2014