quinn emanuel trial lawyers | new york



April 12, 2022

<u>VIA ECF</u>

Magistrate Judge Sarah L. Cave
Daniel Patrick Moynihan Courthouse
500 Pearl Street, Room 1670
New York, NY 10007

Re:    *Iowa Pub. Emps.' Ret. Sys. et al. v. Bank of Am. Corp. et al.*, No. 17-cv-6221 (KPF-SLC)

Dear Judge Cave:

Plaintiffs write to bring to the Court's attention a recent *en banc* opinion from the United States Court of Appeals for the Ninth Circuit, *Olean Wholesale Grocery Coop., Inc. v. Bumble Bee Foods LLC*, No. 19-56514 (9th Cir. Apr. 8, 2022) (Dkt. 186-1) ("*Olean*"). *Olean,* which affirmed the grant of class certification in an antitrust case, addresses a number of disputed legal issues that are central to Plaintiffs' pending motion for class certification. A copy of the opinion is attached as Exhibit A to this letter.

**<u>The "Reasonable Juror" Standard</u>**

In their Opposition Brief, Defendants cited the panel's original decision, *Olean Wholesale Grocery Cooperative, Inc. v. Bumble Bee Foods LLC*, 993 F.3d 774, 784–85, 791–93 (9th Cir. 2021), for the proposition that, at the class certification stage, plaintiffs "must establish by a preponderance of evidence that all (or nearly all) members of the class suffered damage." Class Cert. Opp'n Br. (ECF 431) at 12 n.10. The Ninth Circuit in *Olean*, however, reached a different conclusion. Contrary to Defendants' argument, and consistent with Plaintiffs' position in this case,[1] the Ninth Circuit held that, under *Tyson Foods, Inc. v. Bouaphakeo*, 577 U.S. 442, 457 (2016), plaintiffs must only show by a preponderance of evidence that their proof of impact *could* sustain "a reasonable jury finding" of class-wide impact:

> Therefore, a district court cannot decline certification merely because it considers plaintiffs' evidence relating to the common question to be unpersuasive and unlikely to succeed in carrying the plaintiffs' burden of proof on that issue. *See id.* at 459–60. Rather, *Tyson Foods* established the rule that if "each class member could have relied on [the plaintiffs' evidence] to establish liability if he or she had brought an individual action," and the evidence "***could have sustained a reasonable jury finding***" on the merits of a common question, *Tyson Foods*, 577

---

[1]  Class Cert. Reply Br. (ECF 469) at 5 (citing *In re Restasis (Cyclosporine Ophthalmic Emulsion) Antitrust Litig.*, 335 F.R.D. 1, 18 (E.D.N.Y. 2020)).

> U.S. at 455, then a district court may conclude that the plaintiffs have carried their burden of satisfying the Rule 23(b)(3) requirements as to that common question of law or fact.[2]

*Olean* at 28 (emphasis added) (alterations in original). The Ninth Circuit also "disapprove[d]" the "dictum in *Senne*," upon which the Defendants rely in their Sur-Reply. Class Cert. Sur-Reply Br. (ECF 495) at 3 n.3. The *Senne* Court had stated in passing that *Tyson* "should be read narrowly and not assumed to apply outside of the wage and hour context." *Olean* at 28 n.11. But the Ninth Circuit rejected this narrow reading of *Tyson* because "***Tyson Foods contains no such limitation; rather, it declined to adopt 'broad and categorical rules governing the use of representative and statistical evidence in class actions.'***" *Id*. *Olean* thus suggests, as Plaintiffs have argued, that this Court should evaluate Plaintiffs' proof of impact—including Dr. Zhu's methodologies—under the "reasonable juror" standard.

**Resolving Fact or Expert Disputes**

Relatedly, *Olean* explained that "a district court is limited to resolving whether the evidence establishes that a common question is ***capable*** of class-wide resolution, not whether the evidence in fact establishes that plaintiffs would win at trial." *Olean* at 26. Accordingly, many disputes raised by defendants about a plaintiff's methodology need not be resolved by the district court, and are properly reserved for the jury.[3] *See, e.g., Olean* at 44 ("Because there was a rational basis for Dr. Mangum's use of the pooled regression model to demonstrate class-wide impact, the court concluded the failure of the Chow test did not require the court to reject the model"); *id.* at 28–29 ("such expert evidence was capable of answering a common question for the entire class in one stroke, and could reasonably sustain a jury verdict in favor of the plaintiffs, even though a jury could still decide that the evidence was not persuasive"); *id.* at 45 ("But the district court recognized that at this stage of the proceedings, its task was to determine whether Dr. Mangum's evidence was capable of showing class-wide impact, not to reach a conclusion on the merits of the DPPs' claims"). This holding follows the Supreme Court's guidance that "Rule 23 grants courts no license to engage in free-ranging merits inquiries at the certification stage." *Amgen Inc. v. Connecticut Ret. Plans & Tr. Funds*, 568 U.S. 455, 466 (2013). Indeed, the Ninth Circuit held it was proper for the district court to certify a class even where the court "acknowledged that the defendants' critique" of the plaintiffs' proof of impact "could be persuasive to a jury at trial." *Id.* at 25; *see also id.* at 54 ("In other words, the district court determined that Dr. Mangum's pooled regression model was ***capable*** of showing that the DPP class members suffered antitrust impact on a class-wide basis, *notwithstanding* Dr. Johnson's critique. This was all that was necessary at the certification stage.").

---

[2] In this letter, Plaintiffs use bold italics to indicate emphasis added, and non-bold italics to indicate emphasis in the *Olean* Opinion.

[3] In this case, for example, Defendants and Plaintiffs disagree as to the appropriate estimate of cost for platform sponsorship and clearing. *Compare* Class Cert. Opp'n Br. (ECF 431) at 22 *with* Class Cert. Reply Br. (ECF 469) at 13–15 (citing the reports of Drs. Zhu, Asquith, and Pathak). Under *Olean*, these and other such disputes should be reserved for the jury, so long as a reasonable jury could agree with Plaintiffs.

**Impact vs. Damages**

*Olean* also rejects Defendants' efforts to manipulate Plaintiffs' damages model to claim that the presence of so-called "uninjured" class members disproves class-wide impact. In *Olean*, as in this case, the plaintiffs presented separate expert analyses of impact and damages. *See, e.g., Olean* at 38 n.18 (noting that the plaintiffs' expert used "a different methodology" for impact and damages). The *Olean* defendants, however, like the Defendants in this case, modified plaintiffs' damages approach to fit their own assumptions and parameters, and then claimed that under the new assumptions and parameters, the model showed that 28% of class members had no damages. *Olean* at 54–56. Defendants in *Olean* then claimed, just as they do here, that this demonstrated there was no class-wide *impact*. *Id*.

But the Ninth Circuit rejected this approach, explaining: "We need not consider the [defendants'] argument that the possible presence of a large number of uninjured class members raises an Article III issue, because the [plaintiffs] have demonstrated that all class members have standing here." *Olean* at 56-57. This is because "[i]f the jury found that Dr. Mangum's model was reliable, then the DPPs would have succeeded in showing antitrust impact on a class-wide basis, an element of their antitrust claim." *Olean* at 55.[4] The Ninth Circuit further rejected the *Olean* defendants' argument that the specific *quantum* of damages for each class member is determinative of class-wide impact, holding "***it is irrelevant whether actual sales data shows a specific class member was overcharged by more or less than 10.28 percent***" because "the question is whether each member of the class can rely on Dr. Mangum's model ***to show antitrust impact of any amount***." *Olean* at 51-52.

Similarly here, Defendants attempt to co-opt our damages model to supposedly "disprove" Dr. Zhu's showing of class-wide impact. Class Cert. Opp'n Br. (ECF 431) at 17. But here, as in *Olean*, such arguments are insufficient at this stage to overcome Plaintiffs' demonstration that Plaintiffs are *capable* of proving class-wide impact through Dr. Zhu's methodologies. No matter what arguments Defendants make with regard to measuring damages for individual class members, Dr. Zhu's impact methodologies are still capable of demonstrating that *all* class members experienced impact in *some* "amount" and thus supports class certification. *Olean* at 52**.**

Respectfully submitted,

| | |
|---|---|
| */s/ Michael B. Eisenkraft* | */s/ Daniel L. Brockett* |
| Michael B. Eisenkraft | Daniel L. Brockett |
| COHEN MILSTEIN SELLERS & TOLL PLLC | QUINN EMANUEL URQUHART & SULLIVAN, LLP |

---

[4] *Olean* also explicitly rejected the "argument that Rule 23 does not permit the certification of a class that potentially includes more than a de minimis number of uninjured class members." *Id.* at *9.