quinn emanuel trial lawyers | new york



COHEN MILSTEIN

> The Court deems briefing of the motion for class certification motion (ECF No. 468 (the "Motion")) complete. The parties are to refrain from making any further filings concerning the Motion prior to the oral argument scheduled April 28, 2022 at 10:00am. Any supplemental authorities may be presented to the Court at that time.
>
> SO ORDERED 4/15/2022
>
> SARAH L. CAVE
> United States Magistrate Judge

April 14, 2022

<u>VIA ECF</u>

Magistrate Judge Sarah L. Cave
Daniel Patrick Moynihan Courthouse
500 Pearl Street, Room 1670
New York, NY 10007

Re: *Iowa Pub. Emps.' Ret. Sys. et al. v. Bank of Am. Corp. et al.*, No. 17-cv-6221 (KPF-SLC)

Dear Judge Cave:

  Plaintiffs write to bring to the Court's attention an Opinion and Order issued by Judge Furman of this Court on April 11, 2022 which, in granting class certification, addressed and rejected many of the same arguments advanced by Defendants in this case regarding supposed conflicts among class members. *See Sjunde AP-Fonden v. Gen. Elec. Co.*, No. 17-cv-8457, 2022 WL 1078460 (S.D.N.Y. Apr. 11, 2022) (attached as Exhibit A) ("*Sjunde*").

  Specifically, in *Sjunde*, a securities class action, defendants argued there was an intraclass conflict that prevented certification "because class members purchased securities at different times, including after one alleged misrepresentation but before another, or after a partial corrective disclosure" *Id*. at *3. Defendants claimed that class members who purchased at different times may have different economic interests with respect to which misrepresentation caused more price inflation. If one were to substitute "but-for price" for "price inflation," Defendants' arguments here would appear identical. They contend that "[b]orrowers and lenders . . . face a zero-sum conflict of interest with respect to the determination of but-for prices." *See* ECF No. 431 at 46-49 (arguing that potential different economic interests with respect to but-for world pricing creates fundamental conflict between borrowers and lenders), 55 (arguing that SCERA is inadequate because it both borrowed and lent securities); *see also* ECF No. 432-2 at 107-113 (proposing alternative but-for prices that would allocate damages differently among class members).

  Relying on well-established precedent, Judge Furman squarely rejected this line of argument, ruling that "putative intra-class conflicts . . . which could potentially motivate different class members to argue that the securities were relatively more or less inflated at different time periods, relate to damages and do not warrant denial of class certification." *Sjunde* at *3 (quoting *In re Alstom SA Sec. Litig.*, 253 F.R.D. 266, 277 (S.D.N.Y. 2008)). In doing so, Judge Furman noted that defendants could not "cite a single case in which such a purported conflict precluded class certification." *Id.*

  The same rationale applies here—litigation decisions that may affect the respective damages to which different class members are entitled do not create fundamental conflicts that interfere with class certification.

Respectfully submitted,

| | |
|---|---|
| */s/ Michael B. Eisenkraft* | */s/ Daniel L. Brockett* |
| Michael B. Eisenkraft | Daniel L. Brockett |
| COHEN MILSTEIN SELLERS & TOLL PLLC | QUINN EMANUEL URQUHART & SULLIVAN, LLP |