**SHEARMAN & STERLING LLP**

599 Lexington Avenue
New York, NY 10022-6069
+1.212.848.4000

RSchwed@shearman.com
212.848.5445

<u>Via ECF</u>

August 4, 2023

Hon. Katherine Polk Failla
United States District Court, Southern District of New York
40 Foley Square, Room 2101
New York, NY 10007

Re:   *Iowa Pub. Emps.' Ret. Sys., et al. v. Bank of Am. Corp., et al.*, 17-cv-6221 (KPF) (SLC)

Dear Judge Failla:

We write in response to Plaintiffs' July 31, 2023 letter regarding the D.C. Circuit's unpublished per curiam order in *National ATM Council, Inc. v. VISA Inc.*, No. 16-md-2704 (D.C. Cir. Jul. 25, 2023) ("*ATM*").  ECF 638, 638-1.  Plaintiffs' claim that *ATM* supports Judge Cave's report and recommendation ("R&R," ECF 563) and undermines Defendants' objections to the R&R ("Objections," ECF 576, 617) mischaracterizes the R&R, the Objections, and the record.  It also misreads *ATM*.  Among other key differences between that case and this one, the plaintiffs in *ATM* alleged that the defendants had imposed the same anticompetitive fees on all ATM transactions; whether class members were injured by that conduct was therefore a common question that would not vary from class member to class member.  In this case, in contrast, the material terms of individual transactions in the OTC stock lending market vary by transaction, and whether any putative class member has suffered injury due to Defendants' challenged conduct depends on individual inquiries respecting each class member's particular trading strategies, needs, and circumstances.  Indeed, as applied to the record here, the D.C. Circuit's analysis in *ATM* highlights the infirmities of Judge Cave's predominance conclusions and certification recommendation.

*First*, Plaintiffs' suggestion that *ATM* establishes that plaintiffs moving for class certification "need only demonstrate a colorable method by which they intend to prove class-wide impact," ECF 638 at 1, is wrong.  The D.C. Circuit cautioned that such a standard was "in tension with our recent guidance that Rule 23 'commands' the court to take a 'hard look at the soundness of statistical models that purport to show predominance.'"  *ATM*, ECF 638-1 at 4–5 (quoting *In re Rail Freight Fuel Surcharge Antitrust Litig.*, 725 F.3d 244, 255 (D.C. Cir. 2013) ("*Rail Freight I*")); *see id.* at 7 (explaining that, in context, the district court used "colorable" to denote evidence appearing to be "true, valid, or right") (citation omitted).  The D.C. Circuit thus made clear, as Defendants emphasize in their Objections, *see, e.g.,* ECF 576 at 2, that "a district court may certify a class only if it is convinced 'after a rigorous analysis' that the proposed class can 'satisfy through evidentiary proof' the requirements of" Rule 23.  *ATM*, 638-1 at 5 (quoting *Comcast Corp. v. Behrend*, 569

SHEARMAN.COM

Shearman & Sterling LLP is a limited liability partnership organized in the United States under the laws of the state of Delaware, which laws limit the personal liability of partners.

August 4, 2023

U.S. 27, 33–34 (2013)); *accord, e.g.*, *Cuevas v. Citizens Fin. Grp.*, 526 F. App'x 19, 21–22 (2d Cir. 2013); *In re Namenda Indirect Purchaser Antitrust Litig.*, 338 F.R.D. 527, 554 (S.D.N.Y. 2021). Plaintiffs' misguided urging for a mere "colorable" standard is a tacit acknowledgement that their proffered evidence cannot withstand a rigorous analysis.

*Second*, Plaintiffs' contention that *ATM* "disposes of one of Defendants' primary objections to the R&R—that Judge Cave 'punted to the jury' the question of whether Plaintiffs were capable of proving classwide injury," ECF 638 at 2, misapprehends *ATM* as well as the R&R and the Objections. Unlike the defendants' challenge in *ATM*, Defendants do not object to the R&R by challenging whether Plaintiffs' proposed methods for proving class-wide injury and damages should or will be *accepted* by the jury "on the merits." ECF 638 at 1; *see ATM*, ECF 638-1 at 10. Rather, Defendants challenge whether Plaintiffs' proposed methods for proving class-wide injury and damages may even be *presented* to the jury. *See, e.g.*, *In re Aluminum Warehousing Antitrust Litig.*, 336 F.R.D. 5, 46–49 (S.D.N.Y. 2020). Specifically, Defendants object that Judge Cave left to the jury the threshold, predicate question — which must be answered before Plaintiffs' proposed class may be certified — of whether Dr. Zhu's analysis "is capable of proving injury to each individual class member." ECF 576 at 39–43; *see* ECF 617 at 19–22.

Plaintiffs contend that this dispute, like the dispute in *ATM*, is "tangential" and merely concerns which side's expert a jury might find more credible. ECF 638 at 2. Not so. The dispute here is precisely the type of dispute that the *ATM* court emphasized was *not* implicated in that case; namely, a dispute concerning "whether the elements of Plaintiffs' claims are generally susceptible to class-wide proof with the evidence Plaintiffs have presented." *ATM*, ECF 638-1 at 10. Because resolving that dispute is necessary before it can be determined whether Rule 23's predominance requirement has been satisfied, it must be resolved by the Court, not by the jury. *See, e.g.*, *In re Initial Pub. Offering Sec. Litig.*, 471 F.3d 24, 41 (2d Cir. 2006); *In re LIBOR-Based Fin. Instruments Antitrust Litig.*, 299 F. Supp. 3d 430, 471 (S.D.N.Y. 2018). To satisfy the predominance requirement, Plaintiffs must proffer a "'*reliable* means of proving classwide injury in fact.'" *ATM*, ECF 638-1 at 6 (quoting *Rail Freight I*, 725 F.3d at 252–53). In *ATM*, the district court affirmatively made such findings. *Id*. Here, though, Judge Cave did not, improperly referring such matters to the jury. R&R, ECF 563 at 57–59; *see, e.g.*, *Aluminum*, 336 F.R.D. at 49. Moreover, as detailed in the Objections, a rigorous analysis of the record shows that Plaintiffs' supposed proof of common harm is not reliable — and is therefore incapable of proving class-wide injury. ECF 576 at 39–43; ECF 617 at 19–22.

*Third*, Plaintiffs' argument that *ATM* supports a predominance finding notwithstanding that evidence will be introduced at trial showing that individual class members were uninjured, ECF 638 at 2–3, again ignores key differences between *ATM* and this case. In *ATM*, the defendants did not identify any credible individual challenges to injury that they could present, and the D.C. Circuit stressed that nothing in the record indicated that the class included uninjured members. ECF 638-1 at 11. The situation here could not be more different.

The Objections detail the abundant record evidence that will be presented at trial to identify individual class members that were unharmed by the alleged conspiracy because, for example, they would not have used or benefitted from platform trading or would have been worse off in the but-for world after accounting for the added value of OTC loans as compared to platform loans. ECF 576 at 19–31; ECF 617 at 8–14. In addition, as the Objections further detail — in yet further

August 4, 2023

contrast to the situation in *ATM*, ECF 638-1 at 11–12 — Plaintiffs' own model confirms that many members of the proposed class were unharmed by the alleged conspiracy. ECF 576 at 33–38; ECF 617 at 15–18. Thus, far from merely "gestur[ing] at some future possibility of proving uninjured class members," ECF 638 at 3, the Objections demonstrate how the record itself confirms that Defendants' exercise of their constitutional right to contest at trial the existence of injury to individual class members defeats predominance. *See, e.g.*, *In re Rail Freight Fuel Surcharge Antitrust Litig.*, 934 F.3d 619, 624–25 (D.C. Cir. 2019); *In re Asacol Antitrust Litig.*, 907 F.3d 42, 55 (1st Cir. 2018).

*Finally*, Plaintiffs also overreach in claiming that *ATM* validates Dr. Zhu's "yardstick" to purportedly demonstrate class-wide impact. ECF 638 at 3. That the yardstick model at issue in *ATM* was considered reliable to demonstrate class-wide impact in that case says nothing about whether Dr. Zhu's proffered yardstick analysis is reliable to demonstrate class-wide impact here. Indeed, comparing the yardstick model at issue in *ATM* to the yardstick analysis proffered by Dr. Zhu underscores the unreliability of the latter. In *ATM*, the plaintiffs' expert's yardstick was a market in which *the same services* were being provided, except that the yardstick market was unaffected by the defendants' alleged anticompetitive conduct. *ATM*, ECF 638-1 at 8. Here, though, Dr. Zhu's yardstick markets involve features and services that are materially different from the features of and services offered in the stock lending market, even though far more comparable yardsticks were readily available to Dr. Zhu. ECF 576 at 44–45; ECF 617 at 23.

For the foregoing reasons and the reasons detailed in the Objections, Plaintiffs' motion for class certification should be denied.

Respectfully submitted,

*/s/ Richard F. Schwed*
Richard F. Schwed

*Counsel for Defendants Merrill Lynch, Pierce, Fenner & Smith Incorporated,
Merrill Lynch L.P. Holdings, and Merrill Lynch Professional Clearing Corp.*