EXHIBIT  1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IOWA PUBLIC EMPLOYEES' RETIREMENT SYSTEM; LOS ANGELES COUNTY EMPLOYEES RETIREMENT ASSOCIATION; ORANGE COUNTY EMPLOYEES RETIREMENT SYSTEM; SONOMA COUNTY EMPLOYEES' RETIREMENT ASSOCIATION; and TORUS CAPITAL, LLC, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>MERRILL LYNCH, PIERCE, FENNER & SMITH INCORPORATED; MERRILL LYNCH L.P. HOLDINGS, INC.; MERRILL LYNCH PROFESSIONAL CLEARING CORP.; CREDIT SUISSE AG; CREDIT SUISSE SECURITIES (USA) LLC; CREDIT SUISSE FIRST BOSTON NEXT FUND, INC.; CREDIT SUISSE PRIME SECURITIES SERVICES (USA) LLC; GOLDMAN, SACHS & CO. LLC; GOLDMAN SACHS EXECUTION & CLEARING, L.P.; J.P. MORGAN SECURITIES LLC; J.P. MORGAN PRIME, INC.; J.P. MORGAN STRATEGIC SECURITIES LENDING CORP.; JPMORGAN CHASE BANK, N.A.; MORGAN STANLEY; MORGAN STANLEY CAPITAL MANAGEMENT, LLC; MORGAN STANLEY & CO. LLC; MORGAN STANLEY DISTRIBUTION, INC.; PRIME DEALER SERVICES CORP.; STRATEGIC INVESTMENTS I, INC.; UBS AG; UBS AMERICAS INC.; UBS SECURITIES LLC; UBS FINANCIAL SERVICES INC.; EQUILEND LLC; EQUILEND EUROPE LIMITED; and EQUILEND HOLDINGS LLC,<br><br>Defendants. | No.  17-cv-6221 (KPF-SLC)<br><br><br><br>STIPULATION AND AGREEMENT OF SETTLEMENT, COMPROMISE, AND RELEASE WITH THE GOLDMAN SACHS, MORGAN STANLEY, JPMORGAN, UBS, AND EQUILEND DEFENDANTS<br><br><br><br>Hon. Katherine Polk Failla |

## <u>TABLE OF CONTENTS</u>

<u>Page</u>

I.   PLAINTIFFS' CLAIMS AND BENEFITS OF SETTLEMENT .......................................2

II.   SETTLING DEFENDANTS' DENIALS OF WRONGDOING AND LIABILITY ..........2

III.   TERMS OF STIPULATION AND AGREEMENT OF SETTLEMENT .........................3

     1.   Definitions.........................................................................................3

     2.   CAFA Notice ...................................................................................11

     3.   The Settlement ................................................................................11

     4.   Taxes ...............................................................................................14

     5.   Preliminary Approval Order, Notice, and Fairness Hearing....................16

     6.   Releases...........................................................................................21

     7.   Administration and Calculation of Claims, Final Awards, and
         Supervision and Distribution of the Settlement Fund...............................24

     8.   Plaintiffs' Counsel's Attorneys' Fees, Costs, Charges and
         Expenses .........................................................................................28

     9.   Conditions of Settlement and Effect of Disapproval, or
         Cancellation ....................................................................................30

     10.   Conditions of Settlement and Effect of Termination ...............................32

     11.   Cooperation.....................................................................................34

     12.   Miscellaneous Provisions..................................................................38

This Stipulation and Agreement of Settlement, Compromise, and Release (the "Stipulation" or the "Settlement Agreement"), dated August 22, 2023 (the "Execution Date"), submitted pursuant to Rule 23 of the Federal Rules of Civil Procedure and Rule 408 of the Federal Rules of Evidence, embodies a settlement (the "Settlement") made and entered into by and among: (i) Iowa Public Employees' Retirement System; Los Angeles County Employees Retirement Association; Orange County Employees Retirement System; Sonoma County Employees' Retirement Association; and Torus Capital, LLC, (collectively, "Plaintiffs") on behalf of themselves and of each Settlement Class Member, on the one hand, and (ii) the Goldman Sachs defendants (Goldman Sachs & Co. LLC; and Goldman Sachs Execution & Clearing, L.P. (merged into Goldman Sachs & Co. LLC as of June 12, 2017)); the JPMorgan defendants (J.P. Morgan Securities LLC; J.P. Morgan Prime, Inc.; J.P. Morgan Strategic Securities Lending Corp.; and JPMorgan Chase Bank, N.A.); the Morgan Stanley defendants (Morgan Stanley; Morgan Stanley Capital Management, LLC; Morgan Stanley & Co. LLC; Morgan Stanley Distribution, Inc.; Prime Dealer Services Corp.; and Strategic Investments I, Inc); the UBS defendants (UBS AG; UBS Americas Inc.; UBS Securities LLC; and UBS Financial Services Inc.); and the EquiLend defendants (EquiLend LLC; EquiLend Europe Limited; and EquiLend Holdings LLC) (all such defendants together, the "Settling Defendants" herein), on the other hand, by and through their counsel of record in the above-captioned litigation pending in the United States District Court for the Southern District of New York and any other actions that may be transferred or consolidated into this litigation (the "Action"). This Stipulation is intended by the parties to fully, finally, and forever resolve, discharge, and settle the Released Claims upon and subject to the terms and conditions hereof and subject to the approval of the Court. Throughout this Stipulation, all capitalized terms used, but not immediately defined, have the meanings given to them in Section III.1 below.

1

## I.       PLAINTIFFS' CLAIMS AND BENEFITS OF SETTLEMENT

Co-Lead Counsel believe Plaintiffs' claims asserted in the Action have merit.  However, Co-Lead Counsel recognize and acknowledge the expense and length of continued proceedings necessary to prosecute the Action against Settling Defendants through trial.  Co-Lead Counsel also have taken into account the uncertain outcome and risks of further litigation, especially in complex matters such as this Action.  Co-Lead Counsel also are aware of the risks presented by the defenses asserted by Defendants.  Co-Lead Counsel believe that the Settlement set forth in this Stipulation confers substantial benefits upon the Settlement Class in light of the circumstances present here. Based on their evaluation, Co-Lead Counsel have determined that the Settlement set forth in this Stipulation is in the best interests of Plaintiffs and the Settlement Class, and is fair, reasonable, and adequate.

## II.      SETTLING   DEFENDANTS'   DENIALS   OF   WRONGDOING   AND LIABILITY

Settling Defendants have consistently denied and continue to deny that they have violated any laws and maintain that their conduct was at all times proper and in compliance with all applicable provisions of law in all material respects.  Settling Defendants have denied and continue to deny specifically each and all of the claims and contentions of wrongful conduct alleged in the Action, along with all charges of wrongdoing or liability against them arising out of any of the conduct alleged, or that could have been alleged, in the Action.  Settling Defendants, while continuing to deny that they are liable for the claims asserted against them in the Action, have nevertheless agreed to enter into this Settlement Agreement to avoid the further risk, expense, inconvenience, and distraction of burdensome and protracted litigation, and to obtain complete dismissal of the Action and of all of the Released Claims.

**III.**   **TERMS OF STIPULATION AND AGREEMENT OF SETTLEMENT**

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED by and among the Plaintiffs (for themselves individually and on behalf of the Settlement Class and each Settlement Class Member thereof), on the one hand, and Settling Defendants, on the other hand, by and through their respective counsel of record, that, subject to the approval of the Court pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, in consideration of the benefits flowing to the parties from the Settlement set forth herein, the Released Claims shall be finally and fully compromised, settled, and released as to all Released Parties, and the Action shall be settled, compromised, and dismissed with prejudice as to the Released Settling Defendant Parties, without costs, except as stated herein, and releases extended as set forth in this Settlement Agreement, upon and subject to the terms and conditions of the Stipulation, as follows.

**1.**   **Definitions**

As used in this Stipulation the following terms have the meanings specified below:

1.1   "Amended Complaint" means the Amended Class Action Complaint, dated November 17, 2017, filed in this Action.

1.2   "Authorized Claimant" means any Settlement Class Member who submits a timely and valid Proof of Claim and Release Form and whose claim for recovery has been allowed pursuant to the terms of the Stipulation.

1.3   "Bar Date" is defined in Paragraph 7.6.

1.4   "Class Notice and Administration Expenses" means the fees and expenses reasonably and actually incurred in connection with providing notice, locating Settlement Class Members, assisting with the filing of claims, administering and distributing the Net Settlement Fund to Authorized Claimants, processing Proof of Claim and Release Forms, and paying escrow or other related fees and costs, if any.

1.5     "Co-Lead Counsel" means Quinn Emanuel Urquhart & Sullivan, LLP and Cohen Milstein Sellers & Toll PLLC.

1.6     "Counterparty Lists" is defined in Paragraph 7.2.

1.7     "Court" means the United States District Court for the Southern District of New York.

1.8     "Defendants" means any and all parties named as defendants in the Amended Complaint and/or in any further amended complaint or pleading filed in this Action.

1.9     "Effective Date" means the first date by which all of the events and conditions specified in Paragraph 9.1 of the Stipulation have been met and have occurred.

1.10    "Employee Benefit Plan" means any employee benefit plan within the meaning of Section 3 of the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1001 *et seq.* (2014).

1.11    "Escrow Account" means the interest-bearing account controlled by the Escrow Agent into which the Settlement Amount shall be deposited by or on behalf of Settling Defendants.

1.12    "Escrow Agent" means a qualified escrow agent selected by Co-Lead Counsel, and consented to by Settling Defendants, which shall not unreasonably withhold such consent.

1.13    "Fairness Hearing" is defined in Paragraph 5.6.

1.14    "Fee and Expense Application" is defined in Paragraph 8.1.

1.15    "Fee and Expense Award" is defined in Paragraph 8.1.

1.16    "Final" means the expiration of any time for the filing or noticing of any appeal or review of an order or judgment, or, if any appeal is filed and not dismissed, the date of final affirmance (in all material respects) on appeal of the order or judgment and the expiration of all deadlines for any further appeal or review thereof (whether by motion or petition for reconsideration or re-argument or other mechanism), all proceedings ordered on remand, and all

4

proceedings arising out of any subsequent appeal or appeals following a decision on remand.  Notwithstanding the foregoing, whether the Judgment is Final does not depend in any way upon the resolution or status of any proceedings (including, without limitation, any and all disputes, motions, appeals, decisions, orders, rulings, consideration or other matters) relating solely to: (a) any application for service awards, attorneys' fees, and/or expenses or charges in connection with prosecuting the Action; and/or (b) the Plan of Allocation.

1.17    "Investment Vehicles" means any investment company, separately managed account, collective investment trust, or pooled investment fund, including, but not limited to mutual fund families, exchange-traded funds, fund of funds, hedge funds, and retirement accounts and employee benefit plans, in which any Settling Defendant has or may have a direct or indirect interest, or as to which that Settling Defendant or its affiliates may act as an investment advisor or manager, but in which any Settling Defendant alone or together with its, his or her respective affiliates is not a majority owner or does not hold a majority beneficial interest.

1.18    "Judgment and Order of Dismissal" means the judgment and order of dismissal with prejudice to be entered by the Court upon approval of the Settlement, in substantially the form of Exhibit C attached hereto, or such other substantially similar form agreed to by the Settling Parties.

1.19    "Net Settlement Fund" means the Settlement Fund less: (i) the amount of the Fee and Expense Award and any Plaintiffs' Service Award, if requested, and to the extent allowed by the Court; (ii) Class Notice and Administration Expenses; (iii) Taxes and Tax Expenses; and (iv) any other fees or expenses approved by the Court.

1.20    "Notice" means the Notice of Pendency and Proposed Settlement of Class Action to be sent to Settlement Class Members, as approved by the Court.

1.21    "Other Settlements" is defined in Paragraph 12.20.

1.22   "Person" means a natural person, individual, corporation, partnership, limited partnership, association, pension fund, mutual fund, joint stock company, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, any business or legal entity and his, her or its spouses, heirs, predecessors, successors, representatives, beneficiaries, trustees, or assignees, and any other entity on behalf of whom the person has a legal right to make or release a claim.

1.23   "Plaintiffs" means Iowa Public Employees' Retirement System; Los Angeles County Employees Retirement Association; Orange County Employees Retirement System; Sonoma County Employees' Retirement Association; and Torus Capital, LLC.

1.24   "Plaintiffs' Counsel" means Co-Lead Counsel and any counsel who appeared on behalf of Plaintiffs in the Action.

1.25   "Plaintiffs' Service Award" is defined in Paragraph 8.2.

1.26   "Plaintiffs' Service Award Application" is defined in Paragraph 8.2.

1.27   "Plan of Allocation" means a plan or formula of allocation of the Net Settlement Fund pursuant to which the Net Settlement Fund shall be distributed to Authorized Claimants. Any Plan of Allocation is not part of the Stipulation, and the Released Settling Defendant Parties shall have no responsibility or liability with respect to the Plan of Allocation.

1.28   "Preliminary Approval Order" means an order of the Court which preliminarily approves of the Settlement set forth in the Stipulation, in substantially the form of Exhibit B attached hereto, or such other substantially similar form agreed to by the Settling Parties.

1.29   "Prime Broker Defendants" means Goldman Sachs, Morgan Stanley, JPMorgan, UBS, Credit Suisse, and Bank of America Merrill Lynch, including affiliates named in the Amended Complaint (ECF No. 73).

6

1.30    "Proof of Claim and Release Form" means the form as eventually approved by the Court for such use.

1.31    "Released Claims" means the Released Class Claims and the Released Defendants' Claims.

1.32    "Released Class Claims" shall be any and all manner of claims, including Unknown Claims, causes of action, cross-claims, counter-claims, charges, liabilities, demands, judgments, suits, obligations, debts, setoffs, rights of recovery, or liabilities for any obligations of any kind whatsoever (however denominated), whether class or individual, in law or equity or arising under constitution, statute, regulation, ordinance, contract, or otherwise in nature, for fees, costs, penalties, fines, debts, expenses, attorneys' fees, or damages, whenever incurred, and liabilities of any nature whatsoever (including joint and several), known or unknown, suspected or unsuspected, asserted or unasserted, which the Releasing Class Parties ever had, now have, or hereafter can, shall or may have, individually, representatively, derivatively, or in any other capacity, against the Released Settling Defendant Parties, arising from or related in any way to the conduct alleged in this Action, or that could have been alleged in this Action that also arise from or relate to the factual predicate of the Action, to the fullest extent allowed by law, from the beginning of time through the Execution Date.  The Released Class Claims do not include: (i) any claims to enforce the Settlement; and (ii) any claims of a Person that submits a timely Request for Exclusion in connection with the Notice, which is accepted by the Court.  The foregoing release is in addition to, and not in lieu of, the preclusive effect of the dismissal of the Action with prejudice that will occur upon approval of the Settlement.  This release will not apply to the Bank of America defendants or their affiliated entities.

1.33    "Released Class Parties" and "Releasing Class Parties" means individually and collectively Plaintiffs and each Settlement Class Member, on behalf of themselves and any of their

respective past, present or future officers, directors, stockholders, agents, employees, legal or other representatives, partners, associates, trustees, beneficiaries, parents, subsidiaries, divisions, affiliates, heirs, executors, administrators, purchasers, predecessors, successors, and assigns, regardless of whether or not they object to the Settlement or make a claim for payment from the Net Settlement Fund.  In the case of a Settlement Class Member that is an Employee Benefit Plan (or a fiduciary acting on behalf of an Employee Benefit Plan), the terms of this Stipulation shall bind the Employee Benefit Plan and all Persons who may have any claim by reason of their relationship with the Employee Benefit Plan, including all of its fiduciaries, beneficiaries and participants.  For the avoidance of doubt, Persons who submit timely Requests for Exclusion which are accepted by the Court are not "Released Class Parties" or "Releasing Class Parties."

1.34    "Released Settling Defendant Parties" or "Releasing Settling Defendant Parties" mean Settling Defendants and each of their respective past or present direct and indirect parents (including holding companies), subsidiaries, affiliates, associates (all as defined in SEC Rule 12b-2, promulgated pursuant to the Securities Exchange Act of 1934, as amended), divisions, joint ventures, predecessors, successors, and each of their respective past, present, and future officers, directors, managers, members, partners, shareholders, insurers, employees, agents, attorneys, legal or other representatives, trustees, heirs, executors, administrators, advisors, and assigns, and the predecessors, successors, heirs, executors, administrators, and assigns of each of the foregoing.

1.35    "Released Defendants' Claims" means all claims and causes of action of every nature and description, including Unknown Claims, whether arising out of federal, state, common, or foreign law, that arise out of or relate in any way to the Releasing Class Parties' or Co-Lead Counsel's institution, prosecution, or settlement of the Released Class Claims, except for claims relating to the enforcement of the Settlement.

8

1.36    "Released Parties" means Released Settling Defendant Parties and Released Class Parties.

1.37    "Releasing Parties" means the Releasing Settling Defendant Parties and the Releasing Class Parties.

1.38    "Settlement Administrator" means a qualified administrator selected by Co-Lead Counsel.

1.39    "Settlement Amount" means the sum of four hundred and ninety nine million, eight thousand, seven hundred and fifty USD ($499,008,750).

1.40    "Settlement Class" means all Persons who, directly or through an agent, entered into Stock Loan Transactions with the Prime Broker Defendants, direct or indirect parents, subsidiaries, or divisions of the Prime Broker Defendants in the United States from January 7, 2009 through the Execution Date (the "Settlement Class Period"), inclusive.  Excluded from the Settlement Class are Defendants and their employees, affiliates, parents, and subsidiaries, whether or not named in the Amended Complaint, entities which previously requested exclusion from any Class in this Action,[1] and the United States Government, provided, however, that Investment Vehicles shall not be excluded from the definition of the Settlement Class.

1.41    "Settlement Class Member" means a Person who falls within the definition of the Settlement Class and has not submitted a Request for Exclusion in connection with the Notice that has been accepted by the Court.

1.42     "Settlement Fund" means the Settlement Amount, together with all interest and income earned thereon after being transferred to the Escrow Account.

---

[1]    These entities are Citadel LLC, Two Sigma Investments, PDT Partners, Renaissance Technologies LLC, TGS Management, Voloridge Investment Management, and the D.E. Shaw Group and their corporate parents, subsidiaries, and wholly owned affiliates (the "Opt-out Entities").

1.43    "Settling Defendants' Counsel" means the defense counsel listed in the signature blocks hereto.

1.44    "Settling Parties" means Plaintiffs and Settling Defendants.

1.45    "Stock Loan Transactions" means any transaction, including any transaction facilitated by a prime broker, agent lender, or other Person, in which a holder of a stock temporarily lends the stock in exchange for collateral or in which a borrower of a stock provides collateral to temporarily borrow a stock, and in which the stock is ultimately returned to the lender at a later date, at which time the lender returns the collateral to the borrower.  For the avoidance of doubt, "Stock Loan Transactions" include the facilitation of short positions, but do not include non-equity securities lending or stock repurchase (repo) transactions.

1.46    "Summary Notice" means the summary notice form as eventually approved by the Court.

1.47    "Taxes" is defined in Paragraph 4.4.

1.48    "Tax Expenses" is defined in Paragraph 4.4.

1.49    "Termination Notice" is defined in Paragraph 10.1.

1.50     "Unknown Claims" means any and all Released Claims against the Released Parties which Releasing Parties do not know or suspect to exist in his, her, or its favor as of the Effective Date, which if known by the Releasing Parties or Released Parties might have affected his, her, or its decision(s) with respect to the Settlement.  With respect to any and all Released Claims, the parties stipulate and agree that, by operation of the Judgment and Order of Dismissal, upon the Effective Date, Releasing and Released Parties shall have expressly waived, and each Settlement Class Member shall be deemed to have waived and by operation of the Judgment and Order of Dismissal shall have expressly waived, the provisions, rights, and benefits of Cal. Civ. Code Section 1542, which provides:

> A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.

and any and all provisions, rights and benefits conferred by any law of any state or territory of the United States, or principle of common law, which is similar, comparable, or equivalent to Cal. Civ. Code Section 1542. The Releasing Parties and Released Parties may hereafter discover facts other than or different from those which they now know or believe to be true with respect to the subject matter of the Released Claims. Nevertheless, the Releasing Parties shall expressly, fully, finally, and forever settle and release, and each Settlement Class Member upon the Effective Date shall be deemed to have and by operation of the Judgment and Order of Dismissal shall have, fully, finally, and forever settled and released, any and all of their respective Released Claims, whether or not concealed or hidden, without regard to the subsequent discovery or existence of such different or additional facts. The Settling Parties acknowledge that the inclusion of Unknown Claims in the definition of Released Claims was separately bargained for and was a key element of the Settlement Agreement.

**2. CAFA Notice**

2.1     Pursuant to the Class Action Fairness Act ("CAFA"), no later than ten (10) days after the Settlement Agreement is filed with the Court, Settling Defendants, at their own cost, shall serve proper notice of the proposed Settlement upon those who are entitled to such notice pursuant to CAFA.

**3. The Settlement**

**A. The Settlement Fund and Non-Monetary Relief**

3.1     Settling Defendants shall cause the Settlement Amount in cash to be deposited into the interest-bearing Escrow Account controlled by the Escrow Agent within ten (10) business days of the Court's entry of the Preliminary Approval Order, provided that the time by which Settling

Defendants must cause the Settlement Amount to be deposited into the Escrow Account does not begin to run until Co-Lead Counsel has provided Settling Defendants with such information as Settling Defendants may require to complete the wire transfer.

3.2     Defendants have agreed among themselves the shares of the Settlement Amount for which each Defendant shall be responsible, and Plaintiffs shall have no right or interest in how Defendants have confidentially allocated the Settlement Amount among themselves.

3.3     Plaintiffs shall have the right, but not the obligation, to terminate the Settlement Agreement if Settling Defendants fail to timely pay the Settlement Amount in accordance with Paragraph 3.1 and fail to cure such failure within seven (7) business days of receiving a written notice from Co-Lead Counsel demanding such cure.

3.4     Except as required by Paragraphs 3.1 (concerning payment of the Settlement Amount), and 10.3 (concerning refund upon termination of the settlement), the Settling Defendants shall have no responsibility for any other costs, including any attorneys' fees and expenses or costs of class notice and claims administration, but all such fees, expenses, and costs shall be paid from the Settlement Fund, as approved by the Court.  For the sake of clarity, Settling Defendants shall bear their own costs in complying with their obligations set forth in Paragraph 7.2 and Section 11, except as otherwise agreed to by the parties or provided for in this Stipulation.

3.5     Plaintiffs and Settlement Class Members shall look solely to the Settlement Fund for full, final, and complete satisfaction of all Released Class Claims.  Except as set forth in Paragraph 3.1, the Settling Defendants shall have no obligation under this Settlement Agreement or the Settlement to pay or cause to be paid any amount of money, and the Released Settling Defendant Parties shall have no obligation to pay or reimburse any fees, expenses, costs, liability, losses, Taxes, or damages whatsoever alleged or incurred by Plaintiffs, Settlement Class Members, or by any Releasing Class Parties, including but not limited to by their attorneys, experts, advisors,

agents, or representatives, with respect to the Action and the Released Class Claims. Plaintiffs and Settlement Class Members acknowledge that as of the Effective Date, the releases given herein shall become effective immediately by operation of the Judgment and Order of Dismissal and shall be permanent, absolute, and unconditional.

3.6    In addition, as part of the consideration of this Settlement Agreement, EquiLend and the EquiLend Board of Directors will ratify, support, and implement the governance changes described in Exhibit A to this Settlement Agreement.

### B.    The Escrow Agent

3.7    The Escrow Agent shall invest the Settlement Amount deposited pursuant to Paragraph 3.1 exclusively in instruments backed by the full faith and credit of the United States Government or fully insured by the United States Government or an agency thereof and shall reinvest the proceeds of these instruments as they mature in similar instruments at their then-current market rates. All costs and risks related to the investment of the Settlement Fund in accordance with the guidelines set forth in this Paragraph shall be borne by the Settlement Fund.

3.8    Neither the Released Parties nor their counsel shall have any responsibility for or liability whatsoever with respect to any losses suffered by, or fluctuations in the value of, the Settlement Fund.

3.9    The Escrow Agent shall not disburse the Settlement Fund except: (a) as provided in the Stipulation; (b) by an order of the Court; or (c) with the written agreement of counsel for the Settling Parties.

3.10    Subject to further order(s) and/or directions as may be made by the Court, or as provided in the Stipulation, the Escrow Agent is authorized to execute such transactions consistent with the terms of the Stipulation. The Released Parties shall have no responsibility for, interest in,

or liability whatsoever with respect to the actions of the Escrow Agent or any transaction executed by the Escrow Agent.

3.11   All funds held by the Escrow Agent shall be deemed and considered to be in *custodia legis* of the Court and shall remain subject to the jurisdiction of the Court until such time as such funds shall be distributed in their entirety in accordance with the Settlement Agreement and further order(s) of the Court.

3.12   Prior to the Effective Date, Co-Lead Counsel, without further approval of Settling Defendants, may pay from the Settlement Fund up to $2,500,000.00 in Class Notice and Administration Expenses and Tax Expenses associated with providing notice to the Settlement Class and the administration of the Settlement.  Prior to the Effective Date, payment of any Class Notice and Administration Expenses and Tax Expenses exceeding $2,500,000.00 shall require notice to, and agreement from, Settling Defendants, through Settling Defendants' Counsel, and court approval, but in no event shall any such payments exceed $3,500,000.00.  Subsequent to the Effective Date, without further approval by Settling Defendants, the Settlement Fund may be used by Co-Lead Counsel to pay all reasonable and necessary Class Notice and Administration Expenses.  Funds expended pursuant to this Paragraph are not recoverable if this Settlement is terminated or does not become final.

**4.    Taxes**

4.1   The Settling Parties agree to treat the Settlement Fund as being at all times a Qualified Settlement Fund within the meaning of Treasury Regulation Section 1.468B-1, and agree not to take any position for tax purposes inconsistent therewith.  The Settlement Fund, less any amounts incurred for Taxes, Tax Expenses, and Class Notice and Administration Expenses pursuant to Paragraph 3.12, plus any accrued interest thereon, shall be returned to Settling

Defendants, as provided in Paragraph 10.3, if the Settlement does not become effective for any reason, including by reason of a termination of this Agreement.

4.2      In addition, the Escrow Agent shall timely make such elections as necessary or advisable to carry out the provisions of this Section 4, including the "relation-back election" (as defined in Treasury Regulation Section 1.468B-1) back to the earliest permitted date.  Such elections shall be made in compliance with the procedures and requirements contained in such regulations.  It shall be the responsibility of the Escrow Agent to timely and properly prepare and deliver, or cause to be prepared and delivered, the necessary documentation for signature by all necessary parties, and thereafter to cause the appropriate filing to occur.

4.3      For the purpose of Section 468B of the Internal Revenue Code of 1986, as amended, and the regulations promulgated thereunder, the "administrator" shall be the Escrow Agent.  The Escrow Agent shall timely and properly file, or cause to be filed, all informational and other tax returns necessary or advisable with respect to the Settlement Fund (including, without limitation, the returns described in Treasury Regulation Section 1.468B-2(k)).

4.4      All (a) taxes (including any estimated taxes, interest, or penalties) arising with respect to the income earned on the Settlement Amount, including any taxes or tax detriments that may be imposed upon the Settling Parties or their counsel with respect to any income earned on the Settlement Amount for any period during which the Settlement Amount does not qualify as a Qualified Settlement Fund for federal or state income tax purposes ("Taxes"), and (b) expenses and costs incurred in connection with the operation and implementation of this Section 4 (including, without limitation, expenses of tax attorneys and/or accountants, mailing and distribution costs and expenses relating to filing (or failing to file) the returns described in this Section 4) ("Tax Expenses"), shall be paid out of the Settlement Amount; in all events the Settling Parties and their counsel shall have no liability or responsibility for the Taxes or the Tax Expenses.

Further, Taxes and Tax Expenses shall be treated as, and considered to be, a cost of administration of the Settlement Fund and shall be timely paid by the Escrow Agent out of the Escrow Account without prior approval of Settling Defendants, and the Escrow Agent shall be obligated (notwithstanding anything herein to the contrary) to withhold from distribution to Authorized Claimants any funds necessary to pay such amounts, including the establishment of adequate reserves for any Taxes and Tax Expenses (as well as any amounts that may be required to be withheld under Treasury Regulation Section 1.468B-2(l)(2)).  The Settling Parties hereto agree to cooperate with the Escrow Agent, each other, and their tax attorneys and accountants to the extent reasonably necessary to carry out the provisions of this Section 4.

### 5.    Preliminary Approval Order, Notice, and Fairness Hearing

5.1    Within fifteen (15) business days following the Execution Date, Co-Lead Counsel shall submit to the Court, and Settling Defendants shall have an opportunity to comment on but shall not oppose, a motion requesting, *inter alia*, the preliminary approval of the Settlement set forth in the Stipulation.  The motion shall:

1.  seek certification of the Settlement Class solely for settlement purposes, pursuant to Fed. R. Civ. P. 23(a) and Fed. R. Civ. P. 23(b)(3);

2.  request preliminary approval of the Settlement set forth in this Stipulation as fair, reasonable, and adequate within the meaning of Fed. R. Civ. P. 23;

3.  seek the appointment of Plaintiffs as Settlement Class representatives and Co-Lead Counsel as Settlement Class counsel under Fed. R. Civ. P. 23;

4.  explain that Plaintiffs will submit a separate application seeking approval of the form and method of dissemination of the Notice, which shall, among other things, apprise each Settlement Class Member of his, her, or its right to exclude themselves from, or object to, the settlement;

5.  seek appointment of a Settlement Administrator and Escrow Agent; and

6.  seek entry of the proposed Preliminary Approval Order materially in the form of Exhibit B attached hereto, unless otherwise agreed to by the parties.

5.2     The proposed Preliminary Approval Order submitted by Plaintiffs in connection with their motion for preliminary approval of the Settlement shall attach the Settlement Agreement and provide that (1) proceedings will be stayed with respect to the Settling Defendants until the Court renders a final decision on approval of the Settlement; and (2) pending that final determination, each Plaintiff and Settlement Class Member, either directly, representatively, or in any other capacity, shall be enjoined from prosecuting in any forum any Released Class Claims against any of the Released Settling Defendant Parties.

5.3     Though the parties agree that it is not practical to establish a timeline or to create the detailed contents of a Notice at this time, the eventual Notice, to also be approved by the Court prior to distribution, will set forth a summary of the terms of this Stipulation (including a description of the Released Class Claims), the proposed Plan of Allocation and Co-Lead Counsel's request for attorneys' fees, costs and expenses; the date and time of the Fairness Hearing; the right to object to the Settlement, proposed Plan of Allocation, or request for fees and expenses; the right to appear at the Fairness Hearing; and the right to request exclusion from the Settlement Class.

5.4     It shall be the Settlement Administrator's responsibility, under supervision of Co-Lead Counsel, to disseminate the Notice and Summary Notice in accordance with this Stipulation, subject to Paragraph 7.2, and as ordered by the Court.  Settlement Class Members shall have no recourse as to the Released Settling Defendant Parties, Settling Defendants' Counsel, Plaintiffs, and Plaintiffs' Counsel with respect to any claims they may have that arise from or relate to the notice process including the sufficiency of any such notice.

5.5     Plaintiffs shall, in moving for approval of a Class Notice plan, include a proposed process for, *inter alia*, opting out.  The terms requested shall not, without agreement, be materially different from the following:

1. Any Persons falling within the definition of the Settlement Class may request to be excluded from the Settlement Class ("Request for Exclusion").  A Request for Exclusion must: (i) be in writing, (ii) be signed by the Person or his, her, or its authorized representative; (iii) state the name, address, and phone number of that Person; and (iv) include: (1) proof of membership in the Settlement Class, including documentation evidencing Stock Loan Transactions with the Prime Broker Defendants during the Settlement Class Period; and (2) a signed statement that "I/we hereby request that I/we be excluded from the Settlement Class in the *Iowa Public Employees' Retirement System v. Bank of America Corp.* Litigation."

2. The Request for Exclusion must be mailed to the Settlement Administrator at the address provided in the Notice and be postmarked (a) no later than fifty (50) days prior to the date set for the Fairness Hearing or (b) any other date set by the Court.

3. Unless the Court orders otherwise, a Request for Exclusion that does not fully comply with subparagraph (1) or that is not sent within the time specified in subparagraph (2), shall be invalid, and the Person(s) filing such an invalid request shall be a Settlement Class Member and shall be bound by the Settlement set forth in the Settlement Agreement, if approved.  All Persons who submit valid and timely Requests for Exclusion in the manner set forth in this Paragraph shall be excluded from the Settlement Class, shall have no rights

18

under the Settlement Agreement, shall not share in the distribution of the Net Settlement Fund, and shall not be bound by the Settlement Agreement. Co-Lead Counsel shall cause to be provided to Settling Defendants' Counsel a list of all Persons, if any, who have filed a Request for Exclusion, together with all such Requests for Exclusion and all documents and information provided with such Requests, and any written revocation of Requests for Exclusion, within five (5) business days of being notified by the Settlement Administrator of receipt of any such materials.

4. Any Person who has not requested exclusion from the Settlement Class and who objects to the settlement set forth in this Settlement Agreement may appear in person or through counsel, at that Person's own expense, at the Fairness Hearing to present any evidence or argument that the Court deems proper and relevant. However, subject to the Court's discretion, no such Person shall be heard, and no papers, briefs, pleadings, or other documents submitted by any such Person shall be received and considered by the Court, unless such Person properly submits a written objection that includes: (i) a notice of intention to appear; (ii) proof of membership in the Settlement Class, including documentation evidencing Stock Loan Transactions with the Prime Broker Defendants during the Settlement Class Period; and (iii) the specific grounds for the objection and any reasons why such Person desires to appear and be heard, as well as all documents or writings that such Person desires the Court to consider. Such a written objection must be both filed with the Court no later than fifty (50) days prior to the date set for the Fairness Hearing and mailed to Co-Lead Counsel and to Settling Defendants' Counsel at the addresses provided

in the Notice and postmarked no later than fifty (50) days prior to the date set for the Fairness Hearing.  Any Person that fails to object in the manner prescribed herein shall be deemed to have waived his, her, or its objections and will forever be barred from making any such objections in the Action, unless otherwise excused for good cause shown, as determined by the Court.

5.6    Co-Lead Counsel shall request that after notice is given to the Settlement Class, the Court hold a hearing (the "Fairness Hearing") and approve the Settlement of the Action as set forth herein.  At or after the Fairness Hearing, Co-Lead Counsel also shall request that the Court approve the proposed Plan of Allocation and the Fee and Expense Award and, if requested, the Plaintiffs' Service Award.

5.7    If preliminary approval of the Settlement Agreement is entered by the Court, Plaintiffs shall seek, and Settling Defendants shall not oppose, entry of a Judgment and Order of Dismissal that:

1.   certifies the Settlement Class pursuant to Fed. R. Civ. P. 23(a) and Fed. R. Civ. P. 23(b)(3) solely for the purpose of the settlement;

2.   approves finally the settlement set forth in this Settlement Agreement and its terms as being a fair, reasonable, and adequate settlement as to Settlement Class Members within the meaning of Fed. R. Civ. P. 23 and directing its consummation according to its terms; and provides that the Final Order and Judgment will incorporate the entire Settlement Agreement including all Exhibits and the Parties will be thereby directed to carry out the Settlement Agreement in accordance with all of its terms and provisions;

3. finds that the Notice constituted due, adequate, and sufficient notice of the settlement set forth in this Settlement Agreement and the Fairness Hearing and meets the requirements of due process and the Federal Rules of Civil Procedure;

4. directs that, as to Settling Defendants, the Action shall be dismissed with prejudice and, except as provided for in this Settlement Agreement, without costs;

5. bars claims by any Person against any of the Released Settling Defendant Parties for contribution or indemnification (however denominated) for all or a portion of any amounts paid or awarded in the Action by way of settlement, judgment, or otherwise;

6. orders that the Releasing Class Parties are permanently enjoined and barred from instituting, commencing, or prosecuting any action or other proceeding asserting any Released Class Claims against any Released Settling Defendant Parties;

7. retains with the Court exclusive jurisdiction over the settlement and this Settlement Agreement, including the administration and consummation of the settlement; and

8. determines under Fed. R. Civ. P. 54(b) that there is no just reason for delay and directs that the judgment of dismissal with prejudice as to Settling Defendants shall be final and entered forthwith.

**6.    Releases**

6.1    The obligations incurred pursuant to this Settlement Agreement shall be in full and final disposition of: (i) the Action against Settling Defendants; (ii) any and all Released Class

Claims against Released Settling Defendant Parties; and (iii) any and all Released Defendants'
Claims against Released Class Parties.

6.2    Upon the Effective Date, Plaintiffs and each of the Releasing Class Parties: (i) shall
be deemed to have, and by operation of the Judgment and Order of Dismissal, shall have, fully,
finally, and forever waived, released, relinquished, and discharged against the Released Settling
Defendant Parties (1) any and all Released Class Claims, regardless of whether such Releasing
Class Parties execute and deliver proof of claims and release forms, and (2) any rights to the
protections afforded under California Civil Code § 1542, which provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR
> OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR
> HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF
> KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER
> SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.

and/or any other similar, comparable, or equivalent laws; (ii) shall forever be enjoined and
permanently barred from the commencement, assertion, institution, maintenance, prosecution, or
enforcement of any action or other proceeding in any court of law or equity, arbitration tribunal,
administrative forum, or forum of any kind, asserting any of the Released Class Claims against the
Released Settling Defendant Parties and any claims arising out of, relating to, or in connection
with the defense, settlement, or resolution of the Action or the Released Class Claims, except for
claims relating to the enforcement of the Settlement; and (iii) agree and covenant not to sue, either
directly, representatively, or in any other capacity, any of the Released Settling Defendant Parties
on the basis of the Released Class Claims or to assist any third party in commencing or maintaining
any suit against any Released Settling Defendant Parties related in any way to any Released Class
Claims.  Claims to enforce the terms of this Stipulation are not released.  The Released Settling
Defendant Parties and Releasing Class Parties shall be deemed by operation of law to
acknowledge, that the waiver of Unknown Claims, and of the provisions, rights and benefits of

Section 1542 of the California Civil Code, was bargained for and is a key element of the Settlement of which the release in this Paragraph is a part.  The releases set forth herein are to be construed pursuant to New York law as set forth in Paragraph 12.18, including N.Y. General Obligations Law Section 15-108, which bars claims for contribution by joint tortfeasors and other similar claims.  To the extent permitted by law, this Stipulation is expressly intended to absolve the Released Settling Defendant Parties of any claims for contribution, indemnification or similar claims from other Defendants in the Action, arising out of or related to the Released Claims, in the manner and to the fullest extent permitted under the law of New York or any other jurisdiction that might be construed or deemed to apply to any claims for contribution, indemnification or similar claims against any of the Released Settling Defendant Parties.

6.3    Upon the Effective Date, each of the Releasing Settling Defendant Parties shall be deemed to have, and by operation of the Judgment and Order of Dismissal shall have, fully, finally, and forever released, relinquished, and discharged Released Class Parties from any and all Released Defendants' Claims (including, without limitation, Unknown Claims) arising out of, relating to, or in connection with, the institution, prosecution, assertion, settlement, or resolution of the Action or the Released Class Claims, except for claims relating to the enforcement of the Settlement.  The Releasing Settling Defendant Parties and Released Class Parties acknowledge that the waiver of Unknown Claims, and of the provisions, rights, and benefits of Section 1542 of the California Civil Code, was bargained for and is a key element of the Settlement of which the release in this Paragraph is a part.

6.4    In the event this Settlement Agreement is terminated or any material condition for the final approval of this Settlement Agreement is not satisfied, the release and covenant not to sue provisions of the foregoing Paragraphs shall be null and void and unenforceable.

7.    **Administration and Calculation of Claims, Final Awards, and Supervision and Distribution of the Settlement Fund**

7.1    The Settlement Administrator, subject to such supervision and direction of the Court or Co-Lead Counsel, shall provide notice of the Settlement to the Settlement Class, subject to Paragraph 7.2, and shall administer and calculate the claims submitted by Settlement Class Members pursuant to the Plan of Allocation, and shall oversee distribution of the Net Settlement Fund to Authorized Claimants.

7.2    Unless otherwise agreed to by the parties, within sixty (60) days of entry of the Preliminary Approval Order each of the Settling Defendants shall provide or cause to be provided to the Settlement Administrator a list of names and addresses of members of the Settlement Class who were counterparties with it in Stock Loan Transactions or agents who entered into Stock Loan Transactions on their behalf, to the extent such information is reasonably available in electronic databases in the possession of Settling Defendants ("Counterparty Lists") and the retrieval and disclosure of which is permitted by law and would not constitute a substantial burden or expense, or shall otherwise confirm it has arranged to provide notice to those members of the Settlement Class. The Counterparty Lists shall be governed by the Protective Order entered in the Action and used only for the purposes of facilitating the provision of Notice to Settlement Class Members and the administration of the Settlement. The parties shall furnish to the Court a progress report within sixty (60) days after entry of the Preliminary Approval Order and, should it prove necessary, every sixty (60) days thereafter. To the extent any Settling Defendant is reasonably able to provide the aforementioned contact information sooner than sixty days after the entry of the Preliminary Approval Order, such Settling Defendant shall provide such information to the Settlement Administrator as soon as it is reasonably able. Counterparty Lists shall be provided in an electronic format. Each Settling Defendant shall be responsible for any costs or expenses related to it

providing Counterparty Lists and/or making arrangements for it provide notice to members of the Settlement Class. The Settling Parties shall meet and confer in good faith as to whether notice to any portion of the Settlement Class through alternate means is appropriate; any disputes shall be reserved for resolution by the Court.

7.3    In accordance with the schedule eventually approved by the Court, Co-Lead Counsel will cause (a) the Settlement Administrator to mail to all members of the Settlement Class, who can be identified using reasonably available data and through reasonable efforts, a Proof of Claim and Release Form and (b) the Summary Notice will also be published, at minimum, once in the national edition of *Investor's Business Daily*, the *Financial Times*, and *The Wall Street Journal*, and once over a national newswire service. The Notice and Proof of Claim and Release Form shall also be posted on the Settlement Administrator's website. The cost of providing all such notice shall be paid out of the Settlement Fund.

7.4    The Settlement Fund shall be applied as follows:

(a)    to pay all Class Notice and Administration Expenses;

(b)    to pay the Taxes and Tax Expenses;

(c)    to pay the Fee and Expense Award subject to the approval of the Court;

(d)    to pay any Plaintiffs' Service Award subject to the approval of the Court; and

(e)    after the Effective Date, to distribute the Net Settlement Fund to Authorized Claimants pursuant to the Stipulation and the Plan of Allocation, as approved by the Court.

7.5    Upon the Effective Date and thereafter, and in accordance with the terms of the Stipulation, the Plan of Allocation, or such further approval and further order(s) of the Court as

may be necessary or as circumstances may require, the Net Settlement Fund shall be distributed to Authorized Claimants, subject to and in accordance with the following.

7.6     Each Person claiming to be an Authorized Claimant shall be required to submit to the Settlement Administrator a completed Proof of Claim and Release Form postmarked or submitted electronically by the date specified in the Preliminary Approval Order, or such other time as may be set by the Court (the "Bar Date"), signed under penalty of perjury and supported by such documents, if any, as are specified in the Proof of Claim and Release Form.

7.7     Except as otherwise ordered by the Court, all Settlement Class Members who fail to submit a Proof of Claim and Release Form by the Bar Date, or such other period as may be ordered by the Court, or who submit a Proof of Claim and Release Form that is rejected and not later re-submitted and accepted before the Bar Date, shall be forever barred from receiving any payments pursuant to the Stipulation and the Settlement set forth herein, but will in all other respects be subject to and bound by the provisions of the Stipulation, the releases contained herein, and the Judgment and Order of Dismissal, and will be barred from bringing any action or proceeding against the Released Settling Defendant Parties concerning the Released Class Claims. Notwithstanding the foregoing, Co-Lead Counsel shall have the discretion (but not the obligation) to accept late-submitted claims for processing by the Settlement Administrator, so long as the distribution of the Net Settlement Fund to Authorized Claimants is not materially delayed thereby. No Person shall have any claim against Plaintiffs, Plaintiffs' Counsel, or the Settlement Administrator by reason of the decision to exercise or not exercise such discretion.

7.8     The Settlement Administrator shall calculate the claims of Authorized Claimants substantially in accordance with the Plan of Allocation set forth in the Notice and approved by the Court.  The Released Settling Defendant Parties shall have no liability, obligation, or responsibility for the administration of the Settlement or disbursement of the Net Settlement Fund.  Following

the Effective Date, the Settlement Administrator shall distribute the Net Settlement Fund to Authorized Claimants pursuant to the Plan of Allocation. Payment pursuant to this Settlement Agreement and the Plan of Allocation shall be deemed final and conclusive against all Settlement Class Members.

7.9    All proceedings with respect to the administration, processing, and determination of claims and the determination of any controversies relating thereto, including disputed questions of law or fact with respect to the validity of claims, shall be subject to the jurisdiction of the Court. As provided herein, the Released Settling Defendant Parties shall have no liability, obligation, or responsibility for the administration of the Settlement or disbursement of the Net Settlement Fund; therefore, any such proceedings naming or purporting to name the Released Settling Defendant Parties should be dismissed with prejudice as to the Released Settling Defendant Parties.

7.10    Settling Defendants will not have any involvement in the selection of the claims administrator, the claims administration process, or the plan of allocation of the Settlement proceeds. The claims administrator shall be selected solely by Co-Lead Counsel, and the plan of allocation will be proposed solely by Co-Lead Counsel, subject to Court approval.

7.11    Other than in the event of the termination of the Settlement pursuant to Paragraphs 10.1 and 10.2, Settling Defendants, their insurance carriers, or any other Person or entity who or which funded the Settlement Amount shall not have a reversionary interest in the Net Settlement Fund. If there is any balance remaining in the Net Settlement Fund after a reasonable period of time after the initial date of distribution of the Net Settlement Fund, the Settlement Administrator shall, if feasible, allocate such balance among Authorized Claimants in an equitable and economic fashion. These redistributions shall be repeated until the remaining balance in the Net Settlement Fund is *de minimis*, and any such remaining balance shall be donated to an appropriate 501(c)(3) non-profit organization selected by Co-Lead Counsel and approved by the Court.

7.12    The finality of the Court's Judgment and Order of Dismissal approving the Stipulation shall not be conditioned on any ruling by the Court concerning the Plan of Allocation of the Net Settlement Fund.  Any order or proceeding relating to a request for approval of the Plan of Allocation, or any appeal from any order relating thereto or reversal or modification thereof, shall not operate to terminate the Settlement Agreement; nor shall it affect or delay the Effective Date or the effectiveness or finality of the Judgment and Order of Dismissal or the release of the Released Claims.

7.13    No Person shall have any claim against Plaintiffs, Plaintiffs' Counsel, Released Parties, Settling Defendants, Settling Defendants' Counsel, or the Settlement Administrator based on distributions made substantially in accordance with the Stipulation and the Settlement contained herein, the Plan of Allocation, or otherwise as further ordered by the Court.  This provision does not include any claim by any party for breach of this Stipulation.

## 8.    Plaintiffs' Counsel's Attorneys' Fees, Costs, Charges and Expenses

8.1    Co-Lead Counsel may submit an application or applications for distributions to them from the Settlement Fund (the "Fee and Expense Application") for: (a) an award of attorneys' fees; plus (b) expenses or charges in connection with prosecuting the Action; plus (c) interest on both amounts as earned by the Settlement Fund (until paid) as may be awarded by the Court.  Any and all such fees, expenses, charges, and costs awarded by the Court (the "Fee and Expense Award"), shall be payable solely out of the Settlement Fund.

8.2    Plaintiffs may submit an application or applications to the Court for an award for their time and expense in representing the Settlement Class (the "Plaintiffs' Service Award Application").  Any such amounts awarded to Plaintiffs, as approved by the Court (the "Plaintiffs' Service Award"), shall be payable solely out of the Settlement Fund.

8.3     The Fee and Expense Award shall be paid to Co-Lead Counsel from the Settlement Fund, as ordered, immediately following entry of an order by the Court granting such award.  In the event that the Effective Date does not occur, or the order making the Fee and Expense Award pursuant to Paragraph 8.2 is reversed or modified by final non-appealable order, or if this Stipulation is cancelled or terminated for any reason, and in the event any part of the Fee and Expense Award has been paid, then Plaintiffs' Counsel shall, in an amount consistent with such reversal, modification, cancellation, or termination, refund such fees or expenses to the Settlement Fund, plus interest earned thereon at the same rate as earned on the Settlement Fund, within thirty (30) days from receiving notice from Settling Defendants' Counsel or from a court of competent jurisdiction.  Any refunds required pursuant to this Paragraph shall be the several obligation of each Plaintiffs' Counsel receiving fees or expenses to make appropriate refunds or repayments to the Settlement Fund.  Each Plaintiffs' Counsel, as a condition of receiving such fees and/or expenses on behalf of itself and each partner and/or shareholder of it, agrees that its law firm and its partners and/or shareholders are subject to the jurisdiction of the Court for the purpose of enforcing the provisions of this Paragraph.

8.4     The procedure for and the allowance or disallowance by the Court of the Fee and Expense Award or Plaintiffs' Service Award to be paid out of the Settlement Fund are not part of the Settlement, and any order or proceeding relating to the Fee and Expense Application or Plaintiffs' Service Award, or any appeal from any order relating thereto or reversal or modification thereof, shall not operate to terminate or cancel the Settlement, or affect or delay the finality of the Judgment and Order of Dismissal (including the releases contained herein).

8.5     The Released Settling Defendant Parties shall not have any responsibility for or liability with respect to the payment of any Fee and Expense Award to any Plaintiffs' Counsel, or

with respect to the allocation among Plaintiffs' Counsel and/or any other Person who may assert some claim thereto, of any Fee and Expense Award that the Court may make in the Action.

**9.      Conditions of Settlement and Effect of Disapproval, or Cancellation**

9.1      The Effective Date of the Stipulation shall be conditioned on the occurrence of all of the following events:

(a)      execution of this Stipulation and such other documents as may be required to obtain final Court approval of the Stipulation;

(b)      the Settlement Amount has been deposited into the Escrow Account as provided by Paragraph 3.1;

(c)      the Settlement has not been terminated pursuant to Paragraphs 10.1 or 10.2;

(d)      the Court has entered the Preliminary Approval Order;

(e)      the Court has entered the Judgment and Order of Dismissal which, *inter alia*, dismisses with prejudice the Action as to Settling Defendants; and

(f)      the Judgment and Order of Dismissal referenced in Paragraph 9.1(e) has become Final.

9.2      Co-Lead Counsel shall deliver to Settling Defendants' Counsel copies of all (i) Requests for Exclusion received (including all information provided by the Persons or entities making the requests concerning their transactions and/or potential claims); (ii) information the Settlement Administrator possesses concerning the volume of trading within the scope of the Released Claims by Persons who have submitted timely Requests for Exclusion; and (iii) written revocations of Requests for Exclusion within five business days of being notified by the Settlement Administrator of receipt of any such materials.

9.3      If after Settling Defendants receive the list of the Requests for Exclusion and the information provided for in Paragraph 9.2, they decide to request some relief, the Settling Parties

shall first meet and confer in good faith.  If the Settling Parties are unable to reach agreement and Settling Defendants assert that the total Requests for Exclusion represent a material portion of transactions during the Settlement Class Period that would be eligible for compensation under the Settlement, and their exclusion would materially reduce the value of the settlement to Settling Defendants (the "Materiality Threshold"), then Settling Defendants may present the issue of whether the total Requests for Exclusion meet the Materiality Threshold and, if so, the issue of the appropriate remedy to Phillips ADR Enterprises (the "Mediator") or another mediator to be selected in good faith by mutual agreement of the Settling Parties and all other Defendants whose settlement agreements are submitted for approval simultaneously with this Settlement Agreement (the "Additional Settling Defendants").  The Mediator's determinations, which shall be made after a consolidated mediation involving the Settling Parties and each Additional Settling Defendant who seeks mediation under this Paragraph of its Settlement Agreement, shall be binding on the Settling Parties.  For the sake of clarity, the Opt-out Entities shall not be considered by the Mediator in determining a material amount of opt outs.

9.4     The Mediator shall have sole discretion to determine what, if any, reduction remedy is warranted due to a material impact on the value of the Settlement to Settling Defendants by the Requests for Exclusion.  If the Mediator in his sole discretion selects some reduction as the appropriate remedy, he may not provide for a reduction in the Settlement Amount greater than a one-to-one ratio: that is, he may not reduce the Settlement Amount by more than the Persons who submitted timely Requests for Exclusion that were accepted by the Court would likely have been eligible to receive collectively (but for their exclusion) from the Settlement Fund (assuming all putative class members submitted claims).  The Mediator is not required to grant any reduction or to impose a one-to-one ratio if he determines no such reduction is appropriate.

31

9.5     In the event the Mediator determines some reduction is appropriate, the amount of the reduction shall be paid to Settling Defendants from the Settlement Fund pursuant to joint written instructions from Settling Defendants' Counsel.

9.6     The Settling Parties and their respective counsel agree that they will make no effort, whether directly or indirectly, to suggest, solicit, facilitate or otherwise encourage potential Settlement Class Members to exclude themselves from the Settlement.

9.7     The Settlement is non-recapture, *i.e.*, this is not a claims-made settlement.  As of the Effective Date, Settling Defendants shall not have any right to the return of the Settlement Fund or any portion thereof for any reason, and any and all remaining interest or right of Settling Defendants, if any, in or to the Settlement Fund shall be absolutely and forever extinguished.

**10.     Conditions of Settlement and Effect of Termination**

10.1     Plaintiffs, through Co-Lead Counsel, and each Settling Defendant, through each Settling Defendant's Counsel, shall have the right to terminate the Settlement set forth in this Settlement Agreement by providing written notice of its election to do so ("Termination Notice") to all other Parties hereto within thirty (30) days of the date on which: (i) the Court or any appellate court enters a Final order declining to enter the Preliminary Approval Order in any material respect; (ii) the Court or any appellate court enters an order refusing to approve this Settlement Agreement or any material part of it; (iii) the Court enters an order declining to enter the Judgment and Order of Dismissal in any material respect; or (iv) the Judgment and Order of Dismissal is modified or reversed by a court of appeal or any higher court in any material respect.  Additionally, if all of the conditions specified in Paragraph 9.1 are not met, then the Settlement Agreement may be canceled and terminated subject to this Paragraph, also with thirty (30) days' notice.  If any of the Settling Defendants or Plaintiffs elects to terminate the Settlement pursuant to this section, all pre-settlement rights and positions of Settling Parties shall be restored and the fact and terms of

32

the Settlement shall not be admissible in any trial or otherwise used against any party. Notwithstanding this Paragraph, the Court's determination as to the Fee and Expense Application, Plaintiffs' Service Award Application, and/or any Plan of Allocation, or any determination on appeal from any such order, shall not provide grounds for termination of this Settlement Agreement or Settlement.

10.2     In the alternative to seeking a reduction, Settling Defendants may seek to terminate the Settlement if, upon application, the Mediator determines in his sole discretion that the reduction remedy is not adequate to preserve the essential benefits of the Settlement to Settling Defendants. Any application by Settling Defendants for termination relief under this Paragraph must be made in writing within fourteen (14) days following the receipt from Plaintiffs of the information provided for in Paragraph 9.2, or within seven (7) days of a determination on the reduction remedy by the Mediator, whichever is later.  If termination relief is granted to Settling Defendants, any termination shall be effected solely in accordance with the termination provisions of this Agreement.

10.3     Except as provided herein, in the event the Stipulation shall terminate, or be canceled, or shall not become effective for any reason, within five (5) business days after written notification of such event is sent by Settling Defendants' Counsel or Co-Lead Counsel to the Escrow Agent, the Settlement Fund, together with any interest earned thereon (and, if applicable, re-payment of any Fee and Expense Award, less Taxes and Tax Expenses due, if any, with respect to such income, and less Class Notice and Administration Expenses and paid or payable from the Settlement Fund (not to exceed $3,500,000.00)) shall be refunded pursuant to joint written instructions from Settling Defendants' Counsel.  At the written direction of Settling Defendants' Counsel, the Escrow Agent or its designee shall apply for any tax refund owed on the Settlement

Fund and pay the proceeds, after deduction of any expenses incurred in connection with such application(s) for refund.

10.4     Except as otherwise provided herein, in the event that this Stipulation is not approved by the Court or the Settlement set forth in this Stipulation is terminated or fails to become effective for any reason, the Releasing Parties shall not forfeit or waive any factual or legal claim, defense, or contention in the Action.  In such event, the terms and provisions of the Stipulation, with the exception of Paragraphs 8.3, 10.3, 12.4, and 12.5, shall have no further force and effect with respect to the Releasing Parties and shall not be used in this Action or in any other proceeding for any purpose by any Person, and any judgment or order entered by the Court in accordance with the terms of the Stipulation shall be treated as vacated, *nunc pro tunc*, and the Releasing Parties shall be deemed to return to their status as of the Execution Date.  No order of the Court or modification or reversal on appeal of any such order of the Court concerning the Plan of Allocation, the Fee and Expense Award, or the Plaintiffs' Service Award shall constitute grounds for cancellation or termination of the Stipulation.

## 11.     Cooperation

11.1     Settling Defendants agree to provide reasonable cooperation as set forth in this Section 11.  All cooperation requested by Co-Lead Counsel shall be coordinated in such a manner so that all unnecessary duplication and expense is avoided.  Settling Defendants shall not seek any contribution from Plaintiffs for any costs or expenses associated with the cooperation except as set forth herein.

11.2     Upon reasonable notice, to the extent reasonably requested by Co-Lead Counsel and permitted by law, and doing so would not constitute an undue burden or expense, Settling Defendants shall provide the reasonable cooperation described herein to the extent they are not prevented from doing so by any court order or any law, regulation, policy, or other rule of any

regulatory agency or governmental body restricting disclosure of documents or information, or by any express objection from a regulatory agency or governmental body.

  11.3 Notwithstanding any other provision in this Settlement Agreement, Settling Defendants may assert, where applicable, the work-product doctrine, the attorney-client privilege, the common interest privilege, the joint defense privilege, the bank regulatory or examination privilege, obligations under applicable data privacy laws or regulations, and/or any other applicable privilege or protection with respect to any documents, material, and/or information requested under this Settlement Agreement.  None of the cooperation provisions are intended to, nor do they, waive any such privileges or protections.  Settling Defendants' Counsel will meet with Co-Lead Counsel as is reasonably necessary to discuss any applicable domestic or foreign privilege or protection.  Any disputes regarding privilege, protection or restriction that cannot be resolved by the parties shall be reserved for resolution by the Court.  If any document protected by the work-product doctrine, the attorney-client privilege, the common interest privilege, the joint defense privilege, the bank regulatory or examination privilege, obligations under applicable data privacy laws or regulations, and/or any other applicable privilege or protection is accidentally or inadvertently produced, Co-Lead Counsel shall, upon notice from Settling Defendants, promptly cease reviewing the document and return or destroy the document within five (5) business days. Co-Lead Counsel shall also delete or destroy the portions of any other documents or work product which refer to or summarize the document.  The production of any such document shall in no way be construed to have waived any privilege or protection attached to such document.

  11.4 The confidentiality of any documents, materials and/or information provided to Plaintiffs pursuant to these confirmatory discovery provisions shall be covered by the protective order in effect in the Action.  The parties expressly agree that any use of the documents, materials and/or information provided in connection with Settling Defendants' cooperation, including

without limitation oral presentations, may be used directly or indirectly by Plaintiffs or Co-Lead Counsel solely in connection with the continued prosecution of the Action, but not for the institution or prosecution of any other action or proceeding against any Released Party or for any other purpose whatsoever, including, but not limited to, actions or proceedings in jurisdictions outside the United States.

11.5     Subject to the foregoing Paragraphs, no later than the entry of the Preliminary Approval Order, Settling Defendants shall begin making reasonable preparations to provide Plaintiffs and Settlement Class Members the following ongoing cooperative efforts, and shall begin providing such cooperation as soon as practicable after entry of the Preliminary Approval Order, with completion a reasonable time thereafter.

(a)     Defendants are not required to produce any additional pre or post-2017 data except: (i) Settling Defendants will cooperate with Plaintiffs to facilitate the transmission of notice to all Settlement Class members, and (ii) for Settlement Class Members that submit claims for a portion of the settlement proceeds, Settling Defendants will, upon the consent of the Settlement Class Member and request by the Settlement Administrator, provide the Settlement Administrator with reasonably available information enabling the Settlement Administrator to identify the transactions of the Settlement Class Member in previously-produced transaction data.

(b)     Upon reasonable notice, to the extent reasonably requested by Co-Lead Counsel and if permitted by law, and doing so would not constitute an undue burden or expense, Settling Defendants shall undertake reasonable efforts to make available for testimony at trial in this Action up to four then-current employees of Settling Defendants and/or witnesses who were represented in deposition by Settling Defendants' counsel (not to exceed a total of four witnesses between the two categories).

(c)      Upon reasonable notice, to the extent reasonably requested by Co-Lead Counsel, and if permitted by law and doing so would not constitute an undue burden or expense, Settling Defendants shall provide declarations or certifications to establish that, if believed to be true and accurate, the document, ESI, or data previously produced by Settling Defendants is genuine, authentic, and a record of a regularly conducted activity pursuant to Fed. R. Evid. 803(6), which Co-Lead Counsel identify as necessary for summary judgment and/or trial.

(d)      Pursuant to the parties' Stipulated Protective Order (ECF No. 150), the Settlement Administrator shall sign the "Agreement To Be Bound by Protective Order" (ECF No. 150, Ex. A) prior to taking any action with respect to the Settlement Class.

11.6      Settling Defendants agree to meet and confer in good faith regarding future requests from Co-Lead Counsel for additional available documents and other information beyond the items specified in Paragraph 11.5(a)-(d) above in the event that any such documents and/or other information are necessary for Co-Lead Counsel to prosecute any remaining causes of action against non-Released Parties in this Action.  Settling Defendants need not agree to requests that are unreasonable or unduly burdensome, and need not agree to requests for which Plaintiffs cannot demonstrate a substantial need that cannot be reasonably met through alternative means.  In the event they cannot agree, such disputes shall be resolved by the Court.

11.7      In the event Co-Lead Counsel believes that Settling Defendants have failed to perform any of their cooperation obligations, the sole remedy shall be to seek declaratory relief or specific performance.  Nothing in the Paragraph shall be construed to limit Settling Defendants' right to demonstrate that no breach has occurred or that Plaintiffs have suffered either no injury or no irreparable injury from any asserted breach of this Paragraph.

12.     **Miscellaneous Provisions**

12.1    The Settling Parties: (a) acknowledge that it is their intent to consummate this Settlement; and (b) agree to cooperate to the extent reasonably necessary to effectuate and implement all terms and conditions of the Stipulation and to exercise their best efforts to accomplish the foregoing terms and conditions of the Stipulation expeditiously.

12.2    The Settling Parties intend this Settlement to be a final and complete resolution of all disputes asserted or which could be asserted by Plaintiffs and/or Settlement Class Members arising from the same factual predicate of the Action against the Released Settling Defendant Parties with respect to the Action and the Released Class Claims between them with respect to the Action and the Released Claims, or which could have been asserted with respect to the Action based on the same factual predicate.   The Settlement and all negotiations, discussions, and proceedings leading up to and in connection herewith shall not be deemed to constitute a presumption, concession, or an admission by any Settling Party or any of the Released Parties of any fault, liability, or wrongdoing by it, or as to the merits of any claim or defense.

12.3    The Settling Parties and their counsel agree that they shall not assert any claims of any violation of Rule 11 of the Federal Rules of Civil Procedure relating to the prosecution, defense, or settlement of the Action, and the Judgment and Order of Dismissal shall contain a finding that all Settling Parties and their counsel complied with the requirements of Rule 11 with respect to the institution, prosecution, defense, and resolution of the Action.  The Settling Parties agree that the Settlement Amount and the other terms of the Settlement were negotiated in good faith at arm's length by the Settling Parties and reflect a settlement that was reached voluntarily after consultation with competent legal counsel.

12.4    Neither the Stipulation nor the Settlement contained herein, nor any negotiations, discussions, proceedings, or acts performed or documents executed pursuant to or in furtherance

of the Stipulation or the Settlement: (a) are or may be deemed to be or may be used as admissions of, or evidence of, the validity of any Released Claim, or of any wrongdoing or liability of Settling Defendants; or (b) are or may be deemed to be or may be used as admissions of, or evidence of, any fault or omission of Settling Defendants in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal.  The Settling Parties agree to not make any public statements that assert or imply otherwise.  The Released Settling Defendant Parties, Plaintiffs, Settlement Class Members, and Plaintiffs' Counsel may file the Stipulation and/or the Judgment and Order of Dismissal in any action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion, issue preclusion or similar defense or counterclaim, or in connection with any proceeding to enforce the terms of this Stipulation.

12.5    Settling Parties stipulate solely for settlement purposes that the requirements of Fed. R. Civ. P. 23(a) and Fed. R. Civ. P. 23(b)(3) are satisfied.  Settling Defendants retain all of their objections, arguments, and defenses with respect to class certification, and reserve all rights to contest class certification if the settlement does not receive the Court's Final approval, if the Court's approval is reversed or vacated on appeal, if the Settlement Agreement is terminated, or if the Settlement otherwise does not become Final.  Settling Defendants enter into this Settlement Agreement without any admission of liability or wrongdoing, which they expressly deny, and nothing in this Settlement Agreement shall limit the Settling Defendants' ability to fully defend against, or take any position with respect to, any claims that may be brought by other class and non-class plaintiffs as to any matter, whether relating to stock lending or otherwise.

12.6    All agreements made and orders entered during the course of the Action relating to the confidentiality of documents and information shall survive this Stipulation, pursuant to their

terms.  The Settling Parties recognize, as stated by the Court in ECF 150 at 40, that the Stipulated Protective Order does not bind the Court or any of its personnel, the Court can modify the Stipulated Protective Order at any time, the Court will retain jurisdiction over the terms and conditions of the Stipulated Protective Order only for the pendency of this litigation, and any party wishing to make redacted or sealed submissions shall comply with Rule 6(A) of the Court's Individual Rules and Practices in Civil Cases.  Settling Defendants agree to respond in good faith to requests made pursuant to Sections 6 and 13 of the Stipulated Protective Order (ECF 150), as well as other agreements made or orders entered relating to the confidentiality of documents and information.

12.7    All of the Exhibits to the Stipulation are material and integral parts hereof and are fully incorporated herein by this reference.

12.8    This Stipulation shall not be construed more strictly against one party than another merely by virtue of the fact that it, or any part of it, may have been prepared by counsel for one of the parties, it being recognized that it is the result of arm's-length negotiations between the Settling Parties and that all Settling Parties have contributed substantially and materially to the preparation of this Stipulation.

12.9    This Settlement Agreement and the Exhibits attached hereto shall constitute the entire agreement between Plaintiffs and Settling Defendants pertaining to the settlement of the Action against Settling Defendants.  All terms of this Settlement Agreement are contractual and not mere recitals.  The terms of this Settlement Agreement shall be binding upon and inure to the benefit of each of the Settling Parties hereto, and each of their heirs, executors, administrators, representatives, agents, attorneys, partners, successors, predecessors-in-interest, and assigns, and upon all other Persons claiming any interest in the subject matter hereto through any of the Settlement Parties including any Settlement Class Members.

40

12.10   The Stipulation may be amended or modified only by a written instrument signed by or on behalf of all Settling Parties or their respective successors-in-interest.

12.11   No waiver of any term or provision of this Settlement Agreement, or of any breach or default hereof or hereunder, shall be valid or effective unless in writing and signed by or on behalf of all Settling Parties or their respective successors-in-interest.  No waiver of any term or provision of this Settlement Agreement, or of any breach or default hereof or hereunder, shall be construed as a waiver of the same or any other term or provision or of any previous or subsequent breach thereof.

12.12   The Stipulation and the Exhibits attached hereto constitute the entire agreement among the Settling Parties and no representations, warranties, or inducements have been made to any Settling Party concerning the Stipulation or its Exhibits other than the representations, warranties, and covenants contained and memorialized in such documents.  Except as otherwise provided herein, each Settling Party shall bear its own costs.

12.13   Co-Lead Counsel, on behalf of the Settlement Class, are expressly authorized by Plaintiffs to take all appropriate action required or permitted to be taken by the Settlement Class pursuant to the Stipulation to effectuate its terms and also are expressly authorized to enter into any modifications or amendments to the Stipulation on behalf of the Settlement Class which they deem appropriate; however, any such modification or amendment will not unilaterally bind any Settling Defendant.

12.14   Each counsel or other Person executing the Stipulation or any of its Exhibits on behalf of any Settling Party hereby warrants that such Person has the full authority to do so.

12.15   All notices, requests, demands, claims, and other communications hereunder shall be in writing and shall be deemed duly given (a) when delivered personally to the recipient, (b) one (1) business day after being sent to the recipient by reputable overnight courier service (charges

prepaid), or (c) five (5) business days after being mailed to the recipient by certified or registered mail, return receipt requested and postage prepaid, and addressed to the intended recipient as set forth below:

>If to Plaintiffs or to Co-Lead Counsel:
>
>Daniel L. Brockett
>QUINN EMANUEL URQUHART & SULLIVAN, LLP
>51 Madison Avenue, 22nd Floor
>New York, NY 10010
>and
>Michael B. Eisenkraft
>COHEN MILSTEIN SELLERS & TOLL PLLC
>88 Pine Street, 14th Floor
>New York, NY 10005
>
>If to Settling Defendants or to Settling Defendants' Counsel:
>
>Robert D. Sperling
>PAUL, WEISS, RIFKIND WHARTON & GARRISON LLP
>1285 Avenue of the Americas
>New York, NY 10019-6064
>
>Robert D. Wick
>COVINGTON & BURLING LLP
>One CityCenter
>850 Tenth Street, NW
>Washington, DC 20001
>
>Michael A. Paskin
>CRAVATH, SWAINE & MOORE LLP
>825 8th Ave
>New York, NY 10019
>
>Peter G. Wilson
>KATTEN MUCHIN ROSENMAN LLP
>525 W Monroe St
>Chicago, IL 60661
>
>Carmine D. Boccuzzi
>CLEARY GOTTLIEB STEEN & HAMILTON LLP
>One Liberty Plaza
>New York, NY 10006

12.16   The Stipulation may be executed in one or more counterparts.   All executed counterparts and each of them shall be deemed to be one and the same instrument.   A complete set of executed counterparts shall be filed with the Court.   Signatures sent by facsimile or by PDF via e-mail shall be deemed originals.

12.17   The Court shall have exclusive jurisdiction with respect to implementation and enforcement of the terms of the Stipulation, and all Settling Parties, their respective counsel, and the Settlement Class Members hereto submit to the jurisdiction of the Court for purposes of implementing and enforcing the Settlement embodied in the Stipulation.

12.18   This Stipulation and the Exhibits hereto shall be considered to have been negotiated, executed, and delivered, and to be wholly performed, in the State of New York, and the rights and obligations of the parties to the Stipulation shall be construed and enforced in accordance with, and governed by, the internal, substantive laws of the State of New York, without giving effect to that State's choice-of-law principles.

12.19   Plaintiffs and Settling Defendants acknowledge that they have been represented by counsel and have made their own investigations of the matters covered by this Settlement Agreement to the extent they have deemed it necessary to do so.   Therefore, Plaintiffs and Settling Defendants and their respective counsel agree that they will not seek to set aside any part of this Settlement Agreement on the grounds of mistake.   Moreover, Plaintiffs and Settling Defendants and their respective counsel understand, agree, and expressly assume the risk that any fact may turn out hereinafter to be other than, different from, or contrary to the facts now known to them or believed by them to be true, and further agree that this Settlement Agreement shall be effective in all respects notwithstanding and shall not be subject to termination, modification, or rescission by reason of any such difference in facts.

12.20    The Releasing Class Parties, on behalf of themselves, their successors, their assigns, and any Person or entity claiming by, for, or through them, hereby agree that the maximum amount that Releasing Class Parties will enforce or collect in this Action, from Defendants who are not Settling Defendants, will not exceed in the aggregate, (i) the amount of the monetary award associated with any final judgment obtained by Plaintiffs reduced by (ii) 75.41% of that amount. The protections conferred on the Defendants in the Action who are not Settling Defendants by the preceding sentence shall be cumulated with the protections conferred by any other provisions in other settlements (whether entered into before, after, or simultaneously with this Settlement) ("Other Settlements"), rather than being treated as duplicative or partially duplicative of such protections.  The Defendants in the Action who are not Settling Defendants are intended third-party beneficiaries of the provisions set forth in this Paragraph.  Notwithstanding any other term in this Settlement Agreement, Settling Defendants may provide the other Defendants in the Action with a copy of this Paragraph and any other portions of this Agreement that are necessary to enable a Defendant in the Action to understand and enforce this Paragraph.

12.21   IN WITNESS WHEREOF, the parties hereto have caused the Stipulation to be executed, by their duly authorized attorneys, dated August 22, 2023.

*On Behalf of All Named Plaintiffs and the Settlement Class:*

*On Behalf of Settling Defendants:*

DATED: <u>August 22, 2023</u>

**QUINN EMANUEL URQUHART & SULLIVAN, LLP**

By: _Dan Brockett_

Daniel L. Brockett
Sascha N. Rand
Steig D. Olson
David LeRay
Maxwell P. Deabler-Meadows
51 Madison Avenue, 22nd Floor
New York, New York 10010
Telephone: (212) 849-7000
danbrockett@quinnemanuel.com
sascharand@quinnemnuel.com
steigolson@quinnemanuel.com
davidleray@quinnemanuel.com
maxmeadows@quinnemanuel.com

Jeremy D. Andersen (*pro hac vice*)
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
jeremyandersen@quinnemanuel.com

**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**

By: _____
Robert Y. Sperling
Staci Yablon
1285 Avenue of the Americas
New York, NY 10019-6064
Telephone: (212) 373-3000
rsperling@paulweiss.com
syablon@paulweiss.com

*Attorneys for Defendant Goldman Sachs & Co. LLC*

**COVINGTON & BURLING LLP**

By: _____

Robert D. Wick
John S. Playforth
One CityCenter
850 Tenth Street, NW
Washington, DC 20001
Telephone: (202) 662-6000
rwick@cov.com
jplayforth@cov.com

*Attorneys for Defendants JPMorgan Chase Bank, N.A., J.P. Morgan Securities LLC, J.P. Morgan Prime, Inc., and J.P. Morgan Strategic Securities Lending Corp.*

*On Behalf of All Named Plaintiffs and the
Settlement Class:*

*On Behalf of Settling Defendants:*

DATED:  August 22, 2023_____

**QUINN EMANUEL URQUHART &
SULLIVAN, LLP**

By:  _____

Daniel L. Brockett
Sascha N. Rand
Steig D. Olson
David LeRay
Maxwell P. Deabler-Meadows
51 Madison Avenue, 22nd Floor
New York, New York 10010
Telephone: (212) 849-7000
danbrockett@quinnemanuel.com
sascharand@quinnemnuel.com
steigolson@quinnemanuel.com
davidleray@quinnemanuel.com
maxmeadows@quinnemanuel.com

Jeremy D. Andersen (*pro hac vice*)
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
jeremyandersen@quinnemanuel.com

**PAUL, WEISS, RIFKIND, WHARTON &
GARRISON LLP**

By:  *Robert Y. Sperling*
Robert Y. Sperling
Staci Yablon
1285 Avenue of the Americas
New York, NY 10019-6064
Telephone: (212) 373-3000
rsperling@paulweiss.com
syablon@paulweiss.com

*Attorneys for Defendant Goldman Sachs &
Co. LLC*

**COVINGTON & BURLING LLP**

By:  _____

Robert D. Wick
John S. Playforth
One CityCenter
850 Tenth Street, NW
Washington, DC 20001
Telephone: (202) 662-6000
rwick@cov.com
jplayforth@cov.com

*Attorneys for Defendants JPMorgan Chase
Bank, N.A., J.P. Morgan Securities LLC, J.P.
Morgan Prime, Inc., and J.P. Morgan Strategic
Securities Lending Corp.*

*On Behalf of All Named Plaintiffs and the*
*Settlement Class:*

*On Behalf of Settling Defendants:*

DATED:   August 22, 2023____

**QUINN EMANUEL URQUHART &**
**SULLIVAN, LLP**

By: _____

Daniel L. Brockett
Sascha N. Rand
Steig D. Olson
David LeRay
Maxwell P. Deabler-Meadows
51 Madison Avenue, 22nd Floor
New York, New York 10010
Telephone: (212) 849-7000
danbrockett@quinnemanuel.com
sascharand@quinnemnuel.com
steigolson@quinnemanuel.com
davidleray@quinnemanuel.com
maxmeadows@quinnemanuel.com

Jeremy D. Andersen (*pro hac vice*)
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
jeremyandersen@quinnemanuel.com

**PAUL, WEISS, RIFKIND, WHARTON &**
**GARRISON LLP**

By: _____
Robert Y. Sperling
Staci Yablon
1285 Avenue of the Americas
New York, NY 10019-6064
Telephone: (212) 373-3000
rsperling@paulweiss.com
syablon@paulweiss.com

*Attorneys for Defendant Goldman Sachs &*
*Co. LLC*

**COVINGTON & BURLING LLP**

By: _Robert D. Wick_

Robert D. Wick
John S. Playforth
One CityCenter
850 Tenth Street, NW
Washington, DC 20001
Telephone: (202) 662-6000
rwick@cov.com
jplayforth@cov.com

*Attorneys for Defendants JPMorgan Chase*
*Bank, N.A., J.P. Morgan Securities LLC, J.P.*
*Morgan Prime, Inc., and J.P. Morgan Strategic*
*Securities Lending Corp.*

**COHEN MILSTEIN SELLERS & TOLL PLLC**

By: _____

Michael B. Eisenkraft
Christopher J. Bateman
88 Pine Street, 14th Floor
New York, New York 10005
Telephone: (212) 838-7797
meisenkraft@cohenmilstein.com
cbateman@cohenmilstein.com

Julie G. Reiser (*pro hac vice*)
Richard A. Koffman (*pro hac vice*)
Kit A. Pierson (*pro hac vice*)
Emmy L. Levens (*pro hac vice*)
Daniel McCuaig (*pro hac vice*)
Robert W. Cobbs (*pro hac vice*)
1100 New York Ave NW, Suite 500
Washington, DC 20005
Telephone: (202) 408-4600
jreiser@cohenmilstein.com
rkoffman@cohenmilstein.com
kpierson@cohenmilstein.com
elevens@cohenmilstein.com
dmccuaig@cohenmilstein.com
rcobbs@cohenmilstein.com

**CRAVATH, SWAINE & MOORE LLP**

By: _____

Daniel Slifkin
Michael A. Paskin
Damaris Hernández
Lauren M. Rosenberg
Worldwide Plaza
825 Eighth Avenue
New York, NY 10019
Telephone: (212) 474-1000
dslifkin@cravath.com
mpaskin@cravath.com
dhernandez@cravath.com
lrosenberg@cravath.com

*Attorneys for Defendants Morgan Stanley, Morgan Stanley Capital Management, LLC, Morgan Stanley & Co. LLC, Morgan Stanley Distribution, Inc., Prime Dealer Services Corp., and Strategic Investments I, Inc.*

**KATTEN MUCHIN ROSENMAN LLP**

By: _____

Peter G. Wilson
Sarah Weber
Elliott M. Bacon
525 West Monroe Street
Chicago, Illinois 60661-3693
Telephone: (312) 902-5200
peter.wilson@katten.com
sarah.weber@katten.com
elliott.bacon@katten.com

*Attorneys for Defendants UBS AG, UBS Americas Inc., UBS Securities LLC, and UBS Financial Services Inc.*

**COHEN MILSTEIN SELLERS & TOLL PLLC**

By: _____

Michael B. Eisenkraft
Christopher J. Bateman
88 Pine Street, 14th Floor
New York, New York 10005
Telephone: (212) 838-7797
meisenkraft@cohenmilstein.com
cbateman@cohenmilstein.com

Julie G. Reiser (*pro hac vice*)
Richard A. Koffman (*pro hac vice*)
Kit A. Pierson (*pro hac vice*)
Emmy L. Levens (*pro hac vice*)
Daniel McCuaig (*pro hac vice*)
Robert W. Cobbs (*pro hac vice*)
1100 New York Ave NW, Suite 500
Washington, DC 20005
Telephone: (202) 408-4600
jreiser@cohenmilstein.com
rkoffman@cohenmilstein.com
kpierson@cohenmilstein.com
elevens@cohenmilstein.com
dmccuaig@cohenmilstein.com
rcobbs@cohenmilstein.com

**CRAVATH, SWAINE & MOORE LLP**

By: _____

Daniel Slifkin
Michael A. Paskin
Damaris Hernández
Lauren M. Rosenberg
Worldwide Plaza
825 Eighth Avenue
New York, NY 10019
Telephone: (212) 474-1000
dslifkin@cravath.com
mpaskin@cravath.com
dhernandez@cravath.com
lrosenberg@cravath.com

*Attorneys for Defendants Morgan Stanley,
Morgan Stanley Capital Management, LLC,
Morgan Stanley & Co. LLC, Morgan Stanley
Distribution, Inc., Prime Dealer Services Corp.,
and Strategic Investments I, Inc.*

**KATTEN MUCHIN ROSENMAN LLP**

By: _____

Peter G. Wilson
Sarah Weber
Elliott M. Bacon
525 West Monroe Street
Chicago, Illinois 60661-3693
Telephone: (312) 902-5200
peter.wilson@katten.com
sarah.weber@katten.com
elliott.bacon@katten.com

*Attorneys for Defendants UBS AG, UBS
Americas Inc., UBS Securities LLC, and UBS
Financial Services Inc.*

46

**COHEN MILSTEIN SELLERS &
TOLL PLLC**

By: _____

Michael B. Eisenkraft
Christopher J. Bateman
88 Pine Street, 14th Floor
New York, New York 10005
Telephone: (212) 838-7797
meisenkraft@cohenmilstein.com
cbateman@cohenmilstein.com

Julie G. Reiser (*pro hac vice*)
Richard A. Koffman (*pro hac vice*)
Kit A. Pierson (*pro hac vice*)
Emmy L. Levens (*pro hac vice*)
Daniel McCuaig (*pro hac vice*)
Robert W. Cobbs (*pro hac vice*)
1100 New York Ave NW, Suite 500
Washington, DC 20005
Telephone: (202) 408-4600
jreiser@cohenmilstein.com
rkoffman@cohenmilstein.com
kpierson@cohenmilstein.com
elevens@cohenmilstein.com
dmccuaig@cohenmilstein.com
rcobbs@cohenmilstein.com

**CRAVATH, SWAINE & MOORE LLP**

By: _____

Daniel Slifkin
Michael A. Paskin
Damaris Hernández
Lauren M. Rosenberg
Worldwide Plaza
825 Eighth Avenue
New York, NY 10019
Telephone: (212) 474-1000
dslifkin@cravath.com
mpaskin@cravath.com
dhernandez@cravath.com
lrosenberg@cravath.com

*Attorneys for Defendants Morgan Stanley,
Morgan Stanley Capital Management, LLC,
Morgan Stanley & Co. LLC, Morgan Stanley
Distribution, Inc., Prime Dealer Services Corp.,
and Strategic Investments I, Inc.*

**KATTEN MUCHIN ROSENMAN LLP**

By: _____

Peter G. Wilson
Sarah Weber
Elliott M. Bacon
525 West Monroe Street
Chicago, Illinois 60661-3693
Telephone: (312) 902-5200
peter.wilson@katten.com
sarah.weber@katten.com
elliott.bacon@katten.com

*Attorneys for Defendants UBS AG, UBS
Americas Inc., UBS Securities LLC, and UBS
Financial Services Inc.*

CLEARY GOTTLIEB STEEN &
HAMILTON LLP

By: _____

Carmine D. Boccuzzi, Jr.
One Liberty Plaza
New York, NY 10006
Telephone: (212) 225-2508
cboccuzzi@cgsh.com
Garrett Shinn
2112 Pennsylvania Ave., NW
Washington, DC 20037
Telephone: (202) 974-1943
gshinn@cgsh.com

*Attorneys for Defendants EquiLend LLC,
EquiLend Europe Limited, and EquiLend
Holdings LLC*

EXHIBIT  A

**EXHIBIT A**

**EquiLend Reforms**

- **Duration:** All EquiLend reforms shall remain in place for five years from the date of final approval of the settlement.

    **1.**      **EquiLend Board and Committee Meetings:**

- Each EquiLend owner firm[1] shall be entitled to a maximum of three EquiLend Board Members at any given time (one regular Board Member and two Alternates).[2]

- Terms for EquiLend Board Members and alternate Board Members will be five years (on a staggered basis), with a break of two years required before an individual can be reappointed.

- Outside antitrust counsel will be retained for a term of three years and then rotated. EquiLend must obtain new outside antitrust counsel within six months of final approval of the settlement.

- The names of the individuals who attend EquiLend Board or Working Group[3] Meetings shall be identified in the minutes of such meetings.

- All Board and Working Group Meetings must follow a pre-determined agenda that counsel for EquiLend review in advance.

  - Any items added to the agenda at a later date require inclusion in the minutes to ensure that there is a record of what transpired.

  - Meeting minutes must be preserved and sent to the Chief Compliance Officer at EquiLend.

  - The minutes must be approved by all Board Members who attended each Board Meeting.

    **2.**      **Information Shared at EquiLend Meetings:**

- Apart from EquiLend employees, only Board Members, Alternate Board Members, and personnel to whom disclosure has a business justification and who agree to protect such

---

[1] EquiLend owner firms, Board Members and Alternate Board Members shall be defined to include prime broker and agent lender firms and their employees only.

[2] This limitation shall not affect the ability of any entity to appoint a Board Member that it would otherwise obtain after acquiring another entity's equity interest in EquiLend.

[3] Working Group references shall refer only to exclusive owner working groups formed and approved by EquiLend.

information can have access to confidential information discussed at EquiLend Board, Committee, or Working Group meetings.

- If any EquiLend Board Member, Alternate Board Member, or employee becomes aware of a potential breach of the above confidentiality restrictions, they shall report the potential breach to EquiLend's Chief Compliance Officer, who shall report the potential breach to a Designated Antitrust Liaison Counsel[4] of the relevant EquiLend owner firm.

- The above restrictions on information sharing should be specified in EquiLend's Antitrust Code of Conduct, to be created by EquiLend as detailed below, and signed by each Board and Alternate Board representative.

- Outside antitrust counsel must attend every (1) EquiLend Board Meeting; (2) Audit Committee Meeting; and (3) meetings of Working Groups.

- Training:

  - EquiLend will provide every EquiLend Board and Alternate Board Member antitrust training every two years.

- Other monitoring of compliance periodically and reporting:

  - Each Board Member and Alternate Board Member must certify each year that he or she will comply with EquiLend's Antitrust Code of Conduct.

- If any EquiLend Board Member, Alternate Board Member, or employee becomes aware of a potential breach of EquiLend's Antitrust Code of Conduct, they shall report the potential breach to EquiLend's Chief Compliance Officer.  In the event that EquiLend's Chief Compliance Officer believes that there may have been a breach of the Antitrust Code of Conduct by a Board Member or Alternate Board Member, EquiLend's Chief Compliance Officer shall alert the Board and the  Designated Antitrust Liaison Counsel at each of the owner firms whose Board and/or Alternate Board Member were involved in the matter at issue.

- EquiLend's Chief Compliance Officer will provide annual reports of compliance to the EquiLend Board and the Designated Antitrust Liaison Counsel at each of the owner firms.

### 3.   EquiLend's Antitrust Code of Conduct:

- EquiLend shall create an Antitrust Code of Conduct designed to prevent collusion and inappropriate sharing of information. The Antitrust Code of Conduct shall contain:

  - Ethical conduct:

---

[4] Designated Antitrust Liaison Counsel shall be an in-house lawyer with some antitrust training.

- A statement that individuals should strive for the highest ethical standards of honesty, fairness, and integrity.

- Information sharing:

  - The Antitrust Code of Conduct should spell out the restrictions on inappropriate sharing of information identified above.

  - Each EquiLend Board Member and Alternate Board Member must certify on an annual basis that he or she will comply with EquiLend's Antitrust Code of Conduct.

  - The Antitrust Code of Conduct and annual certifications shall be transmitted to the Chief Compliance Officer of EquiLend.

  - The Antitrust Code of Conduct will specify that EquiLend Board and Alternate Board Members will use reasonable efforts to ensure that communications between and among them—especially those outside the presence of antitrust counsel—are consistent with antitrust laws.

  - The Antitrust Code of Conduct will explicitly state that owner firms may take further steps to investigate any suspect communications or situations, as appropriate.

EXHIBIT  B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IOWA PUBLIC EMPLOYEES' RETIREMENT SYSTEM; LOS ANGELES COUNTY EMPLOYEES RETIREMENT ASSOCIATION; ORANGE COUNTY EMPLOYEES RETIREMENT SYSTEM; SONOMA COUNTY EMPLOYEES' RETIREMENT ASSOCIATION; and TORUS CAPITAL, LLC, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>MERRILL LYNCH, PIERCE, FENNER & SMITH INCORPORATED; MERRILL LYNCH L.P. HOLDINGS, INC.; MERRILL LYNCH PROFESSIONAL CLEARING CORP.; CREDIT SUISSE AG; CREDIT SUISSE SECURITIES (USA) LLC; CREDIT SUISSE FIRST BOSTON NEXT FUND, INC.; CREDIT SUISSE PRIME SECURITIES SERVICES (USA) LLC; GOLDMAN, SACHS & CO. LLC; GOLDMAN SACHS EXECUTION & CLEARING, L.P.; J.P. MORGAN SECURITIES LLC; J.P. MORGAN PRIME, INC.; J.P. MORGAN STRATEGIC SECURITIES LENDING CORP.; JPMORGAN CHASE BANK, N.A.; MORGAN STANLEY; MORGAN STANLEY CAPITAL MANAGEMENT, LLC; MORGAN STANLEY & CO. LLC; MORGAN STANLEY DISTRIBUTION, INC.; PRIME DEALER SERVICES CORP.; STRATEGIC INVESTMENTS I INC.; UBS AG; UBS AMERICAS INC.; UBS SECURITIES LLC; UBS FINANCIAL SERVICES INC.; EQUILEND LLC; EQUILEND EUROPE LIMITED; and EQUILEND HOLDINGS LLC,<br><br>Defendants. | No. 17-cv-6221 (KPF-SLC)<br><br><br>[PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT AGREEMENT WITH THE GOLDMAN SACHS, MORGAN STANLEY, JPMORGAN, UBS, AND EQUILEND DEFENDANTS; CERTIFYING THE SETTLEMENT CLASS; AND APPOINTING CLASS COUNSEL AND CLASS REPRESENTATIVES FOR THE SETTLEMENT CLASS<br><br><br><br>Hon. Katherine Polk Failla |

WHEREAS, the Action[1] is pending before this Court;

WHEREAS, Plaintiffs[2] have entered into and executed a Stipulation and Agreement of Settlement (the "Settlement Agreement") with the Goldman Sachs defendants (Goldman Sachs & Co. LLC; and Goldman Sachs Execution & Clearing, L.P. (merged into Goldman Sachs & Co. LLC as of June 12, 2017)); the JPMorgan defendants (J.P. Morgan Securities LLC; J.P. Morgan Prime, Inc.; J.P. Morgan Strategic Securities Lending Corp.; and JPMorgan Chase Bank, N.A.); the Morgan Stanley defendants (Morgan Stanley; Morgan Stanley Capital Management, LLC; Morgan Stanley & Co. LLC; Morgan Stanley Distribution, Inc.; Prime Dealer Services Corp.; and Strategic Investments I, Inc); the UBS defendants (UBS AG; UBS Americas Inc.; UBS Securities LLC; and UBS Financial Services Inc.); and the EquiLend defendants (EquiLend LLC; EquiLend Europe Limited; and EquiLend Holdings LLC) (all such defendants together, the "Settling Defendants" herein), (the "Settling Defendants" and with Plaintiffs the "Settling Parties"), which, if finally approved by the Court, will result in the settlement of all claims against Settling Defendants;

WHEREAS, in full and final settlement of the claims asserted against them in this Action, the Settling Defendants have agreed to pay an amount which totals $499,008,750 (the "Settlement Funds"), agreed to certain non-monetary relief as described in Exhibit A of the Settlement Agreement, and agreed to provide discovery that is likely to assist with the continued prosecution of the Action as set forth in the Settlement Agreement;

WHEREAS, Plaintiffs, having made an application, pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, for an order preliminarily approving the Settlement Agreement, which sets forth the terms and conditions of the Settlement of the Action against the Settling

---

[1]   As defined in the Settlement Agreement, the "Action" means the above-captioned litigation pending in the United States District Court for the Southern District of New York.

[2]   As defined in the Settlement Agreement, "Plaintiffs" are Iowa Public Employees' Retirement System; Los Angeles County Employees Retirement Association; Orange County Employees Retirement System; Sonoma County Employees' Retirement Association; and Torus Capital, LLC.

1

Defendants and for dismissal of the Action against the Settling Defendants with prejudice upon the terms and conditions set forth in the Settlement Agreement;

WHEREAS, Plaintiffs have sought, and Settling Defendants have agreed not to object to, the certification of the Settlement Class (as defined below) solely for settlement purposes;

WHEREAS, Plaintiffs have requested that Co-Lead Counsel be appointed as settlement class counsel for the Settlement Class pursuant to Rule 23(g) of the Federal Rules of Civil Procedure;

WHEREAS, Plaintiffs have requested that they be appointed class representatives of the Settlement Class;

WHEREAS, the Settling Parties have agreed to the entry of this [Proposed] Order Preliminarily Approving Settlement Agreement with the Goldman Sachs, Morgan Stanley, JPMorgan, UBS, and EquiLend Defendants, Certifying the Settlement Class, and Appointing Class Counsel and Class Representatives for the Settlement Class (the "Order"); and

WHEREAS the Court has read and considered the Settlement Agreement and the exhibits annexed thereto and other documents submitted in connection with Plaintiffs' Motion for Preliminary Approval of the Settlement Agreement, and good cause appearing therefor;

NOW, THEREFORE, IT IS HEREBY ORDERED:

1.      All terms in initial capitalization used in this Order shall have the same meanings as set forth in the Settlement Agreement, unless otherwise defined herein.

## I.      PRELIMINARY APPROVAL OF SETTLEMENT AGREEMENT

2.      Pursuant to Fed. R. Civ. P. 23(e)(1)(B), based on the showing that the Court will likely be able to approve the proposed settlement under Rule 23(e)(2) and certify the class for purposes of judgment on the proposed settlement, the Court hereby preliminarily approves the Settlement Agreement, subject to further consideration at the Fairness Hearing described below. The Court preliminarily finds that the settlement encompassed by the Settlement Agreement satisfies the requirements of Rules 23(c)(2) and 23(e) of the Federal Rules of Civil Procedure

and due process so that an appropriate notice of the Settlement Agreement should be given, subject to the Court's approval of a notice plan as provided in this Order.

## II.    PRELIMINARY CERTIFICATION OF SETTLEMENT CLASS

3.    Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court preliminarily certifies, solely for settlement purposes, a Settlement Class defined as follows: all Persons who, directly or through an agent, entered into Stock Loan Transactions with the Prime Broker Defendants, direct or indirect parents, subsidiaries, or divisions of the Prime Broker Defendants in the United States from January 7, 2009 through the Execution Date (the "Settlement Class Period"), inclusive.  Excluded from the Settlement Class are Defendants and their employees, affiliates, parents, and subsidiaries, whether or not named in the Amended Complaint, entities which previously requested exclusion from any Class in this Action,[3] and the United States Government, provided, however, that Investment Vehicles shall not be excluded from the definition of the Settlement Class.

4.    Solely for purposes of the settlement, the Court preliminarily finds that the requirements of Federal Rules of Civil Procedure 23(a) and 23(b)(3) have been satisfied, as follows: (a) the members of the Settlement Class are so numerous that joinder of all members of the Settlement Class is impracticable; (b) questions of law and fact common to the Settlement Class predominate over any individual questions; (c) the claims of Plaintiffs are typical of the claims of the Settlement Class; (d) Plaintiffs and Co-Lead Counsel have fairly and adequately represented and protected the interests of the Settlement Class; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the controversy, considering (i) the interests of members of the Settlement Class in individually controlling the prosecution of separate actions; (ii) the extent and nature of any litigation concerning the controversy already begun by members of the Settlement Class; (iii) the desirability or undesirability of concentrating

---

[3]  These entities are Citadel LLC, Two Sigma Investments, PDT Partners, Renaissance Technologies LLC, TGS Management, Voloridge Investment Management, and the D.E. Shaw Group and their corporate parents, subsidiaries, and wholly owned affiliates (the "Opt-out Entities").

the litigation of these claims in this particular forum; and (iv) the likely difficulties in managing this Action as a class action.

5.      If the Effective Date does not occur with respect to the Settlement Agreement because of the failure of a condition that affects such Settlement Agreement, this conditional certification of the Settlement Class shall be deemed null and void as to the Settling Parties subject to such Settlement Agreement without the need for further action by the Court or any of the Settling Parties.  In such circumstances, each of the Settling Parties shall retain their rights to seek or to object to certification of this litigation as a class action under Rule 23 of the Federal Rules of Civil Procedure, or under any other state or federal rule, statute, law, or provision thereof, and to contest and appeal any grant or denial of certification in this litigation or in any other litigation on any other grounds.

## III.    CLASS COUNSEL AND CLASS REPRESENTATIVES

6.      The law firms of Quinn Emanuel Urquhart & Sullivan, LLP, and Cohen Milstein Sellers & Toll PLLC, are preliminarily appointed, solely for settlement purposes, as Co-Lead Counsel for the Settlement Class.

7.      Plaintiffs are preliminarily appointed, solely for settlement purposes, as class representatives for the Settlement Class.

## IV.    PLAN OF DISTRIBUTION, NOTICE, AND FAIRNESS HEARING

8.      At a later practicable date, Plaintiffs shall submit for the Court's approval a proposed Plan of Allocation of the Settlement Fund (and including all interest and income earned thereon after being transferred to the Escrow Account).

9.      At a later practicable date, Plaintiffs shall submit for the Court's approval a proposed notice plan for purposes of advising members of the Settlement Class, among other things, of their right to object to the Settlement Agreement, their right to exclude themselves from the Settlement Class, the procedure for submitting a request for exclusion, the time, date,

and location of the Fairness Hearing to be scheduled by the Court, and their right to appear at the Fairness Hearing.

10.     At or after the Fairness Hearing, the Court shall determine whether the Settlement Agreement, the proposed Plan of Distribution, any application for service awards, and any application for attorneys' fees and/or expenses for Plaintiffs' Counsel should be finally approved.

## V.     OTHER PROVISIONS

11.     The notice requirements of the Class Action Fairness Act, 28 U.S.C. §1715, have been met.

12.     The Court approves Plaintiffs' designation of Epiq Class Actions & Claims Solutions, LLC as the Settlement Administrator.  Absent further order of the Court, the Settlement Administrator shall have such duties and responsibilities as are set forth in the Settlement Agreement.

13.     The Court approves Plaintiffs' designation of Huntington National Bank as Escrow Agent.  Absent further order of the Court, the Escrow Agent shall have such duties and responsibilities in such capacity as are set forth in the Settlement Agreement.

14.     The Court approves the establishment of escrow accounts under the Settlement Agreement as Qualified Settlement Funds ("QSFs") pursuant to Internal Revenue Code §468B and the Treasury Regulations promulgated thereunder, and retains continuing jurisdiction as to any issue that may arise in connection with the formulation or administration of the QSFs.  All funds held by the Escrow Agent shall be deemed and considered to be in *custodia legis*, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to the Settlement Agreement and further order(s) of the Court.

15.     All reasonable expenses incurred in identifying and notifying potential Settlement Class Members as well as administering the Settlement Fund shall be paid, as set forth herein and in Paragraph 3.12 of the Settlement Agreement, up to the sum of $2,500,000.  In the event the Court does not approve the Settlement Agreement, or if the Settlement Agreement otherwise

fails to become effective, neither Plaintiffs nor any of their counsel shall have any obligation to repay any amounts incurred or disbursed pursuant to Paragraph 3.12 of the Settlement Agreement.

16.    In the event that the Settlement Agreement is terminated, is vacated, is not approved, or the Effective Date fails to occur for any reason, then the parties to such Settlement Agreement shall be deemed to have reverted to their respective status in the Action as of the Execution Date, and, except as otherwise expressly provided herein, such parties shall proceed in all respects as if such Settlement Agreement and any related orders had not been entered, and such Settlement Agreement (including any amendment(s) thereto) and this Order shall be null and void, of no further force or effect, and without prejudice to any such Settling Parties, and may not be introduced as evidence or referred to in any actions or proceedings by any Person; provided, however, that in the event of termination of a Settlement Agreement, Paragraphs 8.3, 10.3, 10.4, 12.4, and 12.5 of such Settlement Agreement shall nonetheless survive and continue to be of effect and have binding force.  Any portion of the Settlement Fund previously paid by or on behalf of the Settling Defendants, together with any interest earned thereon (and, if applicable, re-payment of any Fee and Expense Award referred to in Paragraph 8.3 of such Settlement Agreement), less Taxes due, if any, with respect to such income, and less costs of administration and notice actually incurred and paid or payable from the Settlement Fund (not to exceed the sum of $2,500,000 without the prior approval of the Court) shall be returned to such Settling Defendants within five (5) business days after written notification of such event is sent by counsel for the Settling Defendants or Co-Lead Counsel to the Escrow Agent.  At the request of such Settling Defendants, the Escrow Agent shall apply for any tax refund owed on the Settlement Fund and pay the proceeds to such Settling Defendants.

17.    The Settling Defendants have denied wrongdoing or liability in connection with the allegations in the Action.  As such, nothing in the Settlement Agreement constitutes an admission by the Settling Defendants as to the merits of the allegations made in the Action, the validity of any defenses that could be or have been asserted, or the appropriateness of

certification of any class other than the Class under Fed. R. Civ. P. 23 for purposes of settlement only.

18.     All proceedings in the Action with respect to the Settling Defendants only are stayed until further order of the Court.  Such stay does not apply, however, to the extent actions are necessary to implement the terms of the Settlement Agreement or comply with its terms or to the extent actions are necessary to continue to prosecute the case against the non-settling Defendants.  Pending final determination of whether the Settlement Agreement should be approved, neither Plaintiffs nor any Settlement Class Member shall commence or prosecute any action alleging any of the Released Class Claims against the Settling Defendants.

19.     All Class Members shall be bound by all determinations and judgments in the Action concerning the settlements set forth in the Settlement Agreement, whether favorable or unfavorable to the Settlement Class.

20.     Any member of the Settlement Class may enter an appearance in the Action, at his, her, its own expense, individually or through counsel of his, her, or its own choice.  Any member of the Settlement Class who does not enter an appearance will be represented by Co-Lead Counsel.

IT IS SO ORDERED.

DATED: _____          _____
                                      HON. KATHERINE P. FAILLA
                                      UNITED STATES DISTRICT JUDGE

EXHIBIT  C

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IOWA PUBLIC EMPLOYEES' RETIREMENT SYSTEM; LOS ANGELES COUNTY EMPLOYEES RETIREMENT ASSOCIATION; ORANGE COUNTY EMPLOYEES RETIREMENT SYSTEM; SONOMA COUNTY EMPLOYEES' RETIREMENT ASSOCIATION; and TORUS CAPITAL, LLC, on behalf of themselves and all others similarly situated,<br><br>     Plaintiffs,<br><br>     v.<br><br>MERRILL LYNCH, PIERCE, FENNER & SMITH INCORPORATED; MERRILL LYNCH L.P. HOLDINGS, INC.; MERRILL LYNCH PROFESSIONAL CLEARING CORP.; CREDIT SUISSE AG; CREDIT SUISSE SECURITIES (USA) LLC; CREDIT SUISSE FIRST BOSTON NEXT FUND, INC.; CREDIT SUISSE PRIME SECURITIES SERVICES (USA) LLC; GOLDMAN, SACHS & CO. LLC; GOLDMAN SACHS EXECUTION & CLEARING, L.P.; J.P. MORGAN SECURITIES LLC; J.P. MORGAN PRIME, INC.; J.P. MORGAN STRATEGIC SECURITIES LENDING CORP.; JPMORGAN CHASE BANK, N.A.; MORGAN STANLEY; MORGAN STANLEY CAPITAL MANAGEMENT, LLC; MORGAN STANLEY & CO. LLC; MORGAN STANLEY DISTRIBUTION, INC.; PRIME DEALER SERVICES CORP.; STRATEGIC INVESTMENTS I INC.; UBS AG; UBS AMERICAS INC.; UBS SECURITIES LLC; UBS FINANCIAL SERVICES INC.; EQUILEND LLC; EQUILEND EUROPE LIMITED; and EQUILEND HOLDINGS LLC,<br><br>     Defendants. | No.  17-cv-6221 (KPF-SLC)<br><br><br><br><br><br>[PROPOSED] FINAL JUDGMENT AND ORDER OF DISMISSAL<br><br><br><br>Hon. Katherine Polk Failla |

This matter came before the Court for hearing pursuant to Plaintiffs'[1] application for final approval of the settlement set forth in the Stipulation and Agreement of Settlement with the Goldman Sachs defendants (Goldman Sachs & Co. LLC; and Goldman Sachs Execution & Clearing, L.P. (merged into Goldman Sachs & Co. LLC as of June 12, 2017)); the JPMorgan defendants (J.P. Morgan Securities LLC; J.P. Morgan Prime, Inc.; J.P. Morgan Strategic Securities Lending Corp.; and JPMorgan Chase Bank, N.A.); the Morgan Stanley defendants (Morgan Stanley; Morgan Stanley Capital Management, LLC; Morgan Stanley & Co. LLC; Morgan Stanley Distribution, Inc.; Prime Dealer Services Corp.; and Strategic Investments I, Inc); the UBS defendants (UBS AG; UBS Americas Inc.; UBS Securities LLC; and UBS Financial Services Inc.); and the EquiLend defendants (EquiLend LLC; EquiLend Europe Limited; and EquiLend Holdings LLC) (all such defendants together, the "Settling Defendants" herein), (the "Settling Defendants" and with Plaintiffs the "Settling Parties"), dated August 22, 2023 (the "Settlement Agreement"). The Court has considered all papers filed and proceedings held herein and is fully informed of these matters. For good cause shown, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1.      This Final Judgment and Order of Dismissal incorporates by reference the definitions in the Settlement Agreement, and all capitalized terms used, but not defined, herein shall have the same meanings as in the Settlement Agreement.

2.      This Court has jurisdiction over the subject matter of the Action and over all parties to the Action, including all Settlement Class Members.

3.      The notice provisions of the Class Action Fairness Act, 28 U.S.C. §1715, have been satisfied.

4.      Based on the record before the Court, including the Preliminary Approval Order, the submissions in support of the settlement between Plaintiffs, for themselves individually and

---

[1]  Plaintiffs are Iowa Public Employees' Retirement System; Los Angeles County Employees Retirement Association; Orange County Employees Retirement System; Sonoma County Employees' Retirement Association; and Torus Capital, LLC.

on behalf of each Settlement Class Member in the Action, and the Settling Defendants, and any objections and responses thereto, pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure the Court hereby certifies solely for settlement purposes the following Settlement Class:

> all Persons who, directly or through an agent, entered into Stock Loan Transactions with the Prime Broker Defendants, direct or indirect parents, subsidiaries, or divisions of the Prime Broker Defendants in the United States from January 7, 2009 through the Execution Date (the "Settlement Class Period"), inclusive. Excluded from the Settlement Class are Defendants and their employees, affiliates, parents, and subsidiaries, whether or not named in the Amended Complaint, entities which previously requested exclusion from any Class in this Action,[2] and the United States Government, provided, however, that Investment Vehicles shall not be excluded from the definition of the Settlement Class.

5.      The requirements of Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure have been satisfied, solely for settlement purposes, as follows: (a) the members of the Settlement Class are so numerous that joinder of all members of the Settlement Class in the Action is impracticable; (b) questions of law and fact common to the Settlement Class predominate over any individual questions; (c) the claims of Plaintiffs are typical of the claims of the Settlement Class; (d) Plaintiffs and Co-Lead Counsel have fairly and adequately represented and protected the interests of the Settlement Class; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the controversy, considering (i) the interests of members of the Settlement Class in individually controlling the prosecution of separate actions; (ii) the extent and nature of any litigation concerning the controversy already begun by members of the Settlement Class; (iii) the desirability or undesirability of concentrating the litigation of these claims in this particular forum; and (iv) the likely difficulties in managing this Action as a class action.

---

[2]   These entities are Citadel LLC, Two Sigma Investments, PDT Partners, Renaissance Technologies LLC, TGS Management, Voloridge Investment Management, and the D.E. Shaw Group and their corporate parents, subsidiaries, and wholly owned affiliates (the "Opt-out Entities").

6.      The law firms of Quinn Emanuel Urquhart & Sullivan, LLP, and Cohen Milstein Sellers & Toll PLLC, are appointed, solely for settlement purposes, as Co-Lead Counsel for the Settlement Class.

7.      Plaintiffs Iowa Public Employees' Retirement System; Los Angeles County Employees Retirement Association; Orange County Employees Retirement System; Sonoma County Employees' Retirement Association; and Torus Capital, LLC are appointed, solely for settlement purposes, as class representatives for the Settlement Class.

8.      Pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, the Court grants final approval of the Settlement set forth in the Settlement Agreement on the basis that the settlement is fair, reasonable, and adequate as to, and in the best interests of, all Settlement Class Members, and is in compliance with all applicable requirements of the Federal Rules of Civil Procedure.  In reaching this conclusion, the Court considered the factors set forth in *City of Detroit v. Grinnell Corp.*, 495 F.2d 448, 463 (2d Cir. 1974), *abrogated on other grounds by Goldberger v. Integrated Res., Inc.*, 209 F.3d 43 (2d Cir. 2000).  Moreover, the Court concludes that:

a.      The Settlement set forth in the Settlement Agreement was fairly and honestly negotiated by counsel with significant experience litigating antitrust class actions and other complex litigation and is the result of vigorous arm's-length negotiations undertaken in good faith;

b.      This Action involves numerous contested and serious questions of law and fact, such that the value of an immediate monetary recovery outweighs the mere possibility of future relief after protracted and expensive litigation;

c.      Success in complex cases such as this one is inherently uncertain, and there is no guarantee that continued litigation would yield a superior result; and

d.      The Settlement Class Members' reaction to the Settlement set forth in the Settlement Agreement is entitled to great weight.

9.      Except as to any individual claim of those Persons (identified in Exhibit 1 hereto) who have validly and timely requested exclusion from the Settlement Class ("Opt-Outs"), the Action and all claims contained therein, as well as all of the Released Class Claims, against Settling Defendants and Released Settling Defendant Parties by the Plaintiffs and Releasing Class Parties are dismissed with prejudice.  The Settling Parties are to bear their own costs, except as otherwise provided in the Settlement Agreement and the orders of this Court.

10.     The Opt-Outs identified in Exhibit 1 hereto have timely and validly requested exclusion from the Settlement Class and are excluded from the Settlement Class for all purposes, are not bound by this Final Judgment and Order of Dismissal, and may not make any claim or receive any benefit from the Settlement Agreement or any other settlement that class members were notified were being jointly administered together in this way from which members of Settlement Class are entitled to recover.

11.     Upon the Effective Date: (i) Plaintiffs and each of the Settlement Class Members shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, and discharged against the Released Settling Defendant Parties (whether or not such Settlement Class Member executes and delivers a Proof of Claim and Release form) any and all Released Class Claims (including, without limitation, Unknown Claims); and (ii) Plaintiffs and each of the Settlement Class Members and anyone claiming through or on behalf of them, shall be permanently barred and enjoined from the commencement, assertion, institution, maintenance or prosecution of any of the Released Class Claims against any Released Settling Defendant Parties in any action or other proceeding in any court of law or equity, arbitration tribunal, administrative forum, or forum of any kind.  This Final Judgment and Order of Dismissal shall not affect in any way the right of Plaintiffs or Releasing Class Parties to pursue claims, if any, outside the scope of the Released Class Claims.  Claims to enforce the terms of the Settlement Agreement are not released.

12.     Upon the Effective Date, each of the Releasing Settling Defendant Parties: (i) shall be deemed to have, and by operation of the Judgment and Order of Dismissal shall have,

fully, finally, and forever released, relinquished, and discharged Plaintiffs, each and all of the Settlement Class Members, and Plaintiffs' Counsel from any and all Released Defendants' Claims (including, without limitation, Unknown Claims); and (ii) shall be permanently barred and enjoined from the commencement, assertion, institution, maintenance or prosecution against any counsel for Plaintiffs and Settlement Class Members in any action or other proceeding in any court of law or equity, arbitration tribunal, administrative forum, or forum of any kind, asserting any of the Released Defendants' Claims.  This Final Judgment and Order of Dismissal shall not affect in any way the right of Settling Defendants or Releasing Settling Defendant Parties to pursue claims, if any, outside the scope of the Released Defendants' Claims.  Claims to enforce the terms of the Settlement Agreement are not released.

13.     Upon the Effective Date, any claims for contribution, indemnification, or similar claims from other Defendants in the Action against any of the Released Settling Defendant Parties, arising out of or related to the Released Class Claims, are barred in the manner and to the fullest extent permitted under the law of New York or any other jurisdiction that might be construed or deemed to apply to any claims for contribution, indemnification or similar claims against any of the Released Settling Defendant Parties.

14.     All rights of any Settlement Class Member against (i) any of the other Defendants currently named in the Action; (ii) any other Person formerly named in the Action; or (iii) any alleged co-conspirators or any other Person subsequently added or joined in the Action, other than Settling Defendants and Released Settling Defendant Parties with respect to Released Class Claims, are specifically reserved by Plaintiffs and the Settlement Class Members.

15.     The mailing and distribution of the Notice to all members of the Settlement Class who could be identified through reasonable effort and the publication of the Summary Notice satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure and due process, constitute the best notice practicable under the circumstances, and constitute due and sufficient notice to all Persons entitled to notice.

16.     The Plan of Allocation submitted by Plaintiffs is approved as fair, reasonable, and adequate.

17.     Neither the Settlement Agreement nor the Settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Settlement Agreement or the Settlement: (a) is or may be deemed to be or may be used as an admission or evidence of the validity of any Released Class Claim, or of any wrongdoing or liability of the Released Settling Defendant Parties; or (b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any of the Released Settling Defendant Parties in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal.  The Settlement Agreement may be filed in an action to enforce or interpret the terms of the Settlement Agreement, the Settlement contained therein, and any other documents executed in connection with the performance of the Settlement embodied therein.  The Released Settling Defendant Parties may file the Settlement Agreement and/or this Final Judgment and Order of Dismissal in any action that may be brought against them in order to support a defense or counterclaim based on the principles of *res judicata*, collateral estoppel, full faith and credit, release, good faith settlement, judgment bar, or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

18.     Without affecting the finality of this Final Judgment and Order of Dismissal in any way, this Court retains continuing and exclusive jurisdiction over: (a) implementation of the Settlement set forth in the Settlement Agreement; (b) any award, distribution, or disposition of the Settlement Fund, including interest earned thereon; (c) hearing and determining applications for attorneys' fees, costs, expenses including expert fees, and incentive awards; and (d) all Settling Parties, Released Parties, and Releasing Parties for the purpose of construing, enforcing, and administering the Settlement Agreement.

19.     In the event that the Settlement does not become effective in accordance with the terms of the Settlement Agreement, then this Final Order and Judgment of Dismissal shall be rendered null and void and shall be vacated.  In such event, all orders entered and releases

delivered in connection herewith shall be null and void, and the Settling Parties shall be deemed to have reverted to their respective status in the Action as of the Execution Date, and, except as otherwise expressly provided herein, the Settling Parties shall proceed in all respects as if the Settlement Agreement and any related orders had not been entered; provided, however, that in the event of termination of the Settlement, Paragraphs 8.3, 10.3, 10.4, 12.4, and 12.5 of the Settlement Agreement shall nonetheless survive and continue to be of effect and have binding force.

20.    This Final Order and Judgment incorporates the entire Settlement Agreement including all Exhibits and the Parties are hereby directed to carry out the Settlement Agreement in accordance with all of its terms and provisions.

21.    Without further Court order, the Settling Parties may agree to reasonable extensions of time to carry out any of the provisions of the Settlement Agreement.

22.    There is no just reason for delay in the entry of this Final Judgment and Order of Dismissal.  The Clerk of the Court is directed to enter this Final Judgment and Order of Dismissal pursuant to Rule 54(b) of the Federal Rules of Civil Procedure immediately.

IT IS SO ORDERED.


DATED: _____          _____
                                     HON. KATHERINE P. FAILLA
                                     UNITED STATES DISTRICT JUDGE