# S H E A R M A N  &  S T E R L I N G  LLP

599 Lexington Avenue
New York, NY 10022-6069
+1.212.848.4000

RSchwed@shearman.com
212.848.5445

Via ECF

September 27, 2023

Hon. Katherine Polk Failla
United States District Court, Southern District of New York
40 Foley Square, Room 2101
New York, NY 10007

Re:   *Iowa Pub. Emps.' Ret. Sys. et al. v. Bank of Am. Corp. et al.*,
      No. 17-cv-6221 (KPF) (SLC)

Dear Judge Failla:

We write on behalf of Defendants Merrill Lynch, Pierce, Fenner & Smith Incorporated, Merrill
Lynch L.P. Holdings, and Merrill Lynch Professional Clearing Corp. in response to Plaintiffs'
September 22, 2023 letter regarding Judge Furman's recent decision in *City of Philadelphia, et al.
v. Bank of America Corporation, et al.*, No. 19-cv-1608 (JMF) (S.D.N.Y. Sept. 21, 2023)
("*VRDO*").  ECF 655, 655-1.  Plaintiffs' contention that *VRDO* rejected arguments "virtually
identical" to those made by Defendants here, ECF 655 at 1, misreads *VRDO* and ignores important
differences between that case and this one.  In actuality, *VRDO* does not support Plaintiffs' class
certification arguments and underscores errors in Magistrate Judge Cave's Report and
Recommendation.

*First*, Plaintiffs characterize *VRDO* as standing for the proposition that a defendant's use at trial of
individualized evidence to disprove individual impact cannot defeat predominance if "the plaintiffs
have a common methodology capable of proving that all or virtually all class members were
impacted."  *See* ECF 655 at 1–2.  If that characterization were correct, it would misstate the law.
The Second Circuit has made clear that a plaintiff's proposed evidence is not all that matters under
Rule 23, and courts "must consider potential defenses in assessing the predominance requirement."
*Myers v. Hertz Corp.*, 624 F.3d 537, 551 (2d Cir. 2010); *see also, e.g.*, *Haley v. Tchrs. Ins. &
Annuity Ass'n of Am.*, 54 F.4th 115, 123 (2d Cir. 2022) (reversing certification where district court
"did not engage with the evidence that [defendant] submitted to substantiate the purported
variations among" proposed class members).  Thus, even if "the plaintiff demonstrates that class
issues exist," certification should be denied where defendants "invoke individualized issues and
provide sufficient evidence that the individualized issues bar recovery on at least some claims,
thus raising the spectre of class-member-by-class-member adjudication of the issue."  *Van v. LLR,
Inc.*, 61 F.4th 1053, 1067 (9th Cir. 2023).

Shearman & Sterling LLP is a limited liability partnership organized in the United States under the laws of the state of Delaware, which laws limit the personal liability of partners.

September 27, 2023

*Second*, Plaintiffs' interpretation of *VRDO* in any event merely begs the question whether Plaintiffs here (through Dr. Zhu) have put forth a methodology capable of proving impact on a class-wide basis. As detailed in Defendants' Objections to the Report and Recommendation ("Defendants' Objections"), they have not. ECF 576 at 38–45; ECF 617 at 19–23. As Judge Furman pointed out, to support class certification an expert model must, among other requirements, "[do] what it claims to do" and be "supported by reasoned and sound methodological choices." ECF 655-1 at 10. Judge Cave erred in leaving these key threshold, predicate questions to the jury. ECF 563 at 57–59; ECF 576 at 38–44; ECF 617 at 19–22; *see, e.g.*, *In re Initial Pub. Offering Sec. Litig.*, 471 F.3d 24, 41 (2d Cir. 2006); *In re LIBOR-Based Fin. Instruments Antitrust Litig.*, 299 F. Supp. 3d 430, 471 (S.D.N.Y. 2018).

*Third*, Plaintiffs are not aided by Judge Furman's conclusion that the record in *VRDO* was distinguishable from *In re Rail Freight Fuel Surcharge Antitrust Litigation*, 934 F.3d 619 (D.C. Cir. 2019) ("*Rail II*"), *In re Asacol Antitrust Litigation*, 907 F.3d 42 (1st Cir. 2018), and *In re Aluminum Warehousing Antitrust Litigation*, 336 F.R.D. 5 (S.D.N.Y. 2020). Judge Furman's conclusion was based on (1) a conclusion that the plaintiffs' experts had put forth methodologies capable of establishing class-wide injury on a common basis and (2) a determination that the defendants' causation challenge to the plaintiffs' claimed injury presented a common question as to whether the proposed class claims exhibited "a fatal similarity." *See* ECF 655-1 at 22. Here, in contrast, (1) Judge Cave made no finding respecting whether Plaintiffs put forth a methodology capable of establishing the existence of class-wide injury on a common basis (as explained, they have not), and (2) Defendants' predominance challenge is not based on a fatal *similarity* that would defeat the claims of the entire class on the merits, but, rather, is based on the fact that class members' claims are fatally *dissimilar*—*i.e.*, individual class members were uninjured due to their particular characteristics and circumstances. *See* ECF 576 at 19–31; ECF 617 at 7–8. Because class members' claims are fatally dissimilar, class adjudication cannot be "'both administratively feasible and protective of defendants' Seventh Amendment and due process rights.'" *VRDO*, ECF 655-1 at 23 (quoting *Asacol*, 907 F.3d at 52).

*Fourth*, *VRDO* is also inapposite insofar as Judge Furman found *Rail II*, *Asacol*, and *Aluminum Warehousing* distinguishable because he concluded that the defendants in *VRDO* relied on modifications to the plaintiffs' experts' models to challenge the plaintiffs' ability to establish class-wide injury. *See* ECF 655-1 at 16. Here, it is *Plaintiffs' own damages model* that demonstrates that from 27 to 90 percent of class members were unharmed by the alleged conspiracy. ECF 576 at 33–38; ECF 617 at 15–18. Regardless, Plaintiffs' suggestion that *VRDO* permits the Court to disregard Defendants' expert evidence when assessing predominance again misreads that case and misstates the law: a court can only find Rule 23's requirements satisfied after considering "all evidence relevant" to that inquiry. *Goldman Sachs Grp., Inc. v. Arkansas Tchr. Ret. Sys.*, 141 S. Ct. 1951, 1961 (2021); *see, e.g.*, *Teamsters Loc. 445 Freight Div. Pension Fund v. Bombardier Inc.*, 546 F.3d 196, 202 (2d Cir. 2008) (district courts must "'assess all of the relevant evidence admitted at the class certification stage' when determining whether to grant a Rule 23 motion" (quoting *In re In re Initial Pub. Offering Sec. Litig.*, 471 F.3d at 42)). Moreover, whereas Judge Furman emphasized that the defendants in *VRDO* "offer[ed] no counter-estimate of how many individual inquiries would be required," ECF 655-1 at 24, Plaintiffs cannot so argue here. Defendants' Objections detail the abundant record evidence that will be presented at trial to identify individual class members that were unharmed by the alleged conspiracy because, for

September 27, 2023

example, they would not have used or benefitted from platform trading or would have been worse off in the but-for world after accounting for the added value of over-the-counter loans as compared to platform loans.  ECF 576 at 19–31; ECF 617 at 8–14.

*Finally*, Judge Furman's determination that the market structure analysis by one of the plaintiffs' experts in *VRDO* (Dr. Abrantes-Metz) was capable of evidencing common impact in that case has no bearing on whether Dr. Zhu's analysis is capable of proving class-wide impact in this case.  *See* ECF 655-1 at 17-19.  Plaintiffs first ignore that (unlike Dr. Zhu in this case) the plaintiffs' experts in *VRDO* (including Dr. Abrantes-Metz) purported to conduct regression analyses.  *See* ECF 655-1 at 7, 17.  Next, Plaintiffs contend that Defendants' challenge to Dr. Zhu's analysis is premised on his failure to use a regression model to estimate but-for prices.  ECF 655 at 2.  Not so.  Dr. Zhu's analysis cannot withstand the "rigorous analysis" required by Rule 23 because (1) he never built a model purporting to show class-wide injury to lenders, (2) his borrower model is premised on false assumptions that generate false positives, and (3) his yardstick analysis uses markets that are not comparable to the stock loan market.  ECF 576 at 39–45; ECF 617 at 18–23.  The *VRDO* opinion has nothing to say about these shortcomings, which are far from mere disagreements with Dr. Zhu's "interpretation of the record," as Judge Furman characterized the defendants' criticisms of Dr. Abrantes-Metz's analysis.  *See* ECF 655-1 at 18.

For the foregoing reasons and the reasons detailed in Defendants' Objections, Plaintiffs' motion for class certification should be denied.

Respectfully submitted,

*/s/ Richard F. Schwed*
Richard F. Schwed

*Counsel for Defendants Merrill Lynch,*
*Pierce, Fenner & Smith Incorporated,*
*Merrill Lynch L.P. Holdings, and Merrill*
*Lynch Professional Clearing Corp.*