# EXHIBIT 1

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IOWA PUBLIC EMPLOYEES' RETIREMENT SYSTEM; LOS ANGELES COUNTY EMPLOYEES RETIREMENT ASSOCIATION; ORANGE COUNTY EMPLOYEES RETIREMENT SYSTEM; SONOMA COUNTY EMPLOYEES' RETIREMENT ASSOCIATION; and TORUS CAPITAL, LLC, on behalf of themselves and all others similarly situated, | Case No.: 17-cv-6221 (KPF-SLC) |
| Plaintiffs, | |
| v. | |
| MERRILL LYNCH, PIERCE, FENNER & SMITH INCORPORATED; MERRILL LYNCH L.P. HOLDINGS, INC.; MERRILL LYNCH PROFESSIONAL CLEARING CORP.; CREDIT SUISSE AG; CREDIT SUISSE SECURITIES (USA) LLC; CREDIT SUISSE FIRST BOSTON NEXT FUND, INC.; CREDIT SUISSE PRIME SECURITIES SERVICES (USA) LLC; GOLDMAN, SACHS & CO. LLC; GOLDMAN SACHS EXECUTION & CLEARING, L.P.; J.P. MORGAN SECURITIES LLC; J.P. MORGAN PRIME, INC.; J.P. MORGAN STRATEGIC SECURITIES LENDING CORP.; J.P. MORGAN CHASE BANK, N.A.; MORGAN STANLEY; MORGAN STANLEY CAPITAL MANAGEMENT, LLC; MORGAN STANLEY & CO. LLC; MORGAN STANLEY DISTRIBUTION, INC.; PRIME DEALER SERVICES CORP.; STRATEGIC INVESTMENTS I, INC.; UBS AG; UBS AMERICAS INC.; UBS SECURITIES LLC; UBS FINANCIAL SERVICES INC.; EQUILEND LLC; EQUILEND EUROPE LIMITED; and EQUILEND HOLDINGS LLC, | |
| Defendants. | |

## NOTICE OF PROPOSED CLASS ACTION SETTLEMENTS, FAIRNESS HEARING, AND CLASS MEMBERS' RIGHTS

This Notice of Proposed Class Action Settlements, Fairness Hearing, and Class Members' Rights ("Notice") is given pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the United States District Court for the Southern District of New York (the "Court"). It is not junk mail, an advertisement, or a solicitation from a lawyer. You have not been sued.

*PLEASE READ THIS ENTIRE NOTICE CAREFULLY. YOUR RIGHTS MAY BE AFFECTED BY THE PROCEEDINGS IN THE ABOVE-CAPTIONED ACTION ("ACTION"). THIS NOTICE ADVISES YOU OF YOUR RIGHTS AND OPTIONS WITH RESPECT TO THIS ACTION, INCLUDING WHAT YOU MUST DO IF YOU WISH TO SHARE IN THE PROCEEDS OF THE SETTLEMENTS. TO CLAIM YOUR SHARE OF THE SETTLEMENTS, YOU MUST SUBMIT YOUR PROOF OF CLAIM AND RELEASE FORM ("CLAIM FORM") ONLINE NO LATER THAN XXXXXXX, XX, XXXX OR MAIL YOUR CLAIM FORM TO THE ADDRESS IN QUESTION 9 SO THAT IT IS POSTMARKED NO LATER THAN XXXXXXX, XX, XXXX.*

TO:   ALL PERSONS WHO, DIRECTLY OR THROUGH AN AGENT, ENTERED INTO STOCK LOAN TRANSACTIONS WITH THE PRIME BROKER DEFENDANTS, DIRECT OR INDIRECT PARENTS, SUBSIDIARIES, OR DIVISIONS OF THE PRIME BROKER DEFENDANTS IN THE UNITED STATES FROM JANUARY 7, 2009 THROUGH AUGUST 22, 2023, INCLUSIVE.

"Stock Loan Transactions" means any transaction, including any transaction facilitated by a prime broker, agent lender, or other Person, in which a holder of a stock temporarily lends the stock in exchange for collateral or in which a borrower of a stock provides collateral to temporarily borrow a stock, and in which the stock is ultimately returned to the lender at a later date, at which time the lender returns the collateral to the borrower. For the avoidance of doubt, "Stock Loan Transactions" include the facilitation of short positions, but do not include non-equity securities lending or stock repurchase (repo) transactions.

The "Prime Broker Defendants" means Goldman Sachs, Morgan Stanley, JPMorgan, UBS, Credit Suisse, and Bank of America Merrill Lynch, as defined in the Settlement Agreements, available on the Settlement Website at www.StockLoanSettlements.com.

The purpose of this Notice is to inform you of two separate proposed settlements in this Action (combined, the "Settlements").

The first settlement agreement is with the "Credit Suisse Settling Defendants," which are: Credit Suisse Group AG, Credit Suisse AG; Credit Suisse Securities (USA) LLC; Credit Suisse First Boston Next Fund, Inc.; and Credit Suisse Prime Securities Services (USA) LLC. This settlement agreement is referred to here as the "Credit Suisse Settlement Agreement." The "Settlement Class Period" for the Credit Suisse Settlement Agreement is January 7, 2009 through January 20, 2022, inclusive.

The second settlement is with the "Newly Settling Defendants," which are: Goldman Sachs & Co. LLC and Goldman Sachs Execution & Clearing, L.P. (merged into Goldman Sachs & Co. LLC as of June 12, 2017) (collectively, the "Goldman Sachs Defendants"); J.P. Morgan Securities LLC; J.P. Morgan Prime, Inc.; J.P. Morgan Strategic Securities Lending Corp.; and JPMorgan Chase Bank, N.A. (collectively, the "JPMorgan Defendants"); Morgan Stanley; Morgan Stanley Capital Management, LLC; Morgan Stanley & Co. LLC; Morgan Stanley Distribution, Inc.; Prime Dealer Services Corp.; and Strategic Investments I, Inc. (collectively, the "Morgan Stanley Defendants"); UBS AG; UBS Americas Inc.; UBS Securities LLC; and UBS Financial Services Inc. (collectively, the "UBS Defendants"); and EquiLend LLC; EquiLend Europe Limited; and EquiLend Holdings LLC (collectively, the "EquiLend Defendants"). This settlement agreement is referred to here as the "New Settlement Agreement." The "Settlement Class Period" for the New Settlement Agreement is January 7, 2009 through August 22, 2023, inclusive. Collectively, the Credit Suisse Settling Defendants and the Newly Settling Defendants are referred to as the "Settling Defendants."

You are receiving this Notice because records indicate that you may have transacted in one or more Stock Loan Transactions during the Settlement Class Period(s) and may be a Class Member in this Action.

**Please do not contact the Court regarding this Notice.** Inquiries concerning this Notice, the Claim Form, or any other questions by Class Members should be directed to:

Stock Loan Settlements
c/o Epiq
P.O. Box 3546
Portland, OR 97208-3546
Tel: 1-877-606-2315
Email: info@StockLoanSettlements.com
Website: www.StockLoanSettlements.com

If you are a brokerage firm, futures commission merchant, nominee or other person or entity who or which entered into Stock Loan Transactions during the Settlement Class Period(s) for the beneficial interest of persons or organizations other than yourself, Class Counsel requests that you, WITHIN SEVEN (7) DAYS OF YOUR RECEIPT OF THIS NOTICE, either: (i) provide to Epiq Class Action & Claims Solutions, Inc. ("Epiq" or the "Settlement Administrator") the name and last known address of each person or organization for whom or which you made Stock Loan Transactions during the Class Period; or (ii) request from the Settlement Administrator sufficient copies of the Notice to forward directly to beneficial owners of the Stock Loan Transactions. The Settlement Administrator will cause copies of this Notice to be forwarded to each customer identified at the address so designated. You may be reimbursed from the Settlement Fund for your reasonable out-of-pocket expenses. Those expenses will be paid upon request and submission of appropriate supporting documentation. All communications regarding the foregoing should be addressed to the Settlement Administrator at the address listed above.

Plaintiffs allege that, between 2008 and 2017, Defendants, intermediary banks in the U.S. stock loan market, conspired to block and boycott new offerings that would have increased competition and improved the efficiency and transparency of the market, in violation of Section 1 of the Sherman Act, 15 U.S.C. § 1. Plaintiffs allege the conspiracy maintained supracompetitive spreads between beneficial owners of stock who lend their stock out for a fee and borrowers of stock, who generally sell the borrowed shares as part of a short transaction. As a result, Plaintiffs allege Class Members were damaged by receiving lower fees for lending shares of stock and/or paying higher fees for borrowing stock than they would have if Defendants had not conspired to block efficient new developments in the market. The lawsuit also alleges that Defendants were unjustly enriched under common law. All Defendants deny they did anything wrong and deny that Plaintiffs' claims have any merit.

The Court has preliminarily approved the Settlements with the Settling Defendants. To resolve all Released Claims against all Released Parties, the Settling Defendants have agreed to pay a total of **$580,008,750**. The Credit Suisse Settling Defendants have agreed to pay $81,000,000. The New Settling Defendants have agreed to pay $499,008,750, and agreed to industry reforms designed to prevent anticompetitive collusion through Defendant EquiLend. Class Members who or which do not opt out of the Settlements will release their claims against all Settling Defendants in the Action.

The following table contains a summary of your rights and options regarding the Settlements. More detailed information about your rights and options can be found in the Settlement Agreements and Plans of Allocation, which are available at www.StockLoanSettlements.com (the "Settlement Website").

| YOUR LEGAL RIGHTS AND OPTIONS IN THESE SETTLEMENTS | |
|---|---|
| **DO NOTHING** | If you do nothing in connection with the Settlements, you will receive no payment from the Settlements *and* you will be bound by past and any future Court rulings, including rulings on the Settlements, if approved, and the settlement releases. *See* question 15. |
| **FILE A CLAIM FORM** | The only way to receive your share of either or both of the Net Settlement Funds is to complete and electronically submit a timely and valid Claim Form to the Settlement Administrator online no later than XXXXXX XX, XXXX, or to mail your completed Claim Form so that it is postmarked no later than XXXXXX XX, XXXX. *See* question 9. |
| **EXCLUDE YOURSELF FROM THE SETTLEMENTS** | If you wish to exclude yourself from either or both of the Settlement Classes for the Settlements, you must submit by U.S. first class mail or deliver a written request to the Settlement Administrator so that it is received by XXXXXX XX, XXXX. If you exclude yourself from a Settlement, you will not be bound by that Settlement, if approved, or that Settlement's release, and you will not be eligible for any payment from that Settlement. *See* questions 16-20. |
| **OBJECT TO THE SETTLEMENTS** | If you wish to object to either or both of the Settlements, you must file a written objection with the Court and serve copies on Class Counsel and Settling Defendants' counsel so that the written objection is received by XXXXXXXX XX, XXXX. You must be and remain within a Settlement Class in order to object to that Settlement. *See* questions 21 and 22. |
| **PARTICIPATE AT THE FAIRNESS HEARING** | You may ask the Court for permission to speak about either or both Settlements at the Fairness Hearing by including such a request in your written objection, which you must file with the Court and serve on Class Counsel and Settling Defendants' counsel so that it is received by XXXXXXXX XX, XXXX. The Fairness Hearing is scheduled for XXXXXXXX XX, XXXX. *See* questions 25-27. |
| **APPEAR THROUGH AN ATTORNEY** | You may enter an appearance through your own counsel at your own expense. *See* Question 27. |

These rights and options and the deadlines to exercise them are explained in this Notice. The capitalized terms used in this Notice are explained or defined below or in the Settlement Agreements, which are available on the Settlement Website, www.StockLoanSettlements.com. Though the Settlement Agreements are broadly similar, there are important differences between them, especially in the definitions of "Settlement Amount" and "Investment Vehicles"; there may be other differences and you should read each Settlement Agreement carefully to ensure you understand them.

The Court has appointed the lawyers listed below ("Lead Counsel") to represent you and the Settlement Class in this Action:

**COHEN MILSTEIN SELLERS & TOLL PLLC**
Michael B. Eisenkraft
88 Pine Street, 14th Floor
New York, New York 10005
Telephone: 212-838-7797
Email: meisenkraft@cohenmilstein.com

**QUINN EMANUEL URQUHART & SULLIVAN**
Daniel L. Brockett
51 Madison Avenue, 22nd Floor
New York, New York 10010
Telephone: 212-849-7000
Email: danbrockett@quinnemanuel.com

**THE COURT MAY ORDER CHANGES TO THE TIME AND PLACE OF THE FAIRNESS HEARING, THE PLANS OF ALLOCATION, OR ANY OTHER MATTER WITH RESPECT TO THESE SETTLEMENTS, WITHOUT FURTHER NOTICE TO YOU.** Any changes will be posted to the Settlement Website as soon as reasonably practicable. Changes to the Plans of Allocation may include not just changes to how the allocation is distributed based on submitted claims, but also on what information class members are required to submit to be recognized. In all instances the changes, including the potential need for additional or different information, may be posted on the Settlement Website only, *i.e.*, without any further individualized notice to class

members, other forms of publication, or otherwise. It is imperative that you please regularly visit the Settlement Website, which can be found at www.StockLoanSettlements.com, for updates relating to the Settlements.

## WHAT THIS NOTICE CONTAINS

**BASIC INFORMATION** ................................................................................................................**6**
    1.  What Is A Class Action Lawsuit? ...........................................................................6
    2.  Why Did I Get This Notice? ..................................................................................6
    3.  What Are The Definitions Used In This Notice? ...................................................6
    4.  What Is This Action About? ..................................................................................6
    5.  What Is The History Of This Action? ....................................................................7
    6.  Why Are There Settlements? .................................................................................8

**WHO GETS MONEY FROM THE SETTLEMENTS** ........................................................................**9**
    7.  How Do I Know If I Am A Settlement Class Member? .........................................9

**THE SETTLEMENT BENEFITS** ..................................................................................................**9**
    8.  What Do The Settlements Provide? .......................................................................9
    9.  How Will I Get A Payment? ...............................................................................10
   10. How Much Will My Payment Be? .......................................................................10
   11. What Are The Plans of Allocation? .....................................................................11
   12. When Will I Receive A Payment? ........................................................................11
   13. What Do I Have To Do After I File A Claim Form? .............................................11
   14. What Am I Giving Up To Receive A Payment? ....................................................12
   15. What If I Do Nothing? .........................................................................................12

**EXCLUDING YOURSELF FROM THE SETTLEMENTS** ..................................................................**13**
   16. What If I Do Not Want To Be In The Settlement Classes? ...................................13
   17. How Do I Exclude Myself From The Settlement Classes For The Settlements? .........................13
   18. If I Do Not Exclude Myself, Can I Sue The Settling Defendants And The Other Released Parties For The Same Thing Later? ..............................................................14
   19. If I Exclude Myself, Can I Get Money From The Settlements? .............................14
   20. If I Exclude Myself From The Settlements, Can I Still Object? ............................14

**OBJECTING TO THE SETTLEMENTS** ........................................................................................**14**
   21. How Do I Tell The Court What I Think About The Settlements? ...........................14
   22. What Is The Difference Between Objecting And Excluding Myself? .....................15

**THE LAWYERS REPRESENTING YOU** .......................................................................................**15**
   23. Do I Have A Lawyer In This Case? .....................................................................15
   24. How Will The Lawyers Be Paid? .........................................................................16

**THE COURT'S FAIRNESS HEARING** ........................................................................................**16**
   25. When And Where Will The Court Decide Whether To Approve The Settlements? .................16
   26. Do I Have To Participate At The Fairness Hearing? ............................................16
   27. May I Speak At The Fairness Hearing? ...............................................................17

**GETTING MORE INFORMATION** ............................................................................................**17**
   28. How Do I Get More Information? ........................................................................17

## BASIC INFORMATION

### 1.     What Is A Class Action Lawsuit?

A class action is a lawsuit in which one or more representatives bring a lawsuit on behalf of themselves and other similarly situated persons (*i.e.*, a class) who have similar claims against the defendants. The representative plaintiffs, the court, and counsel appointed to represent the class all have a responsibility to make sure that the interests of all class members are adequately represented.

Importantly, class members are NOT individually responsible for payment of attorneys' fees or litigation expenses. In a class action, attorneys' fees and litigation expenses are paid from the settlement fund (or the court-awarded judgment amount) and must be approved by the court. If there is no recovery on behalf of the class, the attorneys do not get paid.

When a representative plaintiff enters into a settlement with a defendant on behalf of a class, such as in these Settlements with the Settling Defendants, the court will require that the members of the class be given notice of the settlement and an opportunity to be heard with respect to the settlement. The court then conducts a hearing (called a Fairness Hearing) to determine, among other things, if the settlement is fair, reasonable, and adequate.

### 2.     Why Did I Get This Notice?

You received this Notice because you requested it or records indicate that you may be a Settlement Class Member. As a potential Settlement Class Member, you have a right to know about the proposed Settlements with the Settling Defendants before the Court decides whether to approve the Settlements.

This Notice explains the Action, the Settlements, your legal rights, what benefits are available, who is eligible for them, and how you can apply to receive your portion of the benefits if you are eligible. The purpose of this Notice is also to inform you of the Fairness Hearing to be held by the Court to consider the fairness, reasonableness, and adequacy of the Settlements and Plans of Allocation and to consider requests for awards of attorneys' fees, litigation expenses, costs, and plaintiff service awards from the Settlement Funds.

### 3.     What Are The Definitions Used In This Notice?

This Notice incorporates by reference the definitions in the Stipulations and Agreements of Settlement with the Settling Defendants (the "Settlement Agreements") and the Court's Preliminary Approval Orders for each of the Settlements.

The Settlement Agreements and the Court's Preliminary Approval Orders are posted on the Settlement Website. All capitalized terms used, but not defined, shall have the same meanings as in the Settlement Agreements and the Court's Preliminary Approval Orders.

In the event of any conflict between the terms herein and in the Settlements, the Settlement's actual terms govern.

### 4.     What Is This Action About?

The Court supervising the case is the United States District Court for the Southern District of New York. The case is called *Iowa Public Retirement Employees' Retirement System, et al. v. Bank of America Corp., et al.*, No. 17-cv-6221 (KPF-SLC).

The entities that are prosecuting this suit, referred to as "Plaintiffs," are Iowa Public Employees' Retirement System; Los Angeles County Employees Retirement Association; Orange County Employees Retirement System; Sonoma County Employees' Retirement Association; and Torus Capital, LLC.

Plaintiffs allege that, between 2008 and 2017, the Defendants conspired to prevent the emergence of efficient all-to-all electronic trading platforms in the stock loan market, including by jointly boycotting platforms that offered all-to-all electronic trading. Plaintiffs allege that the Defendants agreed that the Defendant banks would use the electronic platform provided by Defendant EquiLend, a company jointly owned in part by the Defendant banks. Plaintiffs allege the Defendant banks agreed to use their influence over EquiLend to ensure the EquiLend platform never offered efficient all-to-all trading for stock loans.

Plaintiffs also allege that, between 2008 and 2017, the Defendants conspired to boycott data products that would have provided more transparent pricing in the stock loan market, putting competitive pressure on the spreads earned by the Defendant banks. As a result, Plaintiffs allege Defendants took advantage of the more opaque pricing to which the market was limited to charge supracompetitive spreads.

Plaintiffs allege that, as a result of Defendants' misconduct, they and Class Members suffered harm. Plaintiffs allege that Class Members who were beneficial owners of stock and loaned stock into the stock lending market earned lower fees than they would have absent Defendants' alleged misconduct, and Class Members who borrowed stock as end users in the stock loan market (typically as part of a short sale) paid more in fees than they would have absent Defendants' alleged misconduct.

The Settling Defendants maintain that they did nothing wrong, that they have good and meritorious defenses to Plaintiffs' claims, and that they would prevail if the case were to proceed. Nevertheless, to settle the claims in this lawsuit, and thereby avoid the expense and uncertainty of further litigation, the Settling Defendants have agreed to pay a total of $580,008,750 in cash for the benefit of the proposed Settlement Classes. If the Settlements are approved, the respective Settlement Amounts, plus any interest earned (the "Settlement Funds"), less any taxes, the reasonable costs of Class Notice and administration, any Court-awarded attorneys' fees, litigation expenses and costs, plaintiff service awards, and any other costs or fees approved by the Court (the "Net Settlement Funds") will be divided among Settlement Class Members for each Settlement who file timely and valid Claim Forms.

## 5.    What Is The History Of This Action?

Plaintiffs filed this Action on August 16, 2017, and filed an Amended Complaint on November 17, 2017. The Defendants moved to dismiss the Action on January 26, 2018, and on September 27, 2018 the Court denied Defendants' motions.

After extensive discovery, Plaintiffs moved to certify the Action as a Class Action on February 22, 2021. Defendants opposed Plaintiffs' motion, and the Court referred Plaintiffs' class certification motion to Magistrate Judge Sarah L. Cave.

On January 20, 2021, while Plaintiffs' motion for class certification was still pending, Plaintiffs reached an agreement with the Credit Suisse Settling Defendants to settle claims against those parties for $81 million. The Court preliminarily approved that settlement on February 25, 2022. The Court's order preliminarily certified a Settlement Class comprised of:

> All Persons or entities who, directly or through an agent, entered into Stock Loan Transactions with the Prime Broker Defendants, direct or indirect parents, subsidiaries, or divisions of the Prime Broker Defendants, or the Released Credit Suisse Parties, in the United States from January 7, 2009 through the Execution Date [January 20, 2022] (the "Settlement Class Period"), inclusive. Excluded from the Settlement Class are Defendants and their employees, affiliates, parents, subsidiaries, and co-conspirators, should any exist, whether or not named in the Amended Complaint, entities which previously requested exclusion from any Class in this Action, the United States Government, and all of the Released Credit Suisse Parties, provided, however, that Investment Vehicles shall not be excluded from the definition of the Settlement Class.

On June 30, 2022, Judge Cave issued a Report and Recommendation recommending that the Court certify the proposed litigation class.

On August 15, 2022, both the remaining Defendants and Plaintiffs filed objections to Judge Cave's Report and Recommendation. Defendants argued that the Court should deny Plaintiffs' motion for class certification completely; Plaintiffs' objections argued only that the Class Period should be extended to February 22, 2021, the date of Plaintiffs' class certification motion, rather than ending August 16, 2017. All briefing on the parties' objections, including the parties' responses, replies, was complete as of November 11, 2022.

With the help of a neutral mediator, retired federal judge Layn R. Phillips of Phillips ADR, Plaintiffs and the Newly Settling Defendants agreed on the New Settlement Agreement on August 20, 2023. The New Settlement Agreement provides that the Newly Settling Defendants will pay $499,008,750 and agree to industry reforms designed to prevent anticompetitive collusion through Defendant EquiLend. The Court preliminarily approved the New Settlement on September 1, 2023, preliminarily certifying a class comprised of:

> All Persons or entities who, directly or through an agent, entered into Stock Loan Transactions with the Prime Broker Defendants, direct or indirect parents, subsidiaries, or divisions of the Prime Broker Defendants, or the Released Credit Suisse Parties, in the United States from January 7, 2009 through the Execution Date [August 20, 2023] (the "Settlement Class Period"), inclusive. Excluded from the Settlement Class are Defendants and their employees, affiliates, parents, subsidiaries, and co-conspirators, should any exist, whether or not named in the Amended Complaint, entities which previously requested exclusion from any Class in this Action, the United States Government, and all of the Released Credit Suisse Parties, provided, however, that Investment Vehicles shall not be excluded from the definition of the Settlement Class.

The Court's preliminary approval order directed Class Counsel to pursue steps to seek final approval of the Settlements, including preparing this Notice.

## 6.   Why Are There Settlements?

Plaintiffs and Class Counsel believe that Settlement Class Members have been damaged by Defendants' conduct. The Settling Defendants believe that they have meritorious defenses to Plaintiffs' allegations and believe that Plaintiffs' claims would have been rejected prior to trial, at trial (had Plaintiffs successfully certified a class and survived summary judgment motions), or on appeal. As a result, Settling Defendants believe that Plaintiffs would have received nothing if the litigation had continued to trial.

The Court has not decided in favor of either Plaintiffs or Defendants. Instead, Class Counsel engaged in negotiations with the Settling Defendants to reach negotiated resolutions of the claims against the Settling Defendants in the Action. The Settlements allow both sides to avoid the risks and costs of lengthy litigation and the uncertainty of pre-trial proceedings, a trial, and appeals, and, if approved, will permit eligible Settlement Class Members who file timely and valid Claim Forms to receive some compensation, rather than risk ultimately receiving nothing. Plaintiffs and Class Counsel believe the Settlements are in the best interest of all Settlement Class Members.

The Settling Defendants have agreed to pay a total of $580,008,750 in cash for the benefit of the proposed Settlement Classes. If the Settlements are approved, the Net Settlement Funds will be divided among all Settlement Class Members who file timely and valid Claim Forms. The Newly Settling Defendants have also agreed to industry reforms designed to prevent anticompetitive collusion through Defendant EquiLend.

If the Settlements are approved, the Action will be resolved against the Settling Defendants and will continue against all other Defendants. If either or both of the Settlements are not approved, the Settling Defendants will remain as defendants in the Action, and Plaintiffs will continue to pursue their claims against all remaining Defendants.

## WHO GETS MONEY FROM THE SETTLEMENTS

**7.    How Do I Know If I Am A Settlement Class Member?**

In both Preliminary Approval Orders, the Court preliminarily approved the following Settlement Class:

> All Persons who, directly or through an agent, entered into Stock Loan Transactions with the Prime Broker Defendants, direct or indirect parents, subsidiaries, or divisions of the Prime Broker Defendants in the United States from January 7, 2009 through the Execution Date (the "Settlement Class Period"), inclusive. Excluded from the Settlement Class are Defendants and their employees, affiliates, parents, and subsidiaries, whether or not named in the Amended Complaint, entities which previously requested exclusion from any Class in this Action, and the United States Government, provided, however, that Investment Vehicles shall not be excluded from the definition of the Settlement Class.

"Entities which previously requested exclusion from any Class in this Action" are Citadel LLC, Two Sigma Investments, PDT Partners, Renaissance Technologies, LLC, TGS Management, Voloridge Investment Management, and the D.E. Shaw Group and their corporate parents, subsidiaries, and wholly-owned affiliates (the "Opt-out Entities."

However, the meaning of defined terms differs slightly between the two Settlement Agreements. With respect to the Credit Suisse Settlement Agreement, the Execution Date is January 20, 2022; with respect to the New Settlement Agreement, the Execution Date is August 22, 2023. The definition of "Investment Vehicles" also differs slightly between the two Settlement Agreements, and if you believe this definition may apply to you, you should review each Settlement Agreement carefully.

If you are still not sure whether you are included, you can ask for free help. You can call 1-877-606-2315 toll-free or visit the Settlement Website, www.StockLoanSettlements.com, for more information.

## THE SETTLEMENT BENEFITS

**8.    What Do The Settlements Provide?**

The Settling Defendants have agreed to pay a total **$580,008,750** to be held for disbursement to the Settlement Classes and to pay for Court-approved fees, expenses, and plaintiff service awards if the Settlements are approved. The Credit Suisse Settling Defendants have agreed to pay $81,000,000 and the New Settling Defendants have agreed to pay $499,008,750. The New Settlement Agreement also provides that the Newly Settling Defendants will abide by industry reforms designed to prevent anticompetitive collusion through Defendant EquiLend.

The Settlement Agreements provide that all Settlement Class Members (except those who exercise their right to exclude themselves from their Settlement Class(es), *see* Questions 16-20 below) will release all claims against the Settling Defendants (and their released affiliates) that arise from or relate to the factual predicate of the Action, to the fullest extent allowed by law, from the beginning of time through the Execution Dates (January 20, 2022 for the Credit Suisse Settlement Agreement and August 22, 2023 for the New Settlement Agreement). **Even Settlement Class Members who do not file timely Claim Forms will be bound by this release unless they exclude themselves from the Settlement Class(es)**.

The Settlements give the Settling Defendants the right to terminate their respective Settlements in the event that the volume of Stock Loan transactions by Settlement Class Members who timely exercise their right to request exclusion from the Settlement Class represents a material portion of the transactions during the Class Period for that Settlement.

## 9.   How Will I Get A Payment?

If you are a Settlement Class Member of either or both Settlement Classes and do not exclude yourself, you are eligible to file a Claim Form to receive your share of money from the Net Settlement Funds. Claim Forms must be submitted online at the Settlement Website on or before 11:59 p.m. Eastern time on **XXXXXXX XX, XXX OR** postmarked by **XXXXXXX XX, XXX** and mailed to:

Stock Loan Settlements
c/o Epiq
P.O. Box 3546
Portland, OR 97208-3546

Following the timely submission and receipt of your Claim Form, the Settlement Administrator will send you a "Confirmation of Claim Receipt," which will acknowledge receipt of your Claim and will inform you of important next steps.

If you are eligible to be Member of both Settlement Classes, and you submit a Claim Form, unless you indicate otherwise you will be presumed to be filing a claim to participate in both Settlement Classes and receive funds from both Settlement Funds. If you wish to only receive funds from one Settlement but not the other, you must so indicate on your Claim Form and file a Request for Exclusion for the Settlement Class you wish to exclude yourself from.

**Please keep all data and documentation related to your eligible Stock Loan Transactions. Having data and documentation may be important to substantiating your Claim Form.**

If you do not file a Claim Form, you will not receive any payments under the Settlements.

## 10.   How Much Will My Payment Be?

At this time, it is not possible to make any determination as to how much any individual Settlement Class Member may receive from the Settlements. Pursuant to the Settlements, the Settling Defendants have agreed to pay or cause to be paid a total of $580,008,750 in cash: $81,000,000 for the Credit Suisse Settlement Agreement, and $499,008,750 for the New Settlement Agreement.

If either or both Settlements are approved by the Court and the Effective Date occurs, each Net Settlement Fund for each Settlement will be distributed to Class Members who submit valid Claim Forms, in accordance with the proposed Plans of Allocation or such other plan of allocation for each Settlement as the Court may approve.

The Plans of Allocation are available for review on the Settlement Website, www.StockLoanSettlements.com. Changes, if any, to either of the Plans of Allocation based on newly available data or information, Court order, or any other reason will be promptly posted on the Settlement Website. Changes may include not just changes to how the allocation is distributed based on submitted claims, but also on what information class members are required to submit to be recognized. In all instances the changes, including the potential need for additional or different information, may be posted on the Settlement Website only, *i.e.*, without any further individualized notice to class members, other forms of publication, or otherwise. It is imperative that you please check the Settlement Website for the most up-to-date information about filing claims and the Plans of Allocation.

Class members should refer to the Plans for Allocation for details. Generally speaking, the qualifying notional value of each transaction will be multiplied by factors estimating the damages for the transaction and accounting for particular legal risks applicable to certain transactions. The product of these values will be the "Credited Claim Value," designed to estimate the proportional value of each claim, had the Settling Defendants proceeded to trial. The different multipliers will be assigned based on such information as (i) the transaction's date, (ii) whether the Class Member was a lender or borrower on that transaction; and (iii) the "temperature" (based on the loan cost expressed as an interest rate) for that transaction. For example, if a general collateral borrowing transaction in the 2012-2016 period is treated as the baseline and is viewed as having a baseline multiplier of 1.00, then the multipliers

for other transactions during that period range from 0.02 (for loans of general collateral stock) to 5.04 (for "hot" stock borrowing transactions). The specifics of the proposed multipliers are available at pages 11-15 of the Plans of Allocation posted on the settlement website.

The Net Settlement Funds of each Class will be distributed *pro rata* to the Class's participating members in proportion to the sum of each participating member's Credited Claim Values. Distributions from the Credit Suisse Settlement Fund and the New Settlement Fund will be calculated separately, though a single eligible transaction may establish your claim to a share of both Funds. You do not need to submit any transactions twice to participate in both Settlement Funds. Submitting duplicate data may result in your claim being rejected in its entirety.

If a Settlement Class Member's total calculated distribution (summed across both Settlements) would be less than the cost of administering the award, the Settlement Class Member will receive an alternative minimum payment as described in the Plans of Allocation. Claims submitted without required data may also receive discounted alternative payments.

## 11.   What Are The Plans of Allocation?

The Plans of Allocation are available for review on the Settlement Website, www.StockLoanSettlements.com. Changes, if any, to the Plans of Allocation based on newly available data or information, Court order, or any other reason will be promptly posted on the Settlement Website. Changes may include not just changes to how the allocation is distributed based on submitted claims, but also on what information class members are required to submit to be recognized. In all instances the changes, including the potential need for additional or different information, may be posted on the Settlement Website only, *i.e.*, without any further individualized notice to class members, other forms of publication, or otherwise. **It is imperative that you please check the Settlement Website for the most up-to-date information about the Plans of Allocation**.

## 12.   When Will I Receive A Payment?

The Court will hold the Fairness Hearing on XXXXXX XX, XXX at XX:X0 X.M. (ET) to decide whether to approve the Settlements and Plans of Allocation. Even if the Court approves the Settlements and Plans of Allocation, there may be appeals after that. It can sometimes take a year or more for the appellate process to conclude.

Please be patient; status updates will be posted on the Settlement Website.

## 13.   What Do I Have To Do After I File A Claim Form?

After you file a Claim Form, the Settlement Administrator will evaluate your Claim Form to determine if you have provided sufficient information to validate your membership in the Settlement Class(es) and your claim(s). If the Settlement Administrator determines that your Claim Form is deficient or defective, or if for any other reason (such as routine audit of submitted claims) more information or documentation is needed, the Settlement Administrator will contact you. If you subsequently provide information that satisfies the Settlement Administrator concerning the validity of your Claim Form, you will not have to do anything else. If any disputes cannot be resolved, Class Counsel will submit them to the Court, and the Court will make a final determination as to the validity of your Claim Form.

**Please keep all data and documentation related to your eligible transactions in Stock Loan Transactions. Having data and documentation may be important to substantiating your Claim Form.**

## 14.  What Am I Giving Up To Receive A Payment?

If you are a Settlement Class Member of either or both Settlement Classes, and the Court approves the Settlements, you will remain a Settlement Class Member unless you exclude yourself, regardless of whether you file a Claim Form. That means you can't sue, continue to sue, or be part of any other lawsuit about the Released Class Claims in this Action against the Settling Defendants and/or any of the Released Parties. Upon the Effective Date of the Settlements, Plaintiffs and each of the Releasing Parties shall release and be deemed to release and forever discharge and shall be forever enjoined from prosecuting the Released Claims against the Released Parties.

The "Released Class Claims" are any and all manner of claims, including Unknown Claims, causes of action, cross-claims, counter-claims, charges, liabilities, demands, judgments, suits, obligations, debts, setoffs, rights of recovery, or liabilities for any obligations of any kind whatsoever (however denominated), whether class or individual, in law or equity or arising under constitution, statute, regulation, ordinance, contract, or otherwise in nature, for fees, costs, penalties, fines, debts, expenses, attorneys' fees, or damages, whenever incurred, and liabilities of any nature whatsoever (including joint and several), known or unknown, suspected or unsuspected, asserted or unasserted, which the Releasing Class Parties ever had, now have, or hereafter can, shall or may have, individually, representatively, derivatively, or in any other capacity, against the Released Parties, arising from or related in any way to the conduct alleged or that could have been alleged in this Action that also arise from or relate to the factual predicate of the Action, to the fullest extent allowed by law, from the beginning of time through the Execution Date of each Settlement. The Released Class Claims do not include: (i) any claims to enforce the Settlement; and (ii) any claims of a Person that submits a timely Request for Exclusion in connection with this Notice.

Although the releases in the Settlement Agreements are not general releases, the releases do constitute a waiver by the Parties and each Settling Class Member of any and all rights and provisions under Section 1542 of the California Civil Code (to the extent it applies to the Action), which provides as follows:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, AND THAT IF KNOWN BY HIM OR HER WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.

This release also constitutes a waiver of any and all provisions, rights, and benefits of any federal, state or foreign law, rule, regulation, or principle of law or equity that is similar, comparable, equivalent to, or which has the effect of, Section 1542 of the California Civil Code.

Settling Class Members shall be deemed to acknowledge that they are aware that they may hereafter discover facts in addition to, or different from, those facts which they know or believe to be true with respect to the subject matter of the Settlement Agreement, but that it is their intention to release fully, finally, and forever all of the Released Claims, and in furtherance of such intention, the release shall be irrevocable and remain in effect notwithstanding the discovery or existence of any such additional or different facts.

## 15.  What If I Do Nothing?

You are automatically a member of a Settlement Class if you fit the Settlement Class description. However, if you do not submit a timely and valid Claim Form, you will not receive any payment from the Settlements. You will be bound by past and any future Court rulings, including rulings on the Settlements and releases. Unless you exclude yourself, you will not be able to start a lawsuit, continue with a lawsuit, or be a part of any other lawsuit against the Settling Defendants or any of the other Released Parties on the basis of the Released Claims. Please see question 14 for a description of the Released Claims.

## EXCLUDING YOURSELF FROM THE SETTLEMENTS

**16.    What If I Do Not Want To Be In The Settlement Classes?**

If you are a Settlement Class Member, do not want to remain in either or both Settlement Class(es), and do not want a payment from the Settlements, then you must take steps to exclude yourself from the Settlements. This is also sometimes referred to as "opting out" of a class. *See* Question 17.

If you act to exclude yourself from the Settlement Class(es) of which you would otherwise be a member, you will be free to sue the Settling Defendants or any of the other Released Parties on your own for the claims being resolved by the Settlements. However, you will not receive any money from the Settlement(s) you opt out of, and Class Counsel will no longer represent you with respect to any claims against the Settling Defendants for the Settlement(s) you opt out of.

If you want to receive money from a Settlement, do not exclude yourself from that Settlement. You must file a Claim Form in order to receive any payment from either Settlement.

**17.    How Do I Exclude Myself From The Settlement Classes For The Settlements?**

You can exclude yourself by sending a written "Request for Exclusion." You cannot exclude yourself by telephone or email. Your written Request for Exclusion must be mailed by U.S. first class mail or delivered so that it is received by XXXXXX XX, 20XX, to:

Stock Loan Settlements - EXCLUSIONS
c/o Epiq
PO Box 3546
Portland, OR 97208-3546

The Request for Exclusion must (a) state the name, address, and telephone number of the Person or entity seeking exclusion; (b) be signed by the Person or his, her, or its authorized representative; (c) state whether the Person or entity is seeking exclusion from the Credit Suisse Settlement Class, the New Settlement Class, or both Settlement Classes; (d) provide one or more document(s) sufficient to prove membership in each Settlement Class from which they seek to be excluded, as well as proof of authorization to submit the Request for Exclusion if submitted by an authorized representative; and (e) include a signed statement that "I/we hereby request that I/we be excluded from the Settlement Class in the *Iowa Public Employees' Retirement System v. Bank of America Corp.* litigation."

With respect to the kinds of documents that are requested under subsection (d) in the preceding paragraph, all Class Members seeking to exclude themselves from the Settlement Class will be requested to provide document(s) evidencing eligible Stock Loan transactions during the Class Period (for each transaction, the date, time and location of the transaction, and the total amount transacted). The Parties may seek leave of the Court to ask any Person or entity that seeks to be excluded from the Settlements to provide documents sufficient to prove membership in the Settlement Class.

A Request for Exclusion that does not include all of the required information, does not contain the proper signature, is sent to an address other than the one designated above, or that is not sent within the time specified shall be invalid and the Person or entity filing such an invalid request shall be a Settlement Class Member and shall be bound by the Settlements, if approved.

All Persons or entities who submit valid and timely Requests for Exclusion in the manner set forth above and that are accepted by the Court shall have no rights under the Settlements, shall not share in the distribution of the Net Settlement Funds, and shall not be bound by the Settlements. In addition, such Persons or entities will not be entitled to object to the Settlements or participate at the Fairness Hearing.

**18.   If I Do Not Exclude Myself, Can I Sue The Settling Defendants And The Other Released Parties For The Same Thing Later?**

No. Unless you exclude yourself from a given Settlement, you give up any right to sue the Settling Defendants for that Settlement and the other Released Parties for the Released Claims that that Settlement resolves.

**19.   If I Exclude Myself, Can I Get Money From The Settlements?**

No. You will not get any money from any Settlement that you exclude yourself from.

**20.   If I Exclude Myself From The Settlements, Can I Still Object?**

No. If you exclude yourself from a Settlement, you are no longer a Settlement Class Member for that Settlement and may not object to any aspect of that Settlement.

## OBJECTING TO THE SETTLEMENTS

**21.   How Do I Tell The Court What I Think About The Settlements?**

If you are a Class Member and you do not exclude yourself, you can tell the Court what you think about the Settlements. You can object to all or any part of the Settlements, Plans of Allocation, and/or application for attorneys' fees, reimbursement of litigation expenses and costs, or plaintiff service awards. You can give reasons why you think the Court should approve them or not. The Court will consider your views. If you want to make an objection, you may enter an appearance in the Action, at your own expense, individually or through counsel of your own choice, by filing with the Clerk of the United States District Court for the Southern District of New York a notice of appearance and your written objection, and serving copies of your written objection on Class Counsel and the Settling Defendants' counsel such that your written objection is received by XXXXXX XX, 20XX to the following addresses:

| Class Counsel | |
|---|---|
| Michael B. Eisenkraft<br>Cohen Milstein Sellers & Toll PLLC<br>88 Pine Street, 14th Floor<br>New York, New York 10005<br>Telephone: 212-838-7797<br>Email: meisenkraft@cohenmilstein.com | Daniel L. Brockett<br>Quinn Emanuel Urquhart & Sullivan<br>51 Madison Avenue, 22nd Floor<br>New York, NY 10010<br>Telephone: 212-849-7000<br>Email: danbrockett@quinnemanuel.com |

| Settling Defendants' Counsel | |
|---|---|
| David Januszewski<br>Cahill Gordon & Reindel LLP<br>32 Old Slip<br>New York, NY 10005<br>*Counsel for Credit Suisse* | Robert Y. Sperling<br>Staci Yablon<br>Paul, Weiss, Rifkind, Wharton & Garrison LLP<br>1285 Avenue of the Americas<br>New York, NY 10019<br>*Counsel for Goldman Sachs* |
| Robert D. Wick<br>John S. Playforth<br>Covington & Burling LLP<br>One CityCenter<br>850 Tenth Street, NW<br>Washington, DC 20001<br>*Counsel for JPMorgan* | Daniel Slifkin<br>Michael A. Paskin<br>Damaris Hernández<br>Lauren M. Rosenberg<br>Cravath, Swaine & Moore LLP<br>Worldwide Plaza<br>825 Eighth Avenue<br>New York, NY 10019<br>*Counsel for Morgan Stanley* |

| | |
|---|---|
| Peter G. Wilson<br>Sarah Weber<br>Elliott M. Bacon<br>Katten Muchin Rosenman LLP<br>525 West Monroe Street<br>Chicago, Illinois 60661-3693<br>*Counsel for UBS* | Carmine D. Boccuzzi, Jr.<br>Cleary Gottlieb Steen & Hamilton LLP<br>One Liberty Plaza<br>New York, NY 10006<br>Telephone: (212) 225-2508<br>*Counsel for EquiLend* |

Any Class Member who does not enter an appearance will be represented by Class Counsel. If you choose to object, you must file a written objection. You cannot make an objection by telephone or email. Your written objection must contain: (1) a heading that refers to this Action by case name and case number; (2) the specific legal and factual basis for each objection, including identifying which Settlement Class or Classes the objection pertains to, and whether the objection applies to objecting person, a specific subset of a Class or the entire such Class or Classes; (3) a statement of whether the objecting person or entity intends to appear at the Fairness Hearing, either in person or through counsel and, if through counsel, a statement identifying that counsel by name, address, and telephone number; (4) a description of any and all evidence the objecting person or entity may offer at the Fairness Hearing, including but not limited to the names, addresses, and expected testimony of any witnesses; all exhibits intended to be introduced at the Fairness Hearing; and documentary proof of the objecting person's membership in the Settlement Class; (5) a description of the qualifying stock-loan transactions entered into by the member of a Settlement Class that fall within the relevant Settlement Class definition(s); and (6) a list of other cases in which the objector or counsel for the objector has appeared either as an objector or counsel for an objector in the last five years. Such a written objection must be both filed with the Court no later than XXXXXXX XX, 20XX and mailed to Class Counsel and to Settling Defendants' Counsel at the addresses above and postmarked no later than XXXXXXX XX, 20XX. Any Person that fails to object in the manner prescribed herein shall be deemed to have waived his, her, or its objections and will forever be barred from making any such objections in the Action, unless otherwise excused for good cause shown, as determined by the Court.

Check the Settlement Website, www.StockLoanSettlements.com for updates on important dates and deadlines relating to the Settlements.

## 22.   What Is The Difference Between Objecting And Excluding Myself?

Objecting is telling the Court that you do not like something about a Settlement. You can object to a Settlement only if you remain a Class Member and do not exclude yourself from that Settlement. Excluding yourself from a Settlement is telling the Court that you do not want to be a part of the Settlement Class for that Settlement. If you exclude yourself, you have no right to object to that Settlement because it no longer affects you.

## THE LAWYERS REPRESENTING YOU

## 23.   Do I Have A Lawyer In This Case?

The Court has preliminarily appointed the lawyers listed below to represent you and the Settlement Classes in this Action:

**COHEN MILSTEIN SELLERS & TOLL PLLC**
Michael B. Eisenkraft
88 Pine Street, 14th Floor
New York, New York 10005
Telephone: 212-838-7797
Email: meisenkraft@cohenmilstein.com

**QUINN EMANUEL URQUHART & SULLIVAN**
Daniel L. Brockett
51 Madison Avenue, 22nd Floor
New York, New York 10010
Telephone: 212-849-7000
Email: danbrockett@quinnemanuel.com

These lawyers are called Class Counsel. Class Counsel may apply to the Court for payment of attorneys' fees, litigation expenses, costs, and plaintiff service awards from the Settlement Fund. You will not otherwise be charged

for Class Counsel's services. If you want to be represented by your own lawyer, you may hire one at your own expense.

## 24.   How Will The Lawyers Be Paid?

To date, Class Counsel have not been paid any attorneys' fees or reimbursed for any out-of-pocket costs. Any attorneys' fees and litigation expenses and costs will be awarded only as approved by the Court in amounts determined to be fair and reasonable. The Settlements provide that Class Counsel may apply to the Court for an award of attorneys' fees and litigation expenses and costs out of the Settlement Funds. Prior to the Fairness Hearing, Class Counsel will move for an award of no more than $105,000,000 in attorneys' fees, which is less than 19% of the cash component of the settlement funds ($580,008,750), plus payment of litigation expenses and costs not to exceed $23,000,000, and for interest on such attorneys' fees and litigation expenses and costs at the same rate as the earnings in the Settlement Fund, accruing from the inception of the Settlement Fund until the attorneys' fees and litigation expenses and costs are paid. Class Counsel may allocate any award of attorneys' fees and payment of litigation expenses and costs among themselves in proportion to their contributions to the case.

Class Counsel may also apply for plaintiff incentive awards from the Court to recognize the lead Plaintiffs' service to the Settlement Class in this Action. Class Counsel may seek plaintiff service awards up to $100,000 per Lead Plaintiff, totaling $500,000. As with attorneys' fees and litigation expenses and costs, Class Counsel may seek interest on plaintiff service awards at the same rate as the earnings in the Settlement Fund, accruing from the inception of the Settlement Fund until the attorneys' fees and litigation expenses and costs are paid.

This is only a summary of the request for attorneys' fees, litigation expenses and costs, and plaintiff service awards. Any motions in support of the requests will be available for viewing on the Settlement Website after they are filed by XXXXXX XX, 20XX. If you wish to review the motion papers, you may do so by viewing them at the Settlement Website, www.StockLoanSettlements.com.

The Court will consider the motion for attorneys' fees, litigation expenses and costs, and plaintiff service awards at or after the Fairness Hearing.

## THE COURT'S FAIRNESS HEARING

## 25.   When And Where Will The Court Decide Whether To Approve The Settlements?

The Court will hold the Fairness Hearing on XXXXXXX XX, 20XX from the United States District Court for the for the Southern District of New York, at the Thurgood Marshall U.S. Courthouse, located at 40 Foley Square, New York, NY 10007. The Fairness Hearing may be moved to a different date, time, or venue without notice to you; any changes to the date, time, or venue of the Fairness Hearing will be posted to the Settlement Website. Although you do not need to participate, if you plan to do so, you should check the Settlement Website for any changes concerning the Fairness Hearing.

At the Fairness Hearing, the Court will consider whether the Settlements are fair, reasonable, and adequate. The Court will also consider whether to approve the Plans of Allocation and requests for attorneys' fees, litigation expenses and costs, and plaintiff service awards. If there are any objections, the Court will consider them at this time. We do not know how long the Fairness Hearing will take or when the Court will make its decision. The Court's decision may be appealed.

## 26.   Do I Have To Participate At The Fairness Hearing?

No. Class Counsel will answer any questions the Court may have. You are, however, welcome to participate at the Fairness Hearing. If you send an objection, you do not have to participate at the Fairness Hearing to talk about it. As long as you file and serve your written objection on time, the Court will consider it. You may also hire your own lawyer to participate, but you are not required to do so.

## 27.   May I Speak At The Fairness Hearing?

You may ask the Court for permission to speak at the Fairness Hearing. If you want to participate at the Fairness Hearing, you may also enter an appearance in the Action at your own expense, individually, or through counsel of your own choice, by filing with the Clerk of Court a notice of appearance and your objection, and serving copies of your objection on Class Counsel and Settling Defendants' counsel at the addresses set forth in question 21, such that they are received no later than XXXXXXX XX, 20XX, or as the Court may otherwise direct. Any Settlement Class Member who does not enter an appearance will be represented by Class Counsel.

### GETTING MORE INFORMATION

## 28.   How Do I Get More Information?

The Court has appointed Epiq as the Settlement Administrator. Among other things, the Settlement Administrator is responsible for providing this Notice of the Settlements and processing Claim Forms.

This Notice summarizes the Settlement Agreements. More details are in the Settlement Agreements and Plans of Allocation, which are available for your review at the Settlement Website, www.StockLoanSettlements.com. The Settlement Website also has answers to common questions about the Settlements, Claim Form, and other information to help you determine whether you are a Class Member and whether you are eligible for a payment. You may also call toll-free 1-877-606-2315 or write to the Settlement Administrator at:

Stock Loan Settlements
c/o Epiq
P.O. Box 3546
Portland, OR 97208-3546
Tel: 1-877-606-2315
Email: info@StockLoanSettlements.com
Website: www.StockLoanSettlements.com

If this Notice reached you at an address other than the one on the mailing label, or if your address changes, please send your current information to the Settlement Administrator at the address/email set forth above in the event the Settlement Administrator needs to contact you.

***\*\*\*\*Please do not contact the Court or the Clerk's Office regarding this Notice or for additional information about the Settlements.\*\*\*\****

DATED: XXXXX XX, 20XX                                        BY ORDER OF THE COURT