UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IOWA PUBLIC EMPLOYEES' RETIREMENT SYSTEM, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>BANK OF AMERICA CORPORATION, *et al.*,<br><br>Defendants. | Case No. 17-cv-6221 (KPF) (SLC)<br><br>Hon. Katherine Polk Failla |

## ORDER PROVIDING FOR NOTICE TO THE SETTLEMENT CLASSES AND PRELIMINARILY APPROVING THE PLANS OF ALLOCATION

WHEREAS, this matter has come before the Court by way of Plaintiffs' Motion for an Order Providing for Notice to the Settlement Classes and Preliminarily Approving the Plans of Allocation in connection with the Credit Suisse Settling Defendants and the Newly Settling Defendants,[1] together herein the "Settling Defendants."

WHEREAS, the above-captioned matter is a putative class action before this Court;

WHEREAS, the Court has entered orders preliminarily approving the terms of the settlement agreements with the Credit Suisse Settling Defendants and the Newly Settling Defendants, preliminarily certifying the proposed Settlement Classes, preliminarily appointing Co-Lead Counsel for the Settlement Classes, and preliminarily appointing Class Representatives (the "Preliminary Approval Orders");

---

[1] The Goldman Sachs, Morgan Stanley, JPMorgan, UBS, and EquiLend defendants are referred to as the "Newly Settling Defendants."

WHEREAS, the Court finds that the proposed forms for providing notice to the class, and the plan for providing notice to the plan, to be reasonable and rational; and

WHEREAS, the Court finds that the proposed Plans of Allocation are reasonable and rational and should be sent to members of the settlement classes for their review prior to the Fairness Hearing;

NOW, THEREFORE, this 8th day of March, 2024:

**IT IS HEREBY ORDERED** that:

1.  Except for the terms expressly defined herein, the Court adopts and incorporates the definitions in the Settlement Agreements and the Preliminary Approval Orders.

2.  The terms of the Plans of Allocation are preliminarily approved as within the range of reasonableness, fairness, and adequacy.

3.  If they have not already done so, Settling Defendants shall comply with the notice requirements of the Class Action Fairness Act, 28 U.S.C. §1715, within 10 days of entry of this Order.

4.  Within 30 days from this Order, Plaintiffs' notice program shall begin (the "Notice Date"). By no later than this time, the Settlement Administrator shall cause copies of the long-form notice and the claim form, in the form (without material variation) of Exhibits 1 and 2 to the Declaration of Daniel Brockett, dated February 28, 2024 ("Brockett Declaration"), to begin being mailed by United States first class mail, postage prepaid, as described in Paragraph 15 of the Declaration of Cameron Azari, dated February 22, 2024 ("Azari Declaration").

5.  As of the Notice Date, the Settlement Administrator shall also establish and maintain a website beginning no later than the first date of mailing notice to the Class and remaining until the termination of the administration of the Settlements. The website shall

identify important deadlines, provide answers to frequently asked questions, and include copies of the Settlement Agreements (including exhibits), this Order, the mailed and summary notices, the motions for preliminary approval and all exhibits attached thereto, and the motion for issuance of the class notice plan and preliminary approval of the allocation plan.  The website may be amended as appropriate during the course of the administration of the Settlement.  The website shall be searchable on the Internet.

6. The Settlement Administrator shall maintain a toll-free interactive voice response telephone system containing recorded answers to frequently asked questions, along with an option permitting callers to speak to live operators or to leave messages in a voicemail box.

7. As close to within 10 days after the Notice Date as possible given submission and publication cycles in the chosen medium, the Settlement Administrator shall cause to be published a Summary Notice, without material variation from the summary notice attached as Exhibit  to the Brockett Declaration.

8. The Court approves, in form and substance, the long-form notice, the summary notice, the claim form, and the website as described herein.  The notice program specified herein (i) is the best notice practicable; (ii) is reasonably calculated, under the circumstances, to apprise members of the Settlement Classes of the pendency and status of this Action and of their right to object to or exclude themselves from the proposed Settlement; (iii) is reasonable and constitutes due, adequate, and sufficient notice to all persons entitled to receive notice of the Fairness Hearing; and (iv) fully satisfies all applicable requirements of Rule 23 of the Federal Rules of Civil Procedure, Due Process, and any other applicable rules or laws.

9. Concurrent with the motion for final approval of the Settlements, and with any

subsequent updates as necessary, Co-Lead Counsel shall file or cause to be filed a sworn statement attesting to the compliance with the paragraphs in this Order governing the provision of notice.

10. Any member of the Settlement Classes and any governmental entity that objects to the fairness, reasonableness, or adequacy of any term or aspect of either Settlement, the Plan of Allocation, the application for attorneys' fees and expenses and any service awards, or the Final Approval Order and Final Judgment for either Settlement, or who otherwise wishes to be heard, may appear in person or by his or her attorney at the Fairness Hearing and present evidence or argument that may be proper and relevant. However, except for good cause shown, no person other than Co-Lead Counsel and Settling Defendants' counsel shall be heard and no papers, briefs, pleadings, or other documents submitted by any member of a Settlement Class or any governmental entity shall be considered by the Court unless, not later than 60 days after the Notice Date (the "Objection Deadline"), the member of a Settlement Class or the governmental entity files with the Court (and serves the same on or before the date of such filing by hand or overnight mail on the Co-Lead Counsel and counsel of record for Settling Defendants) a statement of the objection, as well as the specific legal and factual reasons for each objection, including all support that the objecting member of a Settlement Class or the governmental entity wishes to bring to the Court's attention and all evidence the objector wishes to introduce in support of his, her, or its objection or motion. Such submission must contain: (1) a heading that refers to this Action by case name and case number; (2) the specific legal and factual basis for each objection, including identifying which Settlement Class or Classes the objection pertains to, and whether the objection applies to objecting person, a specific subset of a Class or the entire such Class or Classes; (3) a statement of whether the objecting person or entity intends to appear

at the Fairness Hearing, either in person or through counsel and, if through counsel, a statement identifying that counsel by name, address, and telephone number; (4) a description of any and all evidence the objecting person or entity may offer at the Fairness Hearing, including but not limited to the names, addresses, and expected testimony of any witnesses; all exhibits intended to be introduced at the Fairness Hearing; and documentary proof of the objecting person's membership in the Settlement Class; (5) a description of the qualifying stock-loan transactions entered into by the member of a Settlement Class that fall within the relevant Settlement Class definition(s); and (6) a list of other cases in which the objector or counsel for the objector has appeared either as an objector or counsel for an objector in the last five years.  Persons who have timely submitted a valid Request for Exclusion are not members of the Settlement Class they excluded themselves from, and are not entitled to object to any aspect of that Settlement.

11.	Any objection to a Settlement submitted by a member of the Settlement Class pursuant to paragraph 10 of this Order must be signed by the member of the Settlement Class (or his, her, or its legally authorized representative), even if the member of the Settlement Class is represented by counsel.  The right to object to a proposed Settlement must be exercised individually by a member of the Settlement Class or the Person's attorney, and not as a member of a group, class, or subclass, except that such objections and may be submitted by a member of a Settlement Class's legally authorized representative.

12.	Any member of a Settlement Class or governmental entity that fails to object in the manner described in paragraphs 10-11 of this Order shall be deemed to have waived the right to object (including any right of appeal) and shall be forever barred from raising such objection in this or any other action or proceeding related to or arising out of the relevant Settlement(s).

13. The Settlement Administrator shall furnish Co-Lead Counsel and counsel for Settling Defendants with copies of any and all objections, notices of intention to appear, and other objection-related communications that come into its possession (except as otherwise expressly provided in the Settlement Agreement) within one business day of receipt thereof.

14. Any Request for Exclusion from the Settlement by a member of a Settlement Class must be sent in writing by U.S. first class mail to the Settlement Administrator at the address in the mailed notice and received no later than 60 days after the Notice Date (the "Exclusion Bar Date").  Any Request for Exclusion must contain the following information:  (a) the name, address, and telephone number of the member of the Settlement Class; (b) a list of all trade names or business names that the member of the Settlement Class requests to be excluded; (c) the name of this Action; (d) a statement certifying such person is a member of the Settlement Class(es) the exclusion request pertains to; (e) proof of membership in the relevant Settlement Class(es), including documentation evidencing Stock Loan Transactions with the Prime Broker Defendants during the relevant Settlement Class Period; and (f) a statement that "I/we hereby request that I/we be excluded from the Settlement Class as it relates to" either the "Credit Suisse Settlement Agreement in the *Iowa Public Employees' Retirement System v. Bank of America Corp.* Litigation," the "New Settlement Agreement the *Iowa Public Employees' Retirement System v. Bank of America Corp.* Litigation," or "both the Credit Suisse Settlement Agreement and the New Settlement Agreement the *Iowa Public Employees' Retirement System v. Bank of America Corp.* Litigation."

15. Unless the Court determines otherwise, a Request for Exclusion shall not be effective unless it provides all of the information listed in paragraph 14 of this Order, complies with this paragraph 15, and is received by the Exclusion Bar Date, as set forth in the Class

6

Notice. If a member of a Settlement Class is unable or unwilling to disclose transaction information or other information required in paragraph 14, the Request for Exclusion must include a concise statement explaining why that member is unable or unwilling to do so and explain why that member should nonetheless be excluded; the Court will determine the effectiveness of such a Request for Exclusion on an individual basis. Any Request for Exclusion from a Settlement submitted by a member of that Settlement Class pursuant to paragraphs 14 of this Order must be signed by the member of the Settlement Class (or his, her, or its legally authorized representative). The right to be excluded from a proposed Settlement must be exercised individually by a member of the Settlement Class or his, her, or its attorney, and not as a member of a group, class, or subclass, except that a Request for Exclusion may be submitted by a member of a Settlement Class's legally authorized representative. The Parties may request leave of the Court to seek discovery from any member of a Settlement Class who submits any Request for Exclusion.

16. Any member of a Settlement Class who does not submit a timely and valid written Request for Exclusion from that Settlement Class shall be bound by all proceedings, orders, and judgments in the Action, even if the member of the Settlement Class has previously initiated or subsequently initiates individual litigation or other proceedings encompassed by the Released Claims, and even if such member of the Settlement Class never received actual notice of the Action or the proposed Settlements.

17. The Settlement Administrator shall provide Co-Lead Counsel with copies of any Requests for Exclusion (including all documents submitted with such requests) and any written revocations of Requests for Exclusion as soon as possible after receipt by the Settlement Administrator and, in any event, within one business day after receipt by the Settlement

Administrator. Co-Lead Counsel shall provide copies to counsel for the relevant Settling Defendants as soon as possible upon receipt, but in any event within five business days of their receipt.

18. The Settlement Administrator shall maintain a log of all Requests for Exclusion, copies of which should be made available for Co-Lead Counsel or counsel for the relevant Settling Defendants upon request.

19. In addition, within five business days after the Exclusion Bar Date, the Settlement Administrator shall prepare and provide to Co-Lead Counsel an opt-out list identifying all Persons, if any, who submitted a timely and valid Request for Exclusion from each Settlement Class, as provided in the Settlement Agreement, and an affidavit attesting to the accuracy of the opt-out list. The affidavit(s) should be promptly provided to the relevant Settling Defendants, and shall be filed with the Court prior to the Fairness Hearing. Within 3 days of receipt of the affidavit, Settling Defendants shall notify Co-Lead Counsel of whether they intend to request relief under paragraph 9.4 (Credit Suisse Agreement)/9.3 (New Settlement Agreement) based on volume of requests for exclusion. If such relief is requested, the parties shall promptly notify the Court including so that changes to the schedule herein may be considered.

20. All Proof of Claim and Release forms shall be submitted by members of the Settlement Classes to the Settlement Administrator as directed in the mailed notice and must be postmarked no later than 90 days after the Notice Date (the "Claims Deadline").

21. To effectuate the Settlements and the notice provisions, the Settlement Administrator shall be responsible for: (a) establishing a P.O. Box (to be identified in the mailed notice and the publication notice), a toll-free interactive voice response telephone system and call center, and an email account and website for the purpose of communicating with members of the

Settlement Classes; (b) effectuating the Class Notice plan, including by running potential members of the Settlement Class's addresses through the National Change of Address Database to obtain the most current address for each person; (c) accepting and maintaining documents sent from members of the Settlement Class, including Proof of Claim and Release forms, and other documents relating to the Settlement and its administration; (d) administering claims for allocation of funds among members of the Settlement Classes; (e) determining the timeliness of each Proof of Claim and Release submitted by members of the Settlement Classes, and the adequacy of the supporting documents submitted by members of the Settlement Classes; (f) corresponding with members of the Settlement Classes regarding any deficiencies in their Proof of Claim and Release forms and regarding the final value of any allowed claim; (g) calculating each Authorized Claimant's allowed claim pursuant to the Plan of Allocation; (h) determining the timeliness and validity of all Requests for Exclusion received from members of the Settlement Classes; (i) preparing the opt-out list and an affidavit attaching and attesting to the accuracy of such list, and providing same to Co-Lead Counsel and counsel for Settling Defendants; and (j) providing Co-Lead Counsel and counsel for Settling Defendants with copies of any Requests for Exclusion (including all documents submitted with such requests).

22. The Settlement Administrator shall maintain a copy of all paper communications related to each Settlement for a period of one year after distribution of the relevant Net Settlement Fund defined in the Settlement Agreements ("Net Settlement Fund"), and shall maintain a copy of all electronic communications related to the Settlements for a period of three years after distribution of the relevant Net Settlement Fund, after which time all such materials shall be destroyed, absent further direction from the Parties or the Court.

23. All reasonable expenses incurred in preparing and providing the Settlement

Class Notice and paying other administrative expenses shall be paid from the Settlement Funds, as set forth in the Settlement Agreements.  In the event the Court does not approve the Settlement Agreements, or if the Settlement Agreements are terminated or otherwise fail to become effective or final, neither Plaintiffs nor any of their counsel shall have any obligation to repay any amounts incurred or disbursed pursuant to Paragraph 8(a) Settlement Agreements.

24. Co-Lead Counsel shall file their motions for payment of attorneys' fees and reimbursement of expenses, service awards, and for final approval of the Settlements and Plans of Allocation by 30 days after the Notice Date, and any reply papers (which may include a response to objections, if any) shall be filed by 21 days after the Claims Deadline.

25. A hearing will be held on **September 4, 2024**, at **3:00 p.m.**, in Courtroom 618 of the Thurgood Marshall Courthouse, 40 Foley Square, New York, New York, before the undersigned, to consider the fairness, reasonableness, and adequacy of the Settlements (the "Fairness Hearing").  The foregoing date, time, and place of the Fairness Hearing shall be set forth in the Class Notice, which is ordered herein, but shall be subject to adjournment or change by the Court without further notice to the members of the Settlement Classes, other than that which may be posted at the Court or on the Settlement website at www.StockLoanSettlements.com.  The Court reserves the right to conduct the final fairness hearing remotely.

26. The Court reserves the right to approve or modify the Settlements, the Plans of Allocation, the fee and expense applications, or any other matter relating to the Settlements at or after the Fairness Hearing with such modifications as may be consented to by the Parties and without further notice to the Settlement Classes.

27. The Court may, for good cause, extend any of the deadlines set forth in this Order without notice to members of the Settlement Classes, other than that which may be posted

10

at the Court or on the Settlement website.

28.     Unless otherwise specified, the word "days," as used herein, means calendar days.  In the event that any date or deadline set forth herein falls on a weekend or federal or state legal holiday, such date or deadline shall be deemed moved to the first business day thereafter.

**IT IS SO ORDERED.**

Dated:   March 8, 2024
         New York, New York

         _____
         The Honorable Katherine Polk Failla
         United States District Judge