UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IOWA PUBLIC EMPLOYEES' RETIREMENT SYSTEM; LOS ANGELES COUNTY EMPLOYEES RETIREMENT ASSOCIATION; ORANGE COUNTY EMPLOYEES RETIREMENT SYSTEM; SONOMA COUNTY EMPLOYEES' RETIREMENT ASSOCIATION; and TORUS CAPITAL, LLC, *on behalf of themselves and all others similarly situated,* <br><br> Plaintiffs, <br><br> v. <br><br> MERRILL LYNCH, PIERCE, FENNER & SMITH INCORPORATED; MERRILL LYNCH L.P. HOLDINGS, INC.; MERRILL LYNCH PROFESSIONAL CLEARING CORP.; CREDIT SUISSE AG; CREDIT SUISSE SECURITIES (USA) LLC; CREDIT SUISSE FIRST BOSTON NEXT FUND, INC.; CREDIT SUISSE PRIME SECURITIES SERVICES (USA) LLC; GOLDMAN, SACHS & CO. LLC; GOLDMAN SACHS EXECUTION & CLEARING, L.P.; J.P. MORGAN SECURITIES LLC; J.P. MORGAN PRIME, INC.; J.P. MORGAN STRATEGIC SECURITIES LENDING CORP.; J.P. MORGAN CHASE BANK, N.A.; MORGAN STANLEY & CO. LLC; MORGAN STANLEY DISTRIBUTION, INC.; PRIME DEALER SERVICES CORP.; STRATEGIC INVESTMENTS I INC.; UBS AG; UBS AMERICAS INC.; UBS SECURITIES LLC; UBS FINANCIAL SERVICES INC.; EQUILEND LLC; EQUILEND EUROPE LIMITED; and EQUILEND HOLDINGS LLC, <br><br> Defendants. | No. 17-cv-6221 (KPF-SLC) <br><br><br> ORDER APPROVING PLAN OF ALLOCATION FOR THE CREDIT SUISSE SETTLEMENT AGREEMENT <br><br><br><br> Hon. Katherine Polk Failla |

This matter came before the Court for hearing pursuant to Plaintiffs'[1] application for final approval of the Plan of Allocation for the Credit Suisse Settlement Agreement (Dkt. #662-4) preliminarily approved by this Court on March 8, 2024 (Dkt. #664). The Court has considered all papers filed and proceedings held herein and is fully informed of these matters. For good cause shown, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1.     This Order incorporates by reference the definitions and terms of the Credit Suisse Settlement Agreement (Dkt. #521-1), and all capitalized terms used, but not defined herein, shall have the same meanings as set forth in the Credit Suisse Settlement Agreement.

2.     Pursuant to and in full compliance with Rule 23 of the Federal Rules of Civil Procedure, this Court hereby finds and concludes that due and adequate notice was directed to all persons who are members of the Settlement Class who could be identified with reasonable effort, advising them of the Plan of Allocation and of their right to object thereto, and a full and fair opportunity was accorded to all persons and entities who are members of the Settlement Class with respect to the Plan of Allocation.

3.     The Court finds that the Plan of Allocation is fair and reasonable to Settlement Class Members. In particular, the Court finds that the Plan of Allocation treats Settlement Class Members equitably relative to each other because it distributes the Net Settlement Fund to Settlement Class Members, as far as reasonably practicable, in proportion to a reasonable estimation of the value of each Settlement Class Member's claims, taking into account

---

[1]     Plaintiffs are Iowa Public Employees' Retirement System; Los Angeles County Employees Retirement Association; Orange County Employees Retirement System; Sonoma County Employees' Retirement Association; and Torus Capital, LLC.

1

salient legal and financial features of the Stock Loan Transactions underlying the claims.

4.      While one objection was filed with respect to the Credit Suisse Settlement Agreement, docket entry 678, the objector did not oppose the Plan of Allocation, specifically.  Any argument challenging the Plan of Allocation was thus waived.  In any event, the Court would have overruled the objection even if re-stated as a challenge to the Plan of Allocation, and in the alternative does so here.  The Plan of Allocation treats Settlement Class Members fairly and reasonably.

5.      Accordingly, this Court finds and concludes that the Plan of Allocation for the Credit Suisse Settlement, as set forth in the Notice, is, in all respects, fair and reasonable, and the Court approves the Plan of Allocation.

6.      The Court's consideration and approval of the Plan of Allocation for the Credit Suisse Settlement Agreement is independent of the Court's consideration and approval of any settlement, the Plan of Allocation for the New Settlement Agreement, the fee awards, the expense awards, and the service awards.  Any appeal or challenge affecting this Court's approval regarding the Court's approval of the Plan of Allocation for the Credit Suisse Settlement Agreement shall in no way disturb or affect the finality of the final judgments entered with respect to the Settlements, the Plan of Allocation for the New Settlement Agreement, the fee awards, the expense awards, or the service awards.

DATED: September 11, 2024
       New York, New York

_____
The Honorable Katherine Polk Failla
United States District Judge