UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IOWA PUBLIC EMPLOYEES' RETIREMENT SYSTEM; LOS ANGELES COUNTY EMPLOYEES RETIREMENT ASSOCIATION; ORANGE COUNTY EMPLOYEES RETIREMENT SYSTEM; SONOMA COUNTY EMPLOYEES' RETIREMENT ASSOCIATION; and TORUS CAPITAL, LLC, *on behalf of themselves and all others similarly situated*,<br><br>Plaintiffs,<br><br>v.<br><br>MERRILL LYNCH, PIERCE, FENNER & SMITH INCORPORATED; MERRILL LYNCH L.P. HOLDINGS, INC.; MERRILL LYNCH PROFESSIONAL CLEARING CORP.; CREDIT SUISSE AG; CREDIT SUISSE SECURITIES (USA) LLC; CREDIT SUISSE FIRST BOSTON NEXT FUND, INC.; CREDIT SUISSE PRIME SECURITIES SERVICES (USA) LLC; GOLDMAN, SACHS & CO. LLC; GOLDMAN SACHS EXECUTION & CLEARING, L.P.; J.P. MORGAN SECURITIES LLC; J.P. MORGAN PRIME, INC.; J.P. MORGAN STRATEGIC SECURITIES LENDING CORP.; J.P. MORGAN CHASE BANK, N.A.; MORGAN STANLEY & CO. LLC; MORGAN STANLEY DISTRIBUTION, INC.; PRIME DEALER SERVICES CORP.; STRATEGIC INVESTMENTS I INC.; UBS AG; UBS AMERICAS INC.; UBS SECURITIES LLC; UBS FINANCIAL SERVICES INC.; EQUILEND LLC; EQUILEND EUROPE LIMITED; and EQUILEND HOLDINGS LLC,<br><br>Defendants. | No. 17-cv-6221 (KPF-SLC)<br><br><br><br>ORDER AWARDING<br>LITIGATION EXPENSES<br><br><br>Hon. Katherine Polk Failla |

This matter came before the Court for hearing pursuant to Plaintiffs'[1] application for an award of litigation expenses in their Motion for Attorneys' Fees, Litigation Expenses, and Service Awards (Dkt. #671). The Court has considered all papers filed and proceedings held herein and is fully informed of these matters. For good cause shown, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1. This Order incorporates by reference the definitions and terms of the Credit Suisse Settlement Agreement (Dkt. #521-1), the New Settlement Agreement (Dkt. #652-1), and all capitalized terms used, but not defined herein, shall have the same meanings as set forth in the Settlement Agreements.

2. The Court has jurisdiction over the subject matter of the Action, and for purposes of enforcing and administering the Settlement, the Court has jurisdiction over the parties to the action, including members of the Settlement Class.

3. Notice of Plaintiffs' Motion for Attorneys' Fees, Litigation Expenses, and Service Awards was given to potential members of the Settlement Classes in a reasonable manner, and such Notice complies with Rule 23 of the Federal Rules of Civil Procedure, due process requirements, and any other applicable law, as it constituted the best notice practicable under the circumstances, and constituted due and sufficient notice to persons and entities entitled thereto.

4. Members of the Settlement Classes were given the opportunity to object to the Motion for Attorneys' Fees, Litigation Expenses, and Service

---

[1] Plaintiffs are Iowa Public Employees' Retirement System; Los Angeles County Employees Retirement Association; Orange County Employees Retirement System; Sonoma County Employees' Retirement Association; and Torus Capital, LLC.

1

Awards in compliance with Rule 23 of the Federal Rules of Civil Procedure. No objections to the Motion have been made.

5. The Motion for Attorneys' Fees, Litigation Expenses, and Service Awards is granted with respect to litigation expenses as described below.

6. The Court hereby awards litigation expenses equal to $18,845,997.91, which shall be drawn proportionally from each Settlement Fund associated with a Settlement that becomes final. The Court also awards interest on such litigation expenses at the same rate as the earnings in the respective Settlement Funds, accruing from the inception of each of the Settlement Funds. Co-Lead Counsel is authorized to allocate these awards among themselves and with other firms that assisted them in such manner as, in their judgment, reflects the expenses reasonably borne in support of the litigation by each firm.

7. In making this award of litigation expenses to Co-Lead Counsel, the Court has considered and found that:

 (a) The Credit Suisse Settlement created a fund of $81,000,000 in cash, and the New Settlement created a Fund of $499,008,750 in cash, for a total of $580,008,750 in total cash settlements in the Action, and secured valuable non-monetary relief;

 (b) Numerous members of the Settlement Classes who have submitted valid Proof of Claim and Release Forms will benefit from the Settlements achieved by Co-Lead Counsel;

 (c) The expenses sought by Co-Lead Counsel are reasonable and were necessarily incurred;

 (d) Approximately 151,745 copies of the Notice were disseminated to potential members of the Settlement Classes;

2

(e) The Notice indicates that Co-Lead Counsel would move for litigation expenses in an amount not to exceed $23,000,000 plus interest thereon, which is a larger amount than the requested award of litigation expenses of $18,845,997.91;

(f) Public policy concerns favor the award of reasonable litigation expenses and expenses in class action litigation; and

(g) The amount of litigation expenses awarded is appropriate to the specific circumstances of this Action, and consistent with awards in similar cases;

8. This expense award is independent of the Court's consideration of the fairness, reasonability, and adequacy of any of the settlements reached in this Action, and is also independent of the Court's consideration of the Plans of Allocation, fee award, and service awards. Any appeal or challenge affecting this Court's approval regarding the current award of litigation expenses shall in no way disturb or affect the finality of the final judgments entered with respect to the Settlements, the Plans of Allocation, the fee awards, or the service awards.

9. The expense award and interest awarded herein shall constitute a final order and shall be payable to Co-Lead Counsel from the Settlement Funds upon entry of the final judgment related to each Settlement.

10. In the event that one or both Settlements are terminated or do not become Final or the Effective Date does not occur in accordance with the terms of their respective Settlement Agreements, this Order shall be rendered null and void to the extent provided in each respective Agreement and shall be as to that Agreement.

3

SO ORDERED.

DATED: September 11, 2024
          New York, New York

_____
The Honorable Katherine Polk Failla
United States District Judge