UNITED STATES DISTRICT
COURT SOUTHERN DISTRICT OF
NEW YORK

| | |
|---|---|
| IOWA PUBLIC EMPLOYEES' RETIREMENT SYSTEM; LOS ANGELES COUNTY EMPLOYEES RETIREMENT ASSOCIATION; ORANGE COUNTY EMPLOYEES RETIREMENT SYSTEM; SONOMA COUNTY EMPLOYEES' RETIREMENT ASSOCIATION; and TORUS CAPITAL, LLC, *on behalf of themselves and all others similarly situated*,<br><br>    Plaintiffs,<br><br>            v.<br><br>MERRILL LYNCH, PIERCE, FENNER & SMITH INCORPORATED; MERRILL LYNCH L.P. HOLDINGS, INC.; MERRILL LYNCH PROFESSIONAL CLEARING CORP.; CREDIT SUISSE AG; CREDIT SUISSE SECURITIES (USA) LLC; CREDIT SUISSE FIRST BOSTON NEXT FUND, INC.; CREDIT SUISSE PRIME SECURITIES SERVICES (USA) LLC; GOLDMAN, SACHS & CO. LLC; GOLDMAN SACHS EXECUTION & CLEARING, L.P.; J.P. MORGAN SECURITIES LLC; J.P. MORGAN PRIME, INC.; J.P. MORGAN STRATEGIC SECURITIES LENDING CORP.; J.P. MORGAN CHASE BANK, N.A.; MORGAN STANLEY & CO. LLC; MORGAN STANLEY DISTRIBUTION, INC.; PRIME DEALER SERVICES CORP.; STRATEGIC INVESTMENTS I INC.; UBS AG; UBS AMERICAS INC.; UBS SECURITIES LLC; UBS FINANCIAL SERVICES INC.; EQUILEND LLC; EQUILEND EUROPE LIMITED; and EQUILEND HOLDINGS LLC,<br><br>    Defendants. | No. 17-cv-6221 (KPF-SLC)<br><br><br><br>ORDER AWARDING PLAINTIFF SERVICE AWARDS<br><br><br>Hon. Katherine Polk Failla |

This matter came before the Court for hearing pursuant to Plaintiffs'[1] application for Plaintiff service awards in their Motion for Attorneys' Fees, Litigation Expenses, and Service Awards (Dkt. #671).  The Court has considered all papers filed and proceedings held herein and is fully informed of these matters.  For good cause shown, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1.     This Order incorporates by reference the definitions and terms of the Credit Suisse Settlement Agreement (Dkt. #521-1), the New Settlement Agreement (Dkt. #652-1), and all capitalized terms used, but not defined herein, shall have the same meanings as set forth in the Settlement Agreements.

2.     The Court has jurisdiction over the subject matter of the Action, and for purposes of enforcing and administering the Settlement, the Court has jurisdiction over the parties to the action, including members of the Settlement Class.

3.     Notice of Plaintiffs' Motion for Attorneys' Fees, Litigation Expenses, and Service Awards was given to potential members of the Settlement Classes in a reasonable manner, and such Notice complies with Rule 23 of the Federal Rules of Civil Procedure, due process requirements, and any other applicable law, as it constituted the best notice practicable under the circumstances, and constituted due and sufficient notice to persons and entities entitled thereto.

4.     Members of the Settlement Classes were given the opportunity to object to the Motion for Attorneys' Fees, Litigation Expenses, and Service

---

[1]     Plaintiffs are Iowa Public Employees' Retirement System; Los Angeles County Employees Retirement Association; Orange County Employees Retirement System; Sonoma County Employees' Retirement Association; and Torus Capital, LLC.

1

Awards in compliance with Rule 23 of the Federal Rules of Civil Procedure. No objections to the Motion have been made.

5.     The Motion for Attorneys' Fees, Litigation Expenses, and Service Awards is granted with respect to service awards as described below.

6.     The Court hereby approves the payment of service awards in the amount of $100,000 to each of the five named Plaintiffs in this Action (totaling $500,000):  Iowa Public Employees' Retirement System; Los Angeles County Employees Retirement Association; Orange County Employees Retirement System; Sonoma County Employees' Retirement Association; and Torus Capital, LLC.  Of each award, 13.97% shall be drawn from the Credit Suisse Settlement Fund and 86.03% shall be drawn from the New Settlement Fund.  The Court also awards interest on such service awards at the same rate as the earnings in the respective Settlement Funds, accruing from the inception of each of the Settlement Funds.

7.     In making these service awards, the Court has considered and found that:

(a)     The Credit Suisse Settlement created a fund of $81,000,000 in cash, and the New Settlement created a Fund of $499,008,750 in cash, for a total of $580,008,750 in total cash settlements in the Action, and secured valuable non-monetary relief;

(b)     Numerous members of the Settlement Classes who have submitted valid Proof of Claim and Release Forms will benefit from the Settlements achieved by Plaintiffs and Co-Lead Counsel;

(c)     The named Plaintiffs undertook risk in pursuing this suit against investment banks that provide them with essential services;

2

(d)     The named Plaintiffs expended significant time and effort preserving, gathering, and producing substantial volumes of documents, and responding to other discovery; producing key personnel for depositions; and supervising Co-Lead Counsel for nearly seven years;

(e)     The requested service awards are reasonable in light of the risk undertaken by the named Plaintiffs, the efforts they dedicated to pursuing the litigation, and the size of the cash award and the value of the non-monetary relief;

(f)     Adequate Notice was disseminated to potential members of the Settlement Classes;

(g)     The Notice indicates that Co-Lead Counsel would move for service awards in an amount not to exceed $100,000 each, for a total of $500,000, plus interest thereon;

(h)     Public policy concerns favor the award of plaintiff service awards, encouraging class members to participate in class action lawsuits, which are designed to provide a mechanism by which class members who could not efficiently pursue claims on their own can seek redress for their injuries, and treating named plaintiffs, who have undertaken a heavier burden of litigation than other class members, equitably; and

(i)     The amount of service awards paid is appropriate to the specific circumstances of this Action, and consistent with awards in similar cases.

8.     These service awards are independent of the Court's consideration of the fairness, reasonability, and adequacy of any of the settlements reached in

3

this Action, and is also independent of the Court's consideration of the Plans of

Allocation, fee award, and expense awards.  Any appeal or challenge affecting

this Court's approval regarding the current award of service awards shall in no

way disturb or affect the finality of the final judgments entered with respect to

the Settlements, the Plans of Allocation, the fee awards, or the expense awards.

9.    In the event that one or both Settlements are terminated or do not

become Final or the Effective Date does not occur in accordance with the

terms of their respective Settlement Agreements, this Order shall be rendered

null and void to the extent provided in each respective Agreement and shall

be vacated as to that Agreement.


DATED:  September 11, 2024
        New York, New York

_____
The Honorable Katherine Polk Failla
United States District Judge


4