## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IOWA PUBLIC EMPLOYEES' RETIREMENT SYSTEM; LOS ANGELES COUNTY EMPLOYEES RETIREMENT ASSOCIATION; ORANGE COUNTY EMPLOYEES RETIREMENT SYSTEM; SONOMA COUNTY EMPLOYEES' RETIREMENT ASSOCIATION; and TORUS CAPITAL, LLC, *on behalf of themselves and all others similarly situated*,<br><br>Plaintiffs,<br><br>v.<br><br>MERRILL LYNCH, PIERCE, FENNER & SMITH INC.; MERRILL LYNCH L.P. HOLDINGS, INC.; and MERRILL LYNCH PROFESSIONAL CLEARING CORP.,<br><br>Defendants. | Case No. 17-cv-6221 (KPF) (SLC) |

## ORDER APPROVING FORM AND MANNER OF CLASS NOTICE

WHEREAS, on December 6, 2024, the Court certified, pursuant to Federal Rule of Civil Procedure, a nationwide class consisting of all persons and entities who, directly or through an agent, entered into at least 100 U.S. Stock Loan Transactions as a borrower from the prime brokerage businesses of the U.S.-based entities of the Prime Broker Defendants, or at least 100 U.S. Stock Loan Transactions as a lender of Hard-to-Borrow stock to the U.S.-based entities of the Prime Broker Defendants, from January 1, 2012 until November 17, 2017, excluding Defendants, as well as Citadel LLC, Two Sigma Investments, PDT Partners, Renaissance Technologies LLC, TGS Management, Voloridge Investment Management, and the D.E. Shaw Group and their corporate parents, subsidiaries, and wholly owned affiliates, as well as any federal governmental entity, any judicial officer presiding over this action, and any juror assigned to this action;

WHEREAS, the Court has appointed Quinn Emanuel Urquhart & Sullivan, LLP, and Cohen Milstein Sellers & Toll PLLC as class counsel;

WHEREAS, pursuant to Federal Rule of Civil Procedure 23(c), class counsel has moved the Court for an Order approving the proposed form and content of the notices to be disseminated to the Class, as well as the proposed manner for disseminating notices;

WHEREAS, the Court has reviewed the proposed notices submitted by class counsel, as well as the accompanying letter-motion and supporting declaration and exhibits setting forth the form and manner of notice and has found good cause for entering the following Order;

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1. The Court approves the form and contents of the short-form and long-form Notices (collectively, the "Notices") attached as exhibits to Plaintiffs' letter-motion.

2. The proposed form and content of the Notices meet the requirements of Federal Rule of Civil Procedure 23(c)(2)(B) because they "clearly and concisely state in plain, easily understood language: (i) the nature of the action; (ii) the definition of the class certified; (iii) the class claims, issues, or defenses; (iv) that a class member may enter an appearance through an attorney if the member so desires; (v) that the court will exclude from the class any member who requests exclusion; (vi) the time and manner for requesting exclusion; and (vii) the binding effect of a class judgment on members under Rule 23(c)(3)." The form and content of the Notices, as well as the manner of dissemination described below, therefore meet the requirements of Rule 23 and due process, constitute the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all persons and entities entitled thereto.

3. The Court approves the retention of Epiq/Hilsoft Notifications ("Epiq") as the Notice Administrator.

4. Within 30 days of the entry of this Order (the "Notice Date"), Epiq shall cause the long-form notice, substantially in the form attached as Exhibit A to the letter-motion, to be mailed, by first-class mail, postage prepaid, to all identified potential Class Members. Around that time, Epiq shall also commence the supplemental notice processes set forth in the Azari Declaration, including without limitation running digital and print advertising programs, and establishing an automated toll-free number that Class Members may call to obtain information about the litigation.

5. Class Members will be legally bound by all Court orders and judgments made in this class action with respect to the certified claims asserted by Plaintiffs in this lawsuit and will not be able to maintain a separate lawsuit against the Merrill Lynch Defendants for the same certified legal claims that are the subject of this lawsuit.

6. Class Members who wish to be excluded from the Class must send a letter to Epiq requesting exclusion from the Merrill Lynch-related Class in *Iowa Public Employees' Retirement System v. Bank of America Corp.*, with their name, address, telephone number, and documentation sufficient to prove membership in the Class. The exclusion request must be received no later than sixty (60) days after the Notice Date (the "Exclusion Date").

7. Within 30 days of the Exclusion Date, Class Counsel will provide a status report regarding the receipt of exclusion requests to the Court and Defendants.

8. This Order may be modified by the Court upon motion by either or both parties, for good cause shown.

SO ORDERED.

Dated: April 10, 2025
      New York, New York

_____
The Hon. Katherine Polk Failla
UNITED STATES DISTRICT JUDGE