**quinn emanuel** trial lawyers | new york
295 5th Avenue, 9th Floor, New York, New York 10016 |
TEL (212) 849-7000 FAX (212) 849-7100

COHEN MILSTEIN

Daniel L. Brockett
(212) 849-7345
danbrockett@quinnemanuel.com

Michael B. Eisenkraft
(212) 838-0177
meisenkraft@cohenmilstein.com

July 22, 2025

**MEMO ENDORSED**

**VIA ECF**

The Hon. Katherine Polk Failla
United States District Court, Southern District of New York
40 Foley Square, Room 2101
New York, NY 10007

Re:   Response to July 17, 2025 Letter
      *Iowa Pub. Emps.' Ret. Sys. et al. v. Bank of Am. Corp. et al.*, No. 17-cv-6221 (KPF)

Dear Judge Failla,

      We write in response to the July 17, 2025, request for an order providing an end-date to the provision of "necessary information" to class members. In short, while we share the desire for the distribution to take place as soon as possible, there is no need for an "order to show cause."

      As previously explained in responding to Mr. Fischbarg's purported "objection" to the Settlements, Co-Lead Counsel worked with Defendants to create a process through which class members could formally request assistance in obtaining data to fill out the claim forms. Dkt. 681 at 4-5. Given the length of the class period and the extent of the data, the process turned out to be time intensive, but ultimately redounded to the benefit of class members as a whole. While some assistance is still now being provided, that is not what is currently driving the distribution calendar.

      Rather, the work is now on the shoulders of the Settlement Administrator, as there are of course many steps that go into a distribution of this size and complexity beyond merely class members getting their data. For example, the Settlement Administrator must complete the processing, importing, and review of claim forms; complete outreach to filers to resolve any remaining errors; manage defect notices and responses; and carry out final reviews and audits prior to distribution.

      Thus, while creating, maintaining, and executing the data-assistance process took significant time and effort, and is part of why a distribution has not been completed already, there is nothing currently Co-Lead Counsel believes is necessary to "compel" Defendants—who we believe have worked in good faith and at their own expense—to do to keep things moving forward towards a distribution. We instead propose to provide a status update to the Court by December 15, 2025, with the hope of a distribution in early 2026.

      Relatedly, we understand that some potential class members have been trying to get data on their own, hoping that Co-Lead Counsel will use discretion to accept such (very) late-filed claims. *See generally* Dkt. 662-5 ¶ 34 (granting counsel discretion). We do not believe that clients undertaking such self-help efforts, or the resulting late filings, have so far materially delayed the distribution, given the other process that were also ongoing. But we do think it is time to end the distractions. Accordingly, absent Court objection, we intend to have the Settlement Administrator make clear, including with a statement on the settlement website, that we will no longer be exercising our discretion to accept late or amended claims, absent unique situations that extend beyond a mere inability to get the necessary data.

      We remain available should the Court have any further concerns, on this or anything else.

Dated: July 22, 2025

Respectfully submitted,

| /s/ Michael B. Eisenkraft | /s/ Daniel L. Brockett |
|---|---|
| Michael B. Eisenkraft | Daniel L. Brockett |
| Co-Lead Counsel for Plaintiffs | Co-Lead Counsel for Plaintiffs |

```
The Court has reviewed the letter submitted by claimant EMHA
Trading LLC, and Plaintiffs' above response.  The Court shares the
desire for prompt distribution.  However, based on Plaintiffs'
representation, the Court believes Defendants are working toward
such a distribution in good faith.  Accordingly, the Court directs
the parties to provide a status update on or before December 15,
2025.

The Court does not object to the Settlement Administrator making
a statement regarding a prohibition on late or amended claims,
absent unique circumstances.

The Clerk of Court is directed to terminate the pending motion at
docket entry 732.

Dated:    July 23, 2025              SO ORDERED.
          New York, New York
```

*[Signature: Katherine Polk Failla]*

HON. KATHERINE POLK FAILLA
UNITED STATES DISTRICT JUDGE