**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

IOWA PUBLIC EMPLOYEES' RETIREMENT SYSTEM; LOS ANGELES COUNTY EMPLOYEES RETIREMENT ASSOCIATION; ORANGE COUNTY EMPLOYEES RETIREMENT SYSTEM; SONOMA COUNTY EMPLOYEES' RETIREMENT ASSOCIATION; and TORUS CAPITAL, LLC, on behalf of themselves and all others similarly situated,

*Plaintiffs*,

v.

BANK OF AMERICA CORPORATION, *et al.*

*Defendants*.

No. 17-cv-6221 (KPF-SLC)

ORDER APPROVING FIRST DISTRIBUTION OF NET SETTLEMENT FUNDS

Hon. Katherine Polk Failla

This matter came before the Court for hearing pursuant to Plaintiffs'[1] Motion for First Distribution of Net Settlement Funds (the "Motion") (ECF No. 776). The Court has considered all papers filed and proceedings held herein and is fully informed of these matters. For good cause shown, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1. The Motion is GRANTED.

2. This Order incorporates by reference the definitions and terms of the Credit Suisse Settlement Agreement (ECF No. 521-1), the New Settlement Agreement (ECF No. 652-1), and all capitalized terms used, but not defined herein, shall have the same meanings as set forth in the Settlement Agreements.

3. On September 11, 2024, the Court entered the Final Judgment and Order of Dismissal Regarding the Credit Suisse Defendants (ECF No. 683) and the Final Judgment and Order of Dismissal Regarding the Newly Settling Defendants (ECF No. 684), certifying the Settlement Classes for settlement purposes and approving the Settlements. On the same date, the Court entered Orders Approving the Plan of Allocation for the New Settlement Agreement (ECF No. 685) and the Plan of Allocation for the Credit Suisse Settlement Agreement (ECF No. 686).

4. Epiq Class Action and Claims Solutions, Inc. ("Epiq" or the "Settlement Administrator") was appointed to administer the Settlements, process Proofs of Claim, calculate Credited Claim Values, determine claim eligibility, and oversee distribution of the Net Settlement Funds to Authorized Claimants subject to the supervision of the Court and Co-Lead Counsel.

---

[1] Plaintiffs are Iowa Public Employees' Retirement System; Los Angeles County Employees Retirement Association; Orange County Employees Retirement System; Sonoma County Employees' Retirement Association; and Torus Capital, LLC.

5. The Settlement Administrator's administrative determinations accepting, accepting in part, and rejecting Proofs of Claim, including the Late But Otherwise Eligible Claims, are APPROVED as set forth in the supporting declarations and exhibits submitted with the Motion.

6. The Distribution Plan described in the Motion and supporting declarations is APPROVED as fair, reasonable, and adequate, and consistent with the Settlement Agreements and the Court-approved Plans of Allocation. This includes provisions for Alternative Minimum Payments in the amounts and manner described in the supporting declarations and exhibits and the Court-approved Plans of Allocation. Unless otherwise ordered by the Court or determined by the Settlement Administrator in consultation with Class Counsel consistent with the Plans of Allocation, Authorized Claimants receiving Alternative Minimum Payments may be excluded from subsequent distributions.

7. The Escrow Agent, the Settlement Administrator, and any other necessary agents or professionals are authorized and directed to take all steps reasonably necessary to implement the Distribution Plan.

8. The Escrow Agent is authorized and directed, within the timeframe set forth in the supporting declarations or as otherwise practicable, to transfer $471,940,117.90 of the Net Settlement Funds to an account maintained by the Settlement Administrator for distribution to Authorized Claimants. The Settlement Administrator is authorized and directed to distribute those funds to Authorized Claimants in accordance with the Distribution Plan and the Plans of Allocation. For administrative efficiency, an Authorized Claimant's awards under the Credit Suisse Settlement and the New Settlement may be combined into a single payment where appropriate.

9. The remaining approximately 5% of the Net Settlement Funds shall be held in reserve to address contingencies, any claim-specific issues or adjustments authorized by this Order or any further order of the Court, taxes, escrow fees, administration expenses, undeliverable or uncashed payments, and one or more subsequent distributions.

10. Distribution checks shall bear the following notation or substantially similar language: “DEPOSIT PROMPTLY. VOID AND SUBJECT TO RE-DISTRIBUTION IF NOT NEGOTIATED WITHIN 90 DAYS OF ISSUE DATE.” Authorized Claimants who do not negotiate their Initial Distribution checks within the period stated on the check shall forfeit any recovery represented by that check, and those funds shall remain available for redistribution to other Authorized Claimants or other disposition consistent with this Order, the Settlement Agreements, the Plans of Allocation, and further order of the Court.

11. The Settlement Administrator may make reasonable efforts to locate Authorized Claimants whose payments are returned as undeliverable or otherwise require reissuance, and may reissue payments where doing so is administratively feasible and consistent with the timing and procedures set forth in the Distribution Plan. The Settlement Administrator shall have no obligation to reissue any payment after the applicable void date except as otherwise authorized by Co-Lead Counsel or the Court.

12. Class Counsel will propose distribution of the remainder of the Net Settlement Funds by motion to the Court at an appropriate later date, taking into account the results of the First Distribution, efforts to locate and reissue checks to claimants who failed to deposit funds, and the progress of the residual litigation against Bank of America.

13. At minimum, Class Counsel will report to the Court on the results of the First Distribution and plans for further distribution no later than 180 days from the date of this Order.

14. No new Proofs of Claim, late claims, deficiency cures, or further adjustments shall be accepted after September 14, 2026, except by further order of the Court.

15. The Settlement Administrator is authorized to make an Alternative Minimum Payment to the lone Settlement Class Member disputing the Settlement Administrator's determination, holding claim number 684. This claimant may amend his claim within 30 days of this Order, and Class Counsel may extend this deadline at its discretion, provided that extensions do not interfere with any subsequent distributions. If the claimant's amended claim would entitle him to more than Alternative Minimum Payments, the excess may be paid from subsequent distributions, provided that payments for excess will under no circumstances exceed the amounts remaining in either Net Settlement Fund. Class Counsel may at their option seek additional data or assistance from the relevant Defendant bank by informal letter motion, to which the relevant Defendant may respond by letter within five business days.

16. All persons involved in the administration, review, verification, calculation, tabulation, taxation, escrow, transfer, or distribution of the Net Settlement Funds are authorized to rely on this Order and shall be protected in accordance with it.

17. The Court retains continuing jurisdiction over the implementation, administration, and enforcement of the Settlement Agreements, the Plans of Allocation, the Distribution Plan, this Order, and all matters relating to the distribution of the Net Settlement Funds.

The Court thanks Plaintiffs for their diligent efforts towards distribution. Plaintiffs are directed to file a status report to the Court on the results of the First Distribution and plans for further distribution on or before **May 5, 2027.**

The Clerk of Court is directed to terminate the motion at docket entry 776.

Dated: November 5, 2026
New York, New York

SO ORDERED.

Katherine Polk Failla

HON. KATHERINE POLK FAILLA
UNITED STATES DISTRICT JUDGE